# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and on behalf of all others
similarly situated,                                    Case No. 21-cv-11404-TLL-PTM

       Plaintiffs,                                Honorable Thomas L. Ludington

v.

OUTDOOR SPORTSMAN GROUP, INC.,

       Defendant.

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT

Defendant, Outdoor Sportsman Group, Inc. respectfully moves this Court for an order dismissing Plaintiffs' Complaint as time-barred, with prejudice. Plaintiffs' claim for invasion of privacy in violation of the Michigan Video Rental Privacy Act—as well as those claims alleged on behalf of the putative class members—are time-barred under the applicable three-year statute of limitations, MCL § 600.5805(2). Alternatively, if Plaintiffs have not alleged a "personal injury" such that § 600.5085(2) does not apply, then the case should be dismissed for lack of Article III standing. Defendant incorporates its brief in support of this Motion.

1

Defendant's counsel certifies that on November 17, 2021, they communicated in writing to Plaintiff's counsel, explaining the nature of the relief sought in this Motion, and seeking concurrence in that relief. Plaintiff's counsel stated that they would oppose this Motion.

Dated: November 24, 2021

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Jennifer J. Stocker*
Jennifer J. Stocker (P60625)
Anthony C. Sallah (P84136)
171 Monroe Ave NW, Suite 1000
Grand Rapids, MI 49503
Tel: 616.742.3930
jstocker@btlaw.com
asallah@btlaw.com

Todd G. Vare
11 S. Meridian St.
Indianapolis, IN 46204
Tel: 317.231.7735
todd.vare@btlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and on behalf of all others
similarly situated,                              Case No. 21-cv-11404-TLL-PTM

       Plaintiffs,                              Honorable Thomas L. Ludington

v.

OUTDOOR SPORTSMAN GROUP, INC.,

       Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Jennifer J. Stocker (P60625)
Anthony C. Sallah (P84136)
171 Monroe Ave NW, Suite 1000
Grand Rapids, MI 49503
Tel: 616.742.3930
jstocker@btlaw.com
asallah@btlaw.com

Todd G. Vare
11 S. Meridian St.
Indianapolis, IN 46204
Tel: 317.231.7735
todd.vare@btlaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................3

II.   RELEVANT FACTS.....................................................................4

III.  PLAINTIFFS' CLAIMS ARE TIME-BARRED ...........................................5

     A.   Plaintiffs' purported class action complaint alleges personal invasion of privacy injuries arising under the VRPA ...............................................5

          1.   The three-year statute of limitations under MCL § 600.5805(2) governs all actions for injury to a person, including invasion of privacy claims .............................................................5

          2.   Michigan's VRPA protects individuals' privacy rights and thus parallels traditional tort claims for invasion of privacy..............7

     B.   Plaintiffs clearly allege personal injury.............................................12

     C.   Plaintiffs' counsel has admitted that claims under the VRPA are governed by the three-year statute of limitations, consistent with other Courts' decisions .................................................................14

     D.   Plaintiffs' claims are barred by the applicable three-year statute of limitations for injury to a person based on alleged invasion of privacy ...........................................................................16

     E.   The fact that the VRPA is a statute does not change the analysis ......16

IV.  ALTERNATIVELY, THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS LACK ARTICLE III STANDING.........................................18

V.   CONCLUSION...............................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Arent v. Hatch*,
   133 Mich. App. 700, 349 N.W.2d 536 (1984)..................................................2, 7

*Boelter v. Advance Mag. Publishers Inc.*,
   210 F. Supp. 3d 579 (S.D.N.Y. 2016) ..........................................................11, 16

*Boelter v. Hearst Communications, Inc.*,
   269 F. Supp. 3d 172 (S.D.N.Y. 2017) ...............................................................15

*Cooper v. Team Wellness (Mental Health) Services Supervisor*,
   18-1162, 2018 WL 7360647 (6th Cir. Oct. 11, 2018) .........................................7

*Coulter-Owens v. Time Inc.*,
   695 F. App'x 117 (6th Cir. 2017) ......................................................................11

*Derderian v. Genesys Health Care Sys.*,
   263 Mich. App. 364, 689 N.W.2d 145 (2004)..................................................2, 7

*DiPonio Construction Co., Inc. v. Rosati Masonry Co., Inc.*,
   246 Mich. App. 43, 631 N.W.2d 59 (2001).......................................................17

*Edwards v. Hearst Communications, Inc.*,
   No. 15-cv-9279, 2016 WL 6651563 (S.D.N.Y. Nov. 9, 2016) ..........................15

*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) .............................................................................10

*Garden City Osteopathic Hosp. v. Hbe Corp.*,
   55 F.3d 1126 (6th Cir. 1995) ...............................................................................6

*Garg v. Macomb Cty. Cmty. Mental Health Servs.*,
   472 Mich. 263, 696 N.W.2d 646 (2005)............................................................17

*Green v. Lansing Automakers Fed. Credit Union*,
   No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019) .............2, 7, 17

*Halaburda v. Bauer Pub. Co., LP*,
   No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ....................8

*Halaburda v. Bauer Publ'g Co., LP*,
    No. 12-CV-12831, 2013 WL 12246914 (E.D. Mich. Dec. 23,
    2013) ......................................................................................................11

*Herrin v. Dunham*,
    481 F.Supp. 2d 854 (E.D. Mich. 2007) ...............................................5

*Huhtala v. Travelers Ins. Co.*,
    257 N.W.2d 640 (1977) .......................................................................6

*Lin v. Crain Commc'ns, Inc.*,
    No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020).......................8, 11

*Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*,
    449 Mich. 322, 535 N.W.2d 187 (Mich. 1995)..........................2, 5, 6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)............................................................................18

*Magee v. Daimler Chrysler Corp.*,
    472 Mich. 108 (2005) ........................................................................17

*Markham et al. v. National Geographic Partners, LLC*,
    No. 1:19-cv-00232 (W.D. Mich.) .......................................................15

*Marks v. Hulstrom*,
    No. 294453, 2010 WL 2134303 (Mich. Ct. App. May 27, 2010).....................17

*McCree v. Cont'l Mgmt., LLC*,
    No. 351171, 2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021).................2, 17

*Mcintyre v. Ogemaw County Bd. of Commissioners*,
    15-CV-12214, 2016 WL 4917537 (E.D. Mich. Sept. 15, 2016) .........................7

*Miller-Davis Co. v. Ahrens Constr., Inc.*,
    489 Mich. 355, 802 N.W.2d 33 (Mich. 2011) ..........................2, 6, 17

*Moeller v. Am. Media, Inc.*,
    235 F. Supp. 3d 868 (E.D. Mich. 2017) .............................................11

*National Sand, Inc. v. Nagel Construction, Inc.*,
    182 Mich. App. 327, 451 N.W.2d 618 (1990)....................................16

*Perlin v. Time Inc.*,
    237 F. Supp. 3d 623 (E.D. Mich. 2017) ............................................................11

*Perry v. Cable News Network, Inc.*,
    854 F.3d 1336 (11th Cir. 2017) ............................................................9

*Rentola v. Dow Jones & Co., Inc.*,
    No. 4:20-cv-11589-SDD-EAS............................................................14

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)............................................................19

*TransUnion LLC v. Ramirez*,
    141 S.Ct. 2190 (2021)............................................................*passim*

*United States Dep't of Justice v. Reporters Comm. for Freedom of the*
    *Press*,
    489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) ....................................8

*In re Vizio, Inc. Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017)............................................................9, 10

*Ward v. Natl. Patient Account Services Sols., Inc.*,
    20-5902, --F.4th--, 2021 WL 3616067 (6th Cir. Aug. 16, 2021) ........................8

*Yershov v. Gannet Satellite Info. Network, Inc.*,
    204 F. Supp. 3d 353 (D. Mass. 2016)............................................................10

**Statutes**

MCL § 600.2940(1) ............................................................17

MCL § 600.5805............................................................*passim*

MCL § 600.5807............................................................6

MCL § 600.5813............................................................6, 14

Michigan Civil Rights Act, MCL §§37.2101 *et seq.*............................................................17

Michigan's Video Rental Privacy Act (VRPA), MCL §§ 445.1711, *et.*
    *seq.*............................................................*passim*

**Other Authorities**

U.S. CONST. art. III, § 2 ...........................................................................................18

## STATEMENT OF ISSUES PRESENTED

The issues presented by this Motion are whether Plaintiffs' claims under the Michigan Video Rental Privacy Act ("VRPA") are time barred by the three-year statute of limitations in MCL § 600.5805(2); or, alternatively, whether Plaintiffs lack Article III standing to bring this class action suit.

## STATEMENT OF MOST CONTROLLING AUTHORITY

The controlling authority for this Motion includes:

1. MCL § 600.5805(2)

2. *Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 449 Mich. 322, 535 N.W.2d 187 (Mich. 1995)

3. *Miller-Davis Co. v. Ahrens Constr., Inc.*, 489 Mich. 355, 802 N.W.2d 33 (Mich. 2011)

4. *Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019)

5. *Derderian v. Genesys Health Care Sys.*, 263 Mich. App. 364, 689 N.W.2d 145 (2004)

6. *Arent v. Hatch*, 133 Mich. App. 700, 349 N.W.2d 536 (1984)

7. *McCree v. Cont'l Mgmt., LLC*, No. 351171, 2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021)

8. *Lin v. Crain Commc'ns, Inc.*, No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020)

9. *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)

## I.    INTRODUCTION

Plaintiffs allege, on behalf of themselves and a purported class, injury from invasion of privacy, based on the alleged disclosure of their "Private Reading Information" by Defendant, KSE Sportsman Media Inc. d/b/a Outdoor Sportsman Group ("OSG").[1] Plaintiffs assert a single cause of action for alleged violation of the pre-July 30, 2016 version of the Michigan's Video Rental Privacy Act ("VRPA"), MCL §§ 445.1711, *et. seq*.

Plaintiffs' claims are, however, barred by the three-year statute of limitations in MCL § 600.5805(2), which applies to *all* actions for injury to a person, like Plaintiffs' claim here. Plaintiffs' counsel has expressly admitted that § 600.5805(2)'s three-year limitations period applies to VRPA claims. The statute's legislative history and multiple judicial decisions support that correct conclusion.[2] Plaintiffs' claim (assuming one exists) for alleged violations of the pre-July 30, 2016

---

[1] Plaintiffs wrongly sued "Outdoor Sportsman Group, Inc." as the Defendant in this Action. That entity does not exist. Accordingly, this Motion is brought by the correct entity, KSE Sportsman Media Inc. d/b/a Outdoor Sportsman Group (hereinafter, "OSG").

[2] MCL § 600.5805 has been amended several times over the years, most recently in 2018. *See* 2018 Mich. Legis. Serv. P.A. 183 (S.B. 872). The three-year statute of limitations for injuries to person or property currently found at MCL § 600.5805(2) has not materially changed, but was previously set forth in subpart 10 (MCL §600.6805(10)), and prior to that, in subparts 8 and 7 (§600.6805(8), §600.6805(7)). This Motion will refer to the current version of §600.6805(2).

VRPA, expired on July 30, 2019. Plaintiffs' Complaint, brought in 2021, is time-barred and should be dismissed with prejudice.

Alternatively, if the Court decides that Plaintiffs have not suffered a personal injury such that the three-year statute of limitations does not apply, then Plaintiffs lack Article III standing. Plaintiffs cannot have it both ways: either they have asserted a claim closely analogous to the common law tort for invasion of privacy, making § 600.5805(2) apply, or they allege purely statutory violations without any common law analog, precluding their ability to establish standing. Either way, their Complaint should be dismissed.

## II.    RELEVANT FACTS

The original version of Michigan's VRPA did not authorize civil penalties for its violation. *See* 1988 Mich. Pub. Act. 378. In 1989, the Michigan legislature amended the VRPA to permit recovery of "[a]ctual damages … or $5,000.00, whichever is greater." 1989 Mich. Pub. Act. No. 206 (codified at MCL § 445.1715(2)(a) until amended by 2016 Mich. Pub. Act No. 92). The Michigan Legislature amended the VRPA again, effective July 31, 2016, to eliminate the statutory $5,000 penalty and require that plaintiffs must prove "actual damages" to recover under the Act. *See* 2016 Mich. Pub. Act No. 92 (codified at MCL §§ 445.1715(2)(a)-(b)).

4

To seek the $5,000 statutory penalty, meet the aggregate amount necessary for federal jurisdiction, and avoid the obligation to plead and prove each person's "actual damages," Plaintiffs bring their claim under the 1989 version of the VRPA, which ceased to exist as of July 31, 2016. *See* Compl. at ¶¶ 1 (at n.2), 30, 61, 70-72. That means Plaintiffs' VRPA claim is based solely on alleged violations occurring *prior to* July 31, 2016. *Id.* at ¶ 73 (Defendants' alleged disclosures of private reading information "during the relevant pre-July 30, 2016 time period" violated Plaintiffs' purported "right to privacy in their reading habits").

## III.   PLAINTIFFS' CLAIMS ARE TIME-BARRED

### A.   Plaintiffs' purported class action complaint alleges personal invasion of privacy injuries arising under the VRPA

#### 1.   The three-year statute of limitations under MCL § 600.5805(2) governs all actions for injury to a person, including invasion of privacy claims

MCL § 600.5805 plainly states "[a] person *shall not bring* or maintain an action to recover damages *for injuries to persons* or property unless … the action is commenced within the periods of time prescribed by this section." MCL § 600.5805(1) (emphasis added). MCL § 600.5805(2) then provides that "[e]xcept as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury *for all actions* to recover damages for the death of a person or *for injury to a person* or property." *Id.* (emphasis supplied); *See also Loc. 1064, RWDSU AFL-CIO v. Ernst & Young*, 535 N.W.2d 187, 189 (Mich. 1995); *Herrin v.*

5

*Dunham*, 481 F.Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983—"[i]n Michigan, one statute of limitations applies to all personal injury claims."). Accordingly, in Michigan, all claims for injury to a person must be brought within three years.[3]

To determine whether § 600.5805(2) applies, courts examine the "nature and origin" of the claim, and the type of interest allegedly harmed. *Garden City Osteophathic Hosp. v. Hbe Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) ("do not look to the type of damages, but rather to the source of damages"). If the asserted claim alleges an injury to person, and in particular where a claim mirrors a claim traditionally recognized in tort, then the claims are subject to the three-year limitations period. As the Michigan Supreme Court recently explained:

> [I]f an action is founded on a "consensual" duty or obligation or the breach of an "express promise," the action is not for personal injury. It is an action to recover damages for breach of contract and is governed by the six-year statute of limitations in MCL 600.5807. By contrast, when an action is founded on a "nonconsensual" duty or one "imposed by law," the action is generally governed by the three-year statute of limitations in MCL 600.5805.

*Miller-Davis*, 802 N.W.2d at 38-39; *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 644 (1977) ("where the nature and origin of an action to recover damages for injury

---

[3] By contrast, an action for breach of contract is governed by MCL § 600.5807. Finally, MCL § 600.5813—the section on which Plaintiffs apparently rely—only applies if *neither* Section § 600.5805 nor Section § 600.5807 applies. *Local 1064, RWDSU AFL-CIO*, 449 Mich. at 327-28 ("Section 5805 is a more specific statute of limitations than § 5813 and therefore controls if applicable to this action.").

to persons or property is a duty imposed by law," the three-year statute of limitations in Section 600.5805 applies).

Applying this analysis, courts routinely apply the three-year statute of limitations in cases alleging invasions of privacy. *See Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108, at *4 (Mich. Ct. App. Aug. 13, 2019) (applying the three-year limitation period to invasion of privacy, unlawful intrusion claim); *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145, 159 (Mich. Ct. App. 2004) (applying the three-year limitations period to false-light invasion of privacy claim); *Arent v. Hatch*, 133 Mich. App. 700, 705, 349 N.W.2d 536, 539 (1984) (applying the three-year limitations period to invasion of privacy claim). See also *Cooper v. Team Wellness (Mental Health) Services Supervisor*, 18-1162, 2018 WL 7360647, at *2 (6th Cir. Oct. 11, 2018) ("The statute of limitations for the invasion of privacy and fraud in Michigan is three years. Mich. Comp. Laws Ann. § 600.5805(2)"); *McIntyre v. Ogemaw County Bd. of Commissioners*, 15-CV-12214, 2016 WL 4917537, at *3 (E.D. Mich. Sept. 15, 2016) (applying three-year statute of limitations to common law privacy claim).

### 2. Michigan's VRPA protects individuals' privacy rights and thus parallels traditional tort claims for invasion of privacy

VRPA "was created by [the Michigan] legislature to protect individual consumers from certain disclosures of their personal information." *Halaburda v. Bauer Pub. Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug.

7

6, 2013). This purpose clearly sounds in tort: "[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 763, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989); see also *Ward v. Natl. Patient Account Services Sols., Inc.*, 20-5902, --F.4th--, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) ("Had Ward claimed, for example, that NPAS, Inc. improperly shared personal information with a third party, … then Ward's alleged harm would more closely resemble an invasion of privacy.")

Michigan enacted the VRPA to address concerns related to an "unwarranted invasion of privacy." *Lin v. Crain Commc'ns, Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020) (quoting *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989, attached to Compl., Ex. B); see also 1988 Mich. Pub. Act No. 378 (VRPA is "[a]n act to *preserve personal privacy* with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act.") (emphasis supplied).

The provision allowing a civil, monetary recovery was added in 1989 so that "those harmed by illegal disclosures could obtain some recompense"[4] and provided "the right to collect damages for harm done when details on a person's rentals or purchases are disclosed."[5] Accordingly, a civil action under the 1989 amendment to the VRPA—such as Plaintiffs' claims in this action—is plainly an action for injury to a person because it seeks to recover "for harm done" to the person from the disclosure of purportedly private information. *Ibid.*; *see also, e.g.*, Compl., ¶ 48 (Plaintiffs' claim is based on the allegation that "OSG disclosed its customers' Private Reading Information – including their reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'"); *id.*, ¶¶ 7, 15-21 (describing the purported injury to personal privacy that is the asserted basis of Plaintiffs' claim).

As Plaintiffs recognize, the Michigan VPRA is congruent with the federal VPPA. See Compl., ¶¶ 15-21 & Exhibit B thereto. Numerous courts have held that this similar federal statute codifies a common law right to privacy.[6] The Senate

---

[4] *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 4694, May 11, 1989, found at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/House/pdf/1989-HLA-4694-A.pdf.

[5] *Privacy: Sales, Rentals of Videos, etc.*, Senate Fiscal Agency, Bill Analysis, H.B. No. 4694, Nov. 10, 1989, found at http://www.legislature.mi.gov/documents/1989-1990/billanalysis/Senate/pdf/1989-SFA-4694-A.pdf.

[6] *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1340-41 (11th Cir. 2017) ("the VPPA's creation of a cause of action for this type of an invasion of privacy 'has a

Report cited in Plaintiffs' Complaint provides that the purpose of VPPA is "[t]o preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S.Rep. No. 100–599, at 1 (1988), *reprinted in* 1988 U.S.C.C.A.N. 4342–1, 4342–1; see also *id*. ("This bill will give specific meaning to the right of privacy, as it affects individuals in their daily lives."). Senator Simon's statement, which Plaintiffs specifically cite, provides:

> [A]s we continue to move ahead, we must protect time honored values that are so central to this society, particularly our right to privacy. The advent of the computer means … that we have the ability to be more intrusive than ever before. Every day Americans are forced to provide to businesses and others personal information without having any control over where that information goes.

*Id*. at S5401.

Like the federal VPPA, Michigan's VRPA protects consumers' right to privacy, such that a claim for violation of the VRPA alleges an injury to a person

---

close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts.'") (quoting *Spokeo*); *Eichenberger v. ESPN, Inc*., 876 F.3d 979, 982-84 (9th Cir. 2017) ("although the FCRA outlines procedural obligations that sometimes protect individual interests, the VPPA identifies a substantive right to privacy that suffers any time a video service provider discloses otherwise private information."); *In re Vizio, Inc. Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1215-17 (C.D. Cal. 2017)(" Plaintiffs' VPPA claims are even more deeply rooted in the common law. Warren and Brandeis traced the development of the tort of invasion of privacy in part to cases involving the disclosure of information in breach of a confidential relationship."); *Yershov v. Gannet Satellite Info. Network, Inc*., 204 F. Supp 3d 353, 362 (D. Mass. 2016) ("[B]oth the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person.").

and substantively resembles a traditional, common law tort action for invasion of privacy, as courts have held. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 640-41 (E.D. Mich. 2017) ("[T]he right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of the last century …."); *Boelter v. Advance Mag. Publishers Inc.*, 210 F. Supp. 3d 579, 590 (S.D.N.Y. 2016) (explaining that "the harms contemplated by [the VRPA and its federal analog] have close ties to those recognized by the common law tort of invasion of privacy"); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("'Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'") (citation omitted). Thus, courts expressly recognize a claim for violation of the VRPA is an invasion-of-privacy tort claim. *See, e.g.*, *Lin*, 2020 WL 248445, at *2 (noting that the VRPA addressed "invasion[s] of a legally protected privacy interest"); *Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 119 (6th Cir. 2017) (noting that plaintiff claimed "an invasion of privacy in violation of Michigan's Preservation of Personal Privacy Act"); *Moeller.*, 235 F. Supp. 3d at 873 (stating that violations of the VRPA are "invasion[s] of plaintiffs' privacy"); *Halaburda v. Bauer Publ'g Co., LP*, No. 12-CV-12831, 2013 WL 12246914, at *1 (E.D. Mich. Dec. 23, 2013) (stating that the Michigan Legislature granted citizens "a privacy right").

11

### B.     Plaintiffs clearly allege personal injury

Although Defendant denies that it has caused Plaintiffs any harm, Plaintiffs' Complaint explicitly alleges injury to the Plaintiffs based on alleged invasions of privacy arising from violation of the VRPA. Specifically, Plaintiffs allege that OSG intentionally and unlawfully disclosed customers' "Private Reading Information." Compl. at ¶ 4; *see also id.* at ¶ 5 (defining "Private Reading Information"). Throughout their Complaint, Plaintiffs describe the alleged VRPA violations as injuring them (if at all) by invading their privacy:

- Disclosure of consumers' purchases and rentals of audiovisual and publication materials is a "form of surveillance." *Id.* at ¶ 15.

- The VRPA was enacted by the Michigan legislature to protect "privacy with the respect to the purchase, rental, or borrowing of certain materials." *Id.* at ¶ 16.

- "Michigan's protection of reading information reflects the 'gut feeling that people ought to be able to read books and watch films without the whole world knowing' …." *Id.* at ¶ 18.

- The legislative history to the Federal counterpart to the VRPA demonstrates the need to keep private reading and viewing information "private." *Id.* at ¶¶ 19-20.

- The legislative history for the VRPA further makes clear that "a person's choice in reading, music, and video entertainment is a private matter." *Id.* at ¶ 21.

- Disclosure of private reading information is a significant business and a serious threat to "consumers' privacy." *Id.* at ¶¶ 23-29.

- Data mining of private reading information raises a number of "serious privacy concerns." *Id.* at ¶ 30.

- Disclosure of private reading information allegedly creates personal injury risks from scams and criminals. *Id.* at ¶¶ 31-33.

- Consumers value their privacy and take efforts to protect it. *Id.* at ¶¶ 36-41.

- Allegedly "OSG disclosed its customers' Private Reading Information – including their reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns.'" *Id.* at ¶ 48.

In addition to alleging that the VRPA violations caused injury to their person by invading their privacy, Plaintiffs specifically allege that OSG caused personal injury to them and the putative class members by putting them at risk of physical harm. *See id.* at ¶¶ 43, 45, 48. For example, Plaintiffs allege that "OSG's disclosures of such sensitive and private information puts consumers, especially the more

vulnerable members of society, at risk of serious harm from scammers, and it puts those who own firearms at risk of home break-ins, robberies, violent crime, and other evils." *Id.* at ¶ 45.

Indeed, Plaintiffs allege that "the named Plaintiffs and the Class suffered invasions of their statutorily protected right to privacy (as afforded by the VRPA) as a result of Defendant's uniform wrongful conduct, based upon Defendant's alleged disclosure of Plaintiffs' and the Class's Private Reading Information." *Id.* at 53.

In sum, Plaintiffs' Complaint makes abundantly clear that Plaintiffs allege personal injury based on an alleged invasion of privacy. Accordingly, the three-year statute of limitations provided by MCL § 600.5805(2) must apply to Plaintiffs' claim.

**C.   Plaintiffs' counsel has admitted that claims under the VRPA are governed by the three-year statute of limitations, consistent with other Courts' decisions**

Now that the three-year statute of limitations for injuries to a person foreclose pre-July 30, 2016 claims, Plaintiffs' counsel contends that these claims are governed by the catch-all six-year statute of limitations set forth in MCL § 600.5813. But previously, when it suited them, Plaintiffs' counsel admitted that the three-year limitations period of MCL 600.5805(2) applies to VRPA claims.

Specifically, in responding to a motion to dismiss in an earlier case, the same Plaintiffs' counsel unambiguously told this Court that, "[c]laims under the [VRPA]

are subject to a 'three year statute of limitations.'" *Rentola v. Dow Jones & Co., Inc.*, No. 4:20-cv-11589-SDD-EAS, Plaintiffs' Response to Defendant's Motion to Dismiss, ECF No. 12 at 2 (citing *Boelter* and MCL § 600.5805(2)). In *Markham et al. v. National Geographic Partners, LLC*, the defendants argued that § 600.5805(2) barred Plaintiffs' VRPA claims. Plaintiffs' counsel here represented the plaintiffs in that case. In response, Plaintiffs' counsel did not challenge application of § 600.5805(2) to the assert VRPA claims, and never suggested that a six-year statute of limitations applied, but instead argued that § 600.5805(2)'s three-year limitations period was tolled, thus implicitly admitting its application for a second time. *See Markham et al. v. National Geographic Partners, LLC*, No. 1:19-cv-00232, U.S. District Court for the Western District of Michigan, Plaintiff's Response to National Geographic Partner's LLC's Pre-Motion Conference Request, ECF No. 26, Dec. 17, 2019. Of course, Plaintiffs cannot make a similar tolling argument here.[7]

Other federal courts have applied § 600.5805(2)'s three-year statute of limitations to bar VRPA claims. *See Edwards v. Hearst Communications, Inc.*, No. 15-cv-9279, 2016 WL 6651563, at *1 (S.D.N.Y. Nov. 9, 2016) (noting that "a three-year statute of limitations admittedly governs [Plaintiff's VRPA] claims"); *Boelter*

---

[7] The first and only Complaint filed against OSG was filed June 15, 2021—nearly five years after the VRPA was amended.

*v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017) (applying three-year statute of limitations to VRPA claims).[8]

Defendant's counsel has not located any decision, reported or unreported, applying the catch-all six-year statute of limitations to a VRPA claim.

### D. Plaintiffs' claims are barred by the applicable three-year statute of limitations for injury to a person based on alleged invasion of privacy

Plaintiffs' claims are based on alleged violations of the VRPA occurring *before* July 30, 2016. Those claims assert personal injury to the Plaintiffs, subject to § 600.5805(2)'s three-year statute of limitations. Plaintiffs, however, filed this action on June 15, 2021, well beyond the three-year limitations period for such claims. Plaintiffs' claims—as well as those of the putative class—are time-barred as a matter of law. The Complaint should be dismissed with prejudice.

### E. The fact that the VRPA is a statute does not change the analysis

Plaintiffs appear to base their argument that this case is subject to a six-year limitations period under § 600.5807 on an overly simplistic misreading of *National Sand, Inc. v. Nagel Construction, Inc.*, 182 Mich. App. 327, 451 N.W.2d 618, 625

---

[8] In *Boelter*, Plaintiffs' counsel again admitted that a three-year statute of limitations applied to the VRPA claims and, to avoid a time-bar, argued instead that the three-year limitations period should be tolled. *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss and for Summary Judgment, 2017 WL 4838016, ECF No. 163 (section heading: "VII. HEARST'S ARGUMENT THAT THERE IS NO BASIS TO TOLL *THE THREE-YEAR STATUTE OF LIMITATIONS* IS WRONG") (emphasis added).

(1990) and *DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich.App 43, 56–57; 631 NW2d 59 (2001). The Courts in those cases recognized that § 5805 applies to traditional common law torts, and further held that a civil cause of action arising from a statutory violation *having no common law analog* is subject to the six-year limitation period. These cases are inapposite here, where the statute has a clear analogue in a traditional common law tort. *See Miller-Davis*, 802 N.W.2d at 38-39 ("when an action is founded on a 'nonconsensual' duty or one 'imposed by law,' the action is generally governed by the three-year statute of limitations in MCL 600.5805").

For that reason, Michigan courts consistently apply the three-year limitations in § 600.5805(2) to even statutory claims that allege injury to persons (or to specific property), particularly where the claim resembles a traditional common law tort claim. *See Green*, 2019 WL 3812108, at *4 (applying the three-year limitations period to an employer retaliation claim in violation of the Elliot-Larsen Civil Rights Act); *Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 472 Mich. 263, 271, 696 N.W.2d 646, 652 (2005) (same); *Magee v. Daimler Chrysler Corp.*, 472 Mich. 108, 113 (2005) (applying three-year limitations period of § 600.5805(2) to claims for violation of the Michigan Civil Rights Act, MCL §§37.2101 *et seq.*); *Marks v. Hulstrom*, No. 294453, 2010 WL 2134303, at *1 (Mich. Ct. App. May 27, 2010) (applying § 600.5805(2) to statutory nuisance claim under MCL 600.2940(1));

17

*McCree v. Cont'l Mgmt*., LLC, No. 351171, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) (holding that the three-year limitations period applies to the Housing Act of Michigan and TRA because both statutes impose a nonconsensual duty). The mere fact that the VRPA is a statute does not change the fact that the three-year limitations period of § 600.5805(2) applies to VRPA claims.

## IV.   ALTERNATIVELY, THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFFS LACK ARTICLE III STANDING

If the Court decides that Plaintiffs have not alleged a "personal injury" such that § 600.5085(2) does not apply, then the case should be dismissed for lack of Article III standing. Put simply, either their VRPA claim alleges personal injury caused by alleged invasions of privacy, which is time-barred, or Plaintiffs assert purely statutory violations, without reference to rights in the common law, which precludes them from establishing Article III standing. Either way, Plaintiffs' claim should be dismissed.

Article III confines federal judicial power to the resolution of "Cases" and "Controversies." U.S. CONST. art. III, § 2. Fundamental to that limitation is the requirement that a plaintiff have standing to assert his or her claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish standing, a plaintiff must show, at a minimum, "that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The injury in fact must be "concrete and particularized" and "actual or imminent,

not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). "No concrete harm, no standing." *TransUnion LLC*, 141 S. Ct. at 2214.

The Supreme Court recently found that claims for statutory violations do not automatically establish a "concrete injury" for purposes of Article III standing. For a concrete harm to exist, the claim must allege an injury closely analogous to one traditionally recognized at common law.

In *TransUnion*, the Supreme Court rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 2205. Rather, to determine if the plaintiff has suffered an injury in fact necessary to confer standing, the court must "assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id*. at 2204 (citing *Spokeo,* 578 U.S. at 341). "That inquiry asks whether plaintiffs have identified *a close historical or common-law analogue for their asserted injury*."[9] *Id*. (emphasis added).

---

[9] The Court further held, "[t]hough Congress may elevate harms that exist in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Id.* at 2205 (citing *Spokeo,* 578 U.S. at 341) (internal quotations omitted). Put succinctly, "an injury in law is not an injury in fact." *Id.*

The *TransUnion* Court reviewed class claims under the Fair Credit Reporting Act ("FCRA"), which, like the pre-July 30, 2016 VRPA, provided for recovery of either actual damages "or for statutory damages." *Id.* at 2201 (citing 15 U.S.C. § 1681n(a)). The FCRA requires credit reporting agencies like TransUnion to "'follow reasonable procedures to assure maximum possible accuracy' of the plaintiffs' credit files maintained by TransUnion." *Id.* at 2208 (quoting 15 U.S.C. § 1681e(b).) All of the plaintiffs alleged that TransUnion had failed to follow such reasonable procedures, and as result of that failure included in Plaintiffs' credit files false information, incorrectly labeling Plaintiffs as potential terrorists. *Id.* The Court divided the class into two subgroups: those whose false credit information was disclosed to third parties; and those whose false credit information was not disclosed to third parties. The Court found that the plaintiffs who had false credit information disclosed had suffered "concrete injury in fact." *Id.* at 2208-09. The Court, however, ruled that those plaintiffs whose false information was not disclosed had not suffered any "concrete injury" even though their TransUnion credit file contained false information as a result of TransUnion's FCRA violation. *Id.* at 2212. Rejecting the argument that the statutory violation—the failure to follow reasonable procedures, resulting in the creation of false information—and right to statutory damages alone sufficed to establish standing, the Court wrote: "we cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." *Id.* at 2205

20

(quoting *Trichell v. Midland Credit Mgmt, Inc.*, 964 F.3d 990, 999, n. 2 (11th Cir 2020)). Rather, because the false information had not been disseminated to third-parties, the element of publication necessary for the common law tort of defamation had not been satisfied. *Id*. at 2209-10. Therefore, that group of plaintiffs had not alleged any personal injury closely analogous to a common law tort injury, and therefore lacked Article III standing. *Id*.

Here also, to have Article III standing, Plaintiffs *must* allege that the purported VRPA violations caused them injuries closely analogous to a traditional tort. That necessary allegation, however, makes § 600.5805(2) applicable to Plaintiffs' claims, and renders them time-barred. (*See* Section III.)

In short, Plaintiffs cannot both avoid § 600.5805 and have standing. The allegations necessary to confer standing—that Plaintiffs' VRPA claims closely resemble the tort for invasion of privacy—make § 600.5805 apply to preclude their claims. If, on the other hand, Plaintiffs' claims are based on the VRPA alone, without a close basis in the common law, then Plaintiffs lack Article III standing. In either circumstance, Plaintiffs' action must be dismissed.

## V.    CONCLUSION

Plaintiffs cannot have it both ways. They must allege a concrete harm based a personal injury arising from an invasion of privacy to show Article III standing. In that case, however, Michigan's three-year statute of limitations for personal injury

applies, and the Complaint must be dismissed as time-barred. To the extent Plaintiffs claim their suit is not time-barred, then they cannot meet the requirements for Article III standing articulated by the Supreme Court in *TransUnion*, and this action must be dismissed for lack of standing.

Dated: November 24, 2021                    Respectfully submitted,

                                            BARNES & THORNBURG LLP

                                            */s/ Jennifer J. Stocker*
                                            Jennifer J. Stocker (P60625)
                                            Anthony C. Sallah (P84136)
                                            171 Monroe Ave NW, Suite 1000
                                            Grand Rapids, MI 49503
                                            Tel: 616.742.3930
                                            jstocker@btlaw.com
                                            asallah@btlaw.com

                                            Todd G. Vare
                                            11 S. Meridian St.
                                            Indianapolis, IN 46204
                                            Tel: 317.231.7735
                                            todd.vare@btlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2021, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*Jennifer J. Stocker*
Jennifer J. Stocker (P60625)

*DMS-21321504v8*

23