**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OUTDOOR SPORTSMAN GROUP, INC.,<br><br>Defendant. | Case No. 21-cv-11404-TLL-PTM<br><br>Honorable Thomas L. Ludington |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Does the six-year limitation period found in M.C.L. § 600.5813 govern Plaintiffs' statutory claims for violation of the Video Rental Privacy Act ("VRPA") – a statute that promulgates a cause of action never before recognized at common law and which does not itself specify a limitation period?

**Plaintiffs' Answer:  Yes.**

2.      Are the Complaint's allegations that Defendant disclosed Plaintiffs' personal reading information in violation of the VRPA sufficient to confer Plaintiffs with Article III standing to bring their VRPA claims in federal court, even where the Complaint alleges no actual damages to Plaintiffs as a result of Defendant's statutory violations?

**Plaintiffs' Answer:  Yes.**

## <u>CONTROLLING AND MOST IMPORTANT AUTHORITIES</u>

M.C.L. § 600.5813

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530 (6th Cir. 2017)

*DiPonio Const., Inc. v. Rosati Masonry Co., Inc.*, 246 Mich. App. 43 (2001)

*Dep't of Envtl. Quality v. Gomez*, 318 Mich. App. 1 (2016)

*Citizens of Pretrial Justice v. Goldfarb*, 415 Mich. 255 (1982)

*Estes v. Idea Eng'g & Fabrications, Inc.*, 250 Mich. App. 270 (2002)

*Coulter-Owens v. Time Inc.*, 695 F. App'x 117 (6th Cir. 2017)

*Kinder v. Meredith Corp.*, 2014 WL 4209575 (E.D. Mich. Aug. 26, 2014)

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ................................................................ i

MOST CONTROLLING AUTHORITY ................................................................ ii

TABLE OF CONTENTS ...................................................................................... iii

TABLE OF AUTHORITIES ................................................................................ iv

  I.  INTRODUCTION ..........................................................................................1

  II.  FACTUAL ALLEGATIONS ........................................................................3

  III.  THE VRPA ..................................................................................................5

  IV.  PERTINENT LIMITATION PERIODS ......................................................5

  V.  ARGUMENT ................................................................................................6

      A.  Plaintiffs' Claims Are Timely ................................................................7

      B.  Plaintiffs Have Article III Standing.......................................................21

  VI.  CONCLUSION ...........................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bill Rivers Trailers, Inc. v. Thermo King Corp.*,
    478 F.2d 1243 (C.C.P.A. 1973) ..........................................................................21

*Blaha v. A.H. Robins & Co.*,
    708 F.2d 238 (6th Cir. 1983) ..........................................................................5, 6

*Boelter v. Hearst Commc'ns, Inc.*,
    192 F. Supp. 3d 427 (S.D.N.Y. 2016) ..................................................... 1, 21, 23

*Bowman v. Greene*,
    2013 WL 5925995 (Mich. Ct. App. Nov. 5, 2013) ...........................................10

*Citizens for Pretrial Just. v. Goldfarb*,
    415 Mich. 255 (1982) .................................................................................. *passim*

*Coulter-Owens v. Time Inc.*,
    695 F. App'x 117 (6th Cir. 2017) ........................................................... 3, 22, 23

*Danvers Motor Co. v. Ford Motor Co.*,
    432 F.3d 286 (3d Cir. 2005) ..............................................................................22

*Deacon v. Pandora Media, Inc.*,
    901 F. Supp. 2d 1166 (N.D. Cal. 2012) ..............................................................19

*Dep't of Envtl. Quality v. Gomez*,
    318 Mich. App. 1 (2016) .............................................................................. *passim*

*DiPonio Const. Co. v. Rosati Masonry Co.*,
    246 Mich. App. 43 (2001) ............................................................................ *passim*

*Estes v. Idea Eng'g & Fabrications, Inc.*,
    250 Mich. App. 270 (2002) ...........................................................................9, 13

*Ford Motor Co. v. Michigan Consol. Gas Co.*,
    2009 WL 3190418 (E.D. Mich. Sept. 29, 2009) ................................................10

*Freeman v. Potter*,
   2006 WL 2631722 (W.D. Va. Sept. 13, 2006) ...................................................21

*Green v. Brennan*,
   578 U.S. 547 (2016) ............................................................................................19

*Halaburda v. Bauer Pub. Co.*,
   2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ...................................................23

*Horton v. GameStop, Corp.*,
   380 F. Supp. 3d 679 (W.D. Mich. 2018) ...............................................................1

*Kanuszewski v. Michigan Dep't of Health and Human Servs.*,
   927 F.3d 396 (6th Cir. 2019) ..............................................................................20

*Kinder v. Meredith Corp.*,
   2014 WL 4209575 (E.D. Mich. Aug. 26, 2014) .................................... 19, 23, 25

*Landgraf v. USI Film Prods.*,
   511 U.S. 244 (1994) ...............................................................................................1

*Lujan v. Defenders of Wildlife*,
   594 U.S. 555 (1992) ............................................................................................22

*McCree v. Cont'l Mgmt., LLC*,
   2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021) ..................................... 10, 16

*Miller-Davis Co. v. Ahrens Constr., Inc.*,
   489 Mich. 355 (2011) ................................................................................... 11, 16

*Olschefski v. Northville Pub. Sch.*,
   2002 WL 1482610 (Mich. Ct. App. July 9, 2002) ..........................................9, 13

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*,
   878 F.3d 530 (6th Cir. 2017) ....................................................................... *passim*

*Perlin v. Time Inc.*,
   237 F. Supp. 3d 623 (E.D. Mich. 2017) ..............................................................23

*Purnell v. Arrow Fin. Servs., LLC*,
  2009 WL 1508340 (E.D. Mich. May 29, 2009) ...................................................15

*RCRV Inc. v. J L J Inc.*,
  2013 WL 12133691 (C.D. Cal. Jan. 30, 2013)....................................................21

*Ross v. Bank of Am., N.A.*,
  524 F.3d 217 (2d Cir. 2008) ...............................................................................22

*Schenburn v. Lehner Associates, Inc.*,
  22 Mich. App. 534 (1970) ...................................................................................19

*Nat'l Sand, Inc., v. Nagel Const., Inc.*,
  182 Mich. App. 327 (1990) ....................................................................... *passim*

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)..............................................................................................15

*Striker v. Martindale*,
  372 Mich. 578 (1964) ..........................................................................................20

*Tang v. I.N.S.*,
  223 F.3d 713 (8th Cir. 2000) ....................................................................... 20, 21

*Tel-Twelve Shopping Ctr. v. Sterling Garrett Const. Co.*,
  34 Mich. App. 434 (1971) ...................................................................................20

*Tisbury v. Armstrong*,
  194 Mich. App. 19 (1991) ...................................................................................20

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021)........................................................................... 15, 23, 24

*United States v. Lopez*,
  590 F.3d 1238 (11th Cir. 2009) ..........................................................................20

*Walker v. Ward*,
  934 F. Supp. 1286 (N.D. Okla. 1996)..................................................................21

*Warth v. Seldin*,
    422 U.S. 490 (1975)..............................................................................22

*White v. Elec. Data. Sys. Corp.*,
    974 F.2d 1339 (6th Cir. 1992) ...........................................................14

*Wygant v. Strand*,
    2011 WL 3440760 (E.D. Mich. Aug. 8, 2011)....................................12

## Statutes

H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added
    by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) ..................1

M.C.L. § 600.5805(1) ..................................................... *passim*

M.C.L. § 600.5805(2) ..................................................... *passim*

M.C.L. § 600.5813 ......................................................... *passim*

Michigan's Video Rental Privacy Act (VRPA), MCL §§ 445.1711, *et. seq.* ...........1

## Other Sources

*Privacy: Sales, Rentals of Videos, etc.*,
    House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989 .....................5

Plaintiffs Richard Pratt and Larry Jones, individually and on behalf of all others similarly situated, submit this response in opposition to the Motion to Dismiss (ECF No. 17 (the "Motion" or "Mot.")) the Class Action Complaint (ECF No. 1 (the "Complaint" or "Compl.")) filed by Defendant Outdoor Sportsman Group, Inc.

## I.    INTRODUCTION

In this putative consumer class action, Plaintiffs allege that Defendant violated Michigan's Video Rental Privacy Act ("VRPA")[1] by disclosing, without their consent, information that identified them as (*inter alia*) subscribers to Defendant's *Guns & Ammo* magazine. On behalf of themselves and others similarly situated, Plaintiffs seek to recover $5,000, as provided by the VRPA, for each of Defendant's statutory violations.

---

[1]    The VRPA (occasionally referred to in the caselaw as the "Preservation of Personal Privacy Act" or the "PPPA") is found at H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989). In May 2016, the Michigan legislature amended the VRPA. *See* S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. § 445.1711, *et seq.*). The May 2016 amendment to the VRPA, which became effective on July 31, 2016, does not apply retroactively to claims that accrued prior to its July 31, 2016 effective date. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 439-41 (S.D.N.Y. 2016) (holding that "the amendment to the VRPA does not apply to Plaintiffs' claims, and the Court will assess the sufficiency of those claims under the law as it was when Plaintiffs' claims accrued.") (citing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 286 (1994)). Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016 effective date of the amended version of the VRPA, the pre-amendment version of the VRPA applies in this case. *See Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679, 683 (W.D. Mich. 2018).

Defendant moves to dismiss the Complaint as untimely under the three-year limitation period set forth in Michigan Compiled Laws ("M.C.L.") § 600.5805(2), or, alternatively, for lack of Article III standing. The Motion is without merit. Both grounds for dismissal are foreclosed by controlling precedent.

First, regarding the statute of limitations, the Sixth Circuit recently issued a published opinion, firmly rooted in decades of well-established Michigan law, holding that a claim for violation of a statute that does not itself specify a limitation period is governed by the six-year limitation period found in M.C.L. § 600.5813 rather than the three-year period found in M.C.L. § 600.5805(2). *See Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 539-40 (6th Cir. 2017) (concluding that "the residual six-year statute of limitations in § 600.5813 applies to statutory causes of action, including those for civil fines"); *see also DiPonio Const. Co. v. Rosati Masonry Co.*, 246 Mich. App. 43, 56 (2001) ("[W]e conclude that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period."). Because the VRPA is a statute that does not itself specify a limitation period, controlling Sixth Circuit precedent holds that the six-year period found in 600.5813 applies to Plaintiffs' VRPA claims.

Second, the Sixth Circuit and courts nationwide unanimously agree that a plaintiff who states a claim for relief under the VRPA – as each Plaintiff has done

here (a point Defendant appears to concede in the Motion) – necessarily has Article III standing to pursue that claim in federal court. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017) (finding that alleged violation of the VRPA gives rise to Article III standing).

Plaintiffs timely filed suit, and they have Article III standing to pursue their claims in this Court. The Motion should be denied.

## II.    FACTUAL ALLEGATIONS

Defendant maintains a vast digital database comprised of its customers' information—including their full names, titles of publications subscribed to, and home addresses (collectively "Private Reading Information" or "PRI"), as well as myriad other categories of individualized data and demographic information such as age, gender, income, marital status, occupation, and hunting license status. Compl. ¶ 42.

Defendant discloses its customers' Private Reading Information to data aggregators and appenders, who then supplement that information with additional sensitive private information about each Defendant customer, including his or her age, gender, income, marital status, occupation, and hunting license status. *Id*. Defendant then rents and/or exchanges its mailing lists – which include subscribers' Private Reading Information identifying which individuals purchased subscriptions to particular magazines, and can include the sensitive information obtained from data

aggregators and appenders – to other data aggregators and appenders, other consumer-facing businesses, non-profit organizations seeking to raise awareness and solicit donations, and to political organizations soliciting donations, votes, and volunteer efforts. *Id.* ¶ 43 (citing Ex. A).

At various times during the pre-July 30, 2016 time period, Defendant disclosed Plaintiffs' Private Reading Information, which identified them as *Guns & Ammo*, *RifleShooter*, and/or *Handguns* magazine customers, in at least three ways. *Id.* ¶ 61. First, Defendant disclosed mailing lists containing Plaintiffs' Private Reading Information to data aggregators and data appenders, who then supplemented the mailing lists with additional sensitive information from their own databases, before sending the mailing lists back to Defendant. *Id.* ¶ 62. Second, Defendant disclosed mailing lists containing Plaintiffs' Private Reading Information to data cooperatives, who in turn gave Defendant access to their own mailing list databases. *Id.* ¶ 63. And third, Defendant rented and/or exchanged its mailing lists containing Plaintiffs' Private Reading Information – enhanced with additional information from data aggregators and appenders – to third parties, including other consumer-facing companies, direct-mail advertisers, and organizations soliciting monetary contributions, volunteer work, and votes. *Id.* ¶ 64.

By renting, exchanging, or otherwise disclosing the Private Reading Information of Plaintiffs and its other Michigan-resident subscribers during the

relevant pre-July 30, 2016 time period, Defendant violated the VRPA. *Id.* ¶ 3. Plaintiffs seek $5,000.00 for themselves and each Class member pursuant to VRPA § 5(a) and costs and reasonable attorneys' fees pursuant to VRPA § 5(b). *Id.* ¶ 74.

## III.   THE VRPA

In 1988, Michigan's legislature enacted the VRPA to protect "privacy with respect to the purchase, rental, or borrowing of certain materials," by prohibiting companies from disclosing certain types of sensitive consumer information. H.B. No. 5331, 1988 Mich. Legis. Serv. 378 (West).

Subsection 2 of the VRPA states:

> [A] person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials . . . *shall not disclose* to any person, other than the customer, a record or information concerning the purchase . . . of those materials by a customer that indicates the identity of the customer.

VRPA § 2 (emphasis added).

Michigan's passage of the VRPA established as a matter of law "that a person's choice in reading, music, and video entertainment is a private matter, and not a fit subject for consideration by gossipy publications, employers, clubs, or anyone else for that matter." *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331, Jan. 20, 1989. *See* Compl., Ex. B.

## IV.   PERTINENT LIMITATION PERIODS

"Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by

5

federal courts sitting in diversity." *Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) (citation omitted).

Defendant asserts that M.C.L. § 600.5805 sets forth the limitation period applicable to Plaintiff's VRPA claims. Section 600.5805(1) states that "[a] person shall not bring or maintain **an action to recover damages for injuries to persons** or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section." M.C.L. § 600.5805(1) (emphasis added). Section 600.5805(2) states: "Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property." M.C.L. § 600.5805(2).

Plaintiffs, however, assert that their claims for violation of the VRPA (a statute that does not itself specify a limitation period) are governed by M.C.L. § 600.5813, not § 5805(2). Section 600.5813 states that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." M.C.L. § 600.5813.

## V.   ARGUMENT

Plaintiffs filed suit within the applicable limitation period, and their claims are justiciable in federal court under Article III. The Motion should be denied.

### A.    <u>Plaintiffs' Claims Are Timely</u>

Defendant's primary argument for dismissal – that Plaintiffs' claims are barred by the three-year limitation period set forth in M.C.L. § 600.5805(2) – fails as a matter of law because controlling Sixth Circuit precedent, grounded on well-established Michigan law, holds that a claim for violation of a statute that does not itself provide a limitation period – such as the VRPA – is governed by the six-year limitation period set forth in M.C.L. § 600.5813. And in the Complaint, Plaintiffs specifically allege facts showing that their claims accrued within the applicable six-year limitation period.

In *Palmer Park Square, LLC v. Scottsdale Insurance Company*, the U.S. Court of Appeals for the Sixth Circuit recently held that claims arising from a statutory violation are subject to the six-year limitation period found in § 600.5813, so long as the statute serving as the basis for the violation does not itself contain a limitation period. *See Palmer Park Square, LLC*, 878 F.3d at 539-40 (concluding that the six-year limitations period provided by § 600.5813 applied to a claim for statutory penalty interest under § 500.2836(2)). The Motion does not even cite to the Sixth Circuit's controlling decision in *Palmer Park Square*.

The Sixth Circuit's reasoning in *Palmer Park Square* relies on, and is firmly supported by, the decisions of the Michigan Court of Appeals in *DiPonio* and *Dep't of Envtl. Quality v. Gomez*, 318 Mich. App. 1 (2016).

In *DiPonio*, the Michigan Court of Appeals explicitly held "that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period." *DiPonio*, 246 Mich. App. at 56; *see also Palmer Park Square, LLC*, 878 F.3d at 540 (noting that the court in *DiPonio* "contrasted actions for statutory violations with actions to redress injuries resulting from traditional torts, noting that the limitations periods set out in § 600.5805 apply to the latter"). The Michigan Court of Appeals' decision in *Gomez* likewise applied § 600.5813's catch-all, six-year limitation period to a statutory cause of action. *Gomez,* 318 Mich. App. at 22-23 (citing *DiPonio*, 246 Mich. App. at 56).

The decisions in *Palmer Park Square*, *DiPonio*, and *Gomez* are each firmly supported by the reasoning of the Michigan Supreme Court in *Citizens for Pretrial Just. v. Goldfarb*, 415 Mich. 255 (1982), a clear, firmly worded opinion unequivocally holding that the three-year limitation period found in § 600.5805(2) "applies to traditional, primarily common-law torts," and that "the residual six-year statute of limitations governing all other personal actions" applies to any claim that "is not a traditional tort." *Id.* at 269-70.[2]

The overwhelming majority of Michigan's state and federal courts are in

---

[2]     At the time *Goldfarb* was decided, M.C.L. § 600.5805(2) was codified at § 5805(7). It has since been moved to § 5805(2), but otherwise remains the same.

accord, and correctly hold, consistent with *Goldfarb*, *DiPonio*, *Gomez*, and *Palmer Park Square*, that statutory claims (for which no limitation period is specified in the statute itself) are subject to the six-year period found in § 600.5813 and that only common-law tort claims are subject to the three-year period found in § 600.5805(2). *See Nat'l Sand, Inc., v. Nagel Const., Inc.*, 182 Mich. App. 327, 337 n.7 (1990) (surveying Michigan authority on the applicability of § 600.5813 and noting that "the common theme shared by" the pertinent cases is that the six-year limitation period found in § 5813 applies where "the right to recovery arose from a statute"); *Estes v. Idea Eng'g & Fabrications, Inc.*, 250 Mich. App. 270, 285 (2002) (holding that "the catch-all six-year period of limitation set forth in M.C.L. § 600.5813 applies" to a § 489 claim "because § 489 creates a separate cause of action and does not contain its own statute of limitations," and explaining that, even though a § 489 "statutory cause of action is . . . similar to the common law shareholder equitable action for dissolution," it "is independent of that traditionally limited and uncertain cause of action" and thus not subject to the three-year limitation period found in § 600.5805(2)); *Olschefski v. Northville Pub. Sch.*, 2002 WL 1482610, at *3 (Mich. Ct. App. July 9, 2002) (finding that, in light of the decisions in *Goldfarb*, *Nat'l Sand*, *DiPonio*, and *Estes*, "the six-year statute of limitations under M.C.L. § 600.5813 applies" to plaintiffs' claims, which allege "violations of the Revised School Code, rather than traditional common-law torts," and concluding that "the trial court erred

9

in applying the three-year statute of limitations"); *Bowman v. Greene*, 2013 WL 5925995, at *6 (Mich. Ct. App. Nov. 5, 2013) (citing to *DiPonio*, and concluding that a claim for violation of the Seller's Disclosure Act is governed by § 600.5813's six-year limitation period); *Ford Motor Co. v. Michigan Consol. Gas Co.*, 2009 WL 3190418, at *16 (E.D. Mich. Sept. 29, 2009) ("This is the exact situation at issue here: a statutory cause of action that does not include a statute of limitations. The court will therefore apply the limitations period found in § 5813."). Thus, because Plaintiffs allege claims for violation of the VRPA, a statute that does not itself specify a limitation period, Plaintiffs' claims are governed by the six-year limitation period found in § 5813.

Even the decisions Defendant cites in the Motion recognize the critical distinction between common-law claims and statutory claims for purposes of determining the applicable limitation period. *See, e.g.*, *McCree v. Cont'l Mgmt., LLC*, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) (noting that § 600.5805(2) only applies to a plaintiff's claims for a defendant's breaches of "common-law duties"); Mot. at 7, PageID.580 (collecting five decisions in which courts correctly found the three-year limitation period found in § 600.5805(2) applicable to common-law tort claims).

Defendant nonetheless argues that, where a statutory claim has "*an analogue in* a traditional common law tort" or "*resembles* a traditional common law tort

claim," it is subject to the three-year limitation period found in § 600.5805(2), and in support cites to the decisions in *Miller-Davis Co. v. Ahrens Constr., Inc.*, 489 Mich. 355 (2011) and *Nat'l Sand* and *DiPonio*. (*See* Mot. at 16-17, PageID.589-590 (emphasis added).) The argument is without merit. *Miller-Davis*, *Nat'l Sand*, and *DiPonio* each clearly holds that the six-year limitation period found in § 600.5813 applies, without exception, to any claim for violation of a statute that does not itself specify a limitation period, and that only non-statutory claims for injury to persons or property that have been traditionally recognized at common law are subject to the three-year period found in § 600.5805(2). *See Miller-Davis*, 489 Mich. at 363 (explaining that § 600.5805(2) "clearly refer[s] to . . . tort suits"); *see also id.* ("[T]o describe the types of injuries to which [it] appl[ies], M.C.L. § 600.5805 . . . use[s] variations of the phrase 'injuries to persons or property.' That language describes tort actions. Thus, all subsections of § 5805 are geared toward tort actions.")[3]; *Nat'l Sand*, 182 Mich. App. at 337 ("[I]f plaintiff pled malpractice or some other traditional, common-law tort, then we must apply § 5805. Otherwise, § 5813 would be appropriate."); *DiPonio*, 246 Mich. App. at 56 (holding that "that a civil cause of action arising from a statutory violation is subject to the six-year limitation period

---

[3]     It bears noting that *Miller-Davis* involved a suit for breach of contract. The plaintiff in that case did not bring any sort of statutory claim. *See Miller-Davis*, 489 Mich. at 359 ("[P]laintiff sued defendant, alleging that it had breached its contract by installing a roof that did not conform to the plan's specifications.").

found in § 5813, if the statute itself does not provide a limitation period"); *see also, e.g.*, *id.* (where the "plaintiff's civil cause of action for violation of the builders' trust fund act arises from a statutory violation," the "six-year limitation period found in § 5813 governs that cause of action").

In other words, the question of whether to apply the three-year period found in § 600.5805(2) or the six-year period found in § 600.5813 only arises where the claim at issue – unlike the VRPA claim here – is a common-law claim, not a statutory claim. *See, e.g.*, *Nat'l Sand*, 182 Mich. App. at 339 (in considering whether three-year period provided by § 600.5805(2) or six-year period provided by § 600.5813 applies to a non-statutory malpractice claim, "we must determine whether the common law recognized a malpractice claim against engineers"). And where, as here, the claim is for violation of a statute that does not provide its own limitation period, controlling Sixth Circuit precedent (grounded in well-established Michigan law) requires application of the six-year limitation period found in M.C.L. § 600.5813. *See Palmer Park Square, LLC*, 878 F.3d at 539-40; *Goldfarb*, 415 Mich. at 269-70; *DiPonio*, 246 Mich. App. at 54-56; *Gomez*, 318 Mich. App. at 22-23. The Court need go no further in its analysis. *See Wygant v. Strand*, 2011 WL 3440760, at *6 (E.D. Mich. Aug. 8, 2011) (Ludington, J.) (noting that this Court "is obligated to follow the decisions of the . . . Sixth Circuit"). Indeed, state and federal courts in Michigan have already thoroughly considered and soundly rejected the same

"common law analogue" argument Defendant makes here. For example, in *Estes*, the court held that "the catch-all six-year period of limitation set forth in M.C.L. § 600.5813 applie[d]" to a statutory claim notwithstanding its similarity to a traditionally recognized common-law claim. *Estes,* 250 Mich. App. at 285. As another example, in *Olschefski*, the Michigan Court of Appeals concluded that "the trial court erred in applying the three-year statute of limitations" because "plaintiff's claims in the [] case ar[o]se from alleged violations of [a statute], rather than traditional common-law torts." *Olschefski*, 2002 WL 1482610, at *3.

But even if statutory claims could conceivably be subject to the three-year limitation period found in § 600.5805(2) (and that is not so), none of the decisions cited in the Motion (nor any other decision of which Plaintiffs are aware) hold that § 600.5805(2) applies to a claim that has "an analogue in a traditional common law tort" or "resembles a traditional common law tort claim" (Mot. at 17, PageID.590) – rather, even under Defendant's erroneous interpretation of the relevant authorities in the Motion, the cause of action at issue must *actually be* a claim traditionally recognized at common law (not merely "resemble" or be an "analogue" to a claim at common law).[4] *See, e.g.*, *Goldfarb*, 415 Mich. at 269-70 (finding § 5805

---

[4]     Defendant string cites a handful of inapposite decisions, mostly concerning claims for violation of Michigan employment statutes (*e.g.*, *Green*, *Garg*, *Magee*), that it says further support the ill-founded idea that the three-year period set forth in § 600.5805(2) applies to any statutory claim with any sort of "resembl[ance]" to a tort traditionally recognized at common law. (*See* Mot. at 17, PageID.590).)

applicable only to "traditional, primarily common-law, torts," and concluding that

because the injury underlying the plaintiff's non-statutory claim was not the result

of a traditional tort, it must fall under the residual six-year period of limitation

contained in § 5813). And in this case, it is beyond dispute that "the common law"

has never "recognized" a claim for the nonconsensual disclosure of records

concerning a person's purchases of written material, sounds recordings, or video

recordings at retail – the conduct that gives rise to a VRPA claim – which is exactly

why the Michigan legislature enacted the statute when it became determined to

---

However, as the Sixth Circuit has recognized, the enactment of the statutory causes of action at issue in *Green*, *Garg*, and *Magee* preempted a body of common law that had traditionally given rise to the same claims. *See White v. Elec. Data Sys. Corp.*, 974 F.2d 1339 (6th Cir. 1992) (applying a three-year statute of limitations to statutory employment discrimination claim noting that the Elliot-Larsen Civil Rights Act of 1977 subsumed Michigan's common law claim for employment discrimination). Thus, the statute at issue in *Green*, *Garg*, and *Magee* directly mirrored a claim traditionally recognized at common law (and in fact codified that common-law claim). Likewise, in *Marks*, which the Motion also cites in support of applying the three-year limitation period (Mot. at 17, PageID.590), the nuisance statute at issue there directly mirrored, and had thus codified, Michigan's common law nuisance claim. Here, by contrast, no common-law tort claim has ever existed in Michigan that mirrors the VRPA, and indeed the VRPA is not a codification of any claim that has ever been recognized at common law.

    Moreover, none of the decisions cited in the Motion considered whether the residual six-year limitation period found in § 600.5813 applied. Indeed, Plaintiffs' counsel has been unable to locate any case determining that the six-year period found in § 600.5813 does not apply to a statutory claim on the grounds that the statutory claim "resembles" or has an "analogue" in a tort traditionally recognized at common law. To the extent any such authority exists, it was wrongly decided and its reasoning should not be adopted by this Court in light of the controlling decisions to the contrary in *Palmer Park Square*, *Goldfarb*, *DiPonio*, and *Gomez*, among numerous other decisions.

prevent such disclosures from occurring. *See* Compl. Ex. B (describing the need to enact the VRPA to provide privacy rights that are not secured at common law); *Nat'l Sand*, 182 Mich. App. at 338-39. As another court of this District recently explained, "[t]he mere fact that Plaintiff's allegations may be, in some manner, shoe-horned into a common-law tort cannot control in light of clear direction that where 'plaintiff's civil cause of action [is] for … a statutory violation, [the court should apply] the six-year limitation period found in § 5813." *Purnell v. Arrow Fin. Servs., LLC*, 2009 WL 1508340, at *2 (E.D. Mich. May 29, 2009) (citing *DiPonio*, 246 Mich. App. at 55-56) (alterations in original). No matter how you slice it, § 600.5805(2)'s three-year limitation period cannot possibly apply to Plaintiffs' VRPA claims. *See Purnell*, 2009 WL 1508340, at *2 (finding, "as a matter of law, that § 5813 defines the proper statute of limitations for Plaintiff's state [statutory] law claim[] to be six years").[5]

---

[5]     Defendant's attempts to replace the "traditional, common-law tort" standard for applying the three-year limitation period set forth in § 600.5805(2) (as articulated in the cases cited in the Motion) with its preferred, self-serving standard (requiring merely an "analogue in a traditional common law tort" or a "resembl[ance] [to] a traditional common law tort claim" (Mot. at 17, PageID.590)) appear intentionally aimed at conflating the statute of limitations issue with the Article III standing issue in an effort to muddy the waters. Indeed, well-established Supreme Court precedent instructs courts, in determining the existence of an Article III injury-in-fact, to consider whether the alleged injury has a "close relationship to" a harm recognized at common law or, in other words, whether the statutory claim has a "common-law analogue." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021). But this analysis is totally irrelevant to the statute of limitations issue under Michigan law

The Motion relies heavily on a handful of decisions in which courts, in determining whether a claim is subject to the three-year limitation period found in § 600.5805, analyze the nature of the claim to determine whether it is (1) for breach of "a 'consensual duty' or obligation or the breach of an 'express promise,'" or (2) for breach of "a 'non-consensual' duty or one 'imposed by law.'" (Mot. at 17-18, PageID.590-91.) But as the decisions cited in the Motion demonstrate, the distinction between breaches of "consensual duties" and "nonconsensual duties" is only relevant in actions concerning contractual duties – where the court is called upon to determine whether to apply the three-year period found in § 600.5805(2) (for claims for personal injuries to persons or property) or the six-year period found in § 600.5807 (for claims for breach of contract). *See McCree*, 2021 WL 1050115, at *6; *Miller-Davis Co.*, 489 Mich. at 359-60. This analysis plainly has no relevance in actions of a non-contractual nature such as the instant matter, where the issue before the court is whether to apply the three-year period found in § 600.5805(2) (for claims for personal injuries to persons) or the six-year period found in § 600.5813 (for "all other personal actions"). *See, e.g.*, *McCree*, 2021 WL 1050115, at *6 (quotation

---

because, as previously discussed, a claim that merely "*resembles*" (*i.e.*, has a "close relationship to") or is "analog[ous]" to a common-law claim is not the same thing as a claim that *is* a common-law claim. Thus, even where a plaintiff is found to have Article III standing to pursue a statutory violation based on the statute's close resemblance to a claim at common law, that statutory claim is nonetheless subject to the six-year limitation period set forth in § 600.5813, as discussed further in the following section of this brief (*see*, *infra*, Section B).

omitted) ("Where the nature and origin of an action to recover damages for injury to persons or property is a duty imposed by law, . . . it cannot be maintained on a contract theory when commenced beyond the 3-year period.").

Indeed, if Defendant were correct that the three-year limitation period set forth in § 600.5805(2) applied to any claim arising from a breach of a "nonconsensual duty," including one imposed by a statute that lacks its own limitation period (*e.g.*, the VRPA), then every claim for violation of a statute that lacks its own limitation period would be deemed to arise from a breach of a "nonconsensual duty" and thus be subject to the three-year limitation period set forth in § 600.5805(2) – a result that would swallow whole the consistent holdings of the Sixth Circuit and numerous Michigan courts of appeal that statutory causes of action are governed by the six-year limitation period set forth in § 600.5813 (unless the statute serving as the basis for the claim provides its own limitation period). *See Palmer Park Square, LLC*, 878 F.3d at 530 (holding that claims for statutory violations, as opposed to traditional, common-law torts, are subject to the six-year limitation period set forth in § 600.5813, so long as the statute serving as the basis for the violation does not itself contain a limitation period); *DiPonio*, 246 Mich. App. at 56 (holding "that a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period"). The irreconcilable conflict between the "consensual" versus "nonconsensual"

breach standard and the controlling decisions in *Palmer Park Square* and *DiPonio* (and the numerous other decisions cited above) is a sure sign that Defendant is asking the Court to apply the wrong standard in this case.

Finally, even if the three-year limitation period provided by § 600.5805(2) were somehow capable of applying to a statutory claim that has never been recognized as a tort at common law – and that is not so, for all the reasons outlined above – the three-year limitation period found in § 600.5805(2) would still not apply here because this is not "an action to recover damages for injuries to persons or property," M.C.L. § 600.5805(1) – which is the only type of action § 600.5805(2) is capable of governing. Indeed, Plaintiffs' VRPA claims do not arise from any "personal injury" or seek to recover any actual "damages" for any such "injuries" (and in fact neither personal injury nor actual damages are elements of a VRPA claim). Instead, Plaintiffs' claims arise from Defendant's violations of their statutorily conferred right to be free from unauthorized disclosures of their PRI, and seek to recover the statutorily authorized sum of $5,000 for each of Defendant's statutory violations (in lieu of any "actual damages" resulting therefrom, as the statute alternatively provides).

Thus, as the plain statutory language makes clear, Plaintiffs' VRPA claims accrued – and the applicable limitation period commenced – when Defendant disclosed Plaintiffs' PRI to another person in violation of the statute, period (*see*

VRPA § 2) – not from any injuries Plaintiffs suffered as a result of those statutory violations. *See Deacon v. Pandora Media, Inc.*, 901 F. Supp. 2d 1166 (N.D. Cal.2012) ("As an initial matter, the VRPA does not explicitly impose an actual injury requirement. Rather, the statute's civil remedy provision allows for recovery based on a showing of actual damages or statutory damages."); *Kinder v. Meredith Corp.*, 2014 WL 4209575, at *3-4 (E.D. Mich. Aug. 26, 2014) (Ludington, J.) (finding that the plaintiff "properly allege[d] a violation of the VRPA" based solely on allegations that the defendant "violated her rights pursuant to the VRPA by improperly disclosing and selling her personal information," and explaining that "[t]he VRPA grants standing to plaintiffs who suffer a statutory violation and does not require actual damages"); *Green v. Brennan*, 578 U.S. 547, 554 (2016) (noting that a "limitations period commences when the plaintiff has a complete and present cause of action") (quotations omitted).

Accordingly, because this action does not arise from personal injury or seek actual damages resulting from any such injury, the three-year limitation period found in § 600.5805(1)-(2) cannot apply to Plaintiffs' claims under even Defendant's strained interpretation of its cited authorities. *See, e.g.*, *Schenburn v. Lehner Associates, Inc*., 22 Mich. App. 534, 539-40 (1970) (applying 6-year catch-all limitations period where plaintiff's claim was not based on actual damage to his property or physical injury to his person, but rather based on damages for injury to

his financial expectations); *Tel-Twelve Shopping Ctr. v. Sterling Garrett Const. Co.*,

34 Mich. App. 434, 439 (1971).[6]

Plaintiffs' claims are timely pursuant to § 600.5813. The Complaint alleges

VRPA violations based on Defendant's nonconsensual disclosures of Plaintiffs' PRI

between June 15, 2015 and July 30, 2016.  (*See, e.g.,* Compl. ¶¶ 3, 61-64.) Thus,

Plaintiffs' VRPA claims accrued, at the earliest, within six years of the filing of this

action on June 15, 2021.

Plaintiffs' claims are timely, and the Motion should be denied.[7]

---

[6]    In the unlikely event the Court finds the six-year versus three-year statute of limitations question a "close call," the Court should err on the side of caution and apply the longer period. The Michigan Supreme Court has instructed that "[i]n determining whether the statute has run on plaintiff's cause of action he is entitled to the benefit of the allegations of a cause of action, if any, against which the statute has not run." *Striker v. Martindale*, 372 Mich. 578, 581 (1964). And there is a clear preference under both Michigan and federal law to resolve disputes on their merits. *See, e.g.*, *Tisbury v. Armstrong*, 194 Mich. App. 19, 21 (1991) ("Given the policy of this state favoring the meritorious determination of issues … we do not believe that the drastic remedy of summary disposition is appropriate in this case."); *Kanuszewski v. Michigan Dep't of Health and Human Servs.*, 927 F.3d 396, 406 n.4 (6th Cir. 2019) ("[T]he Federal Rules of Civil Procedure evidence a clear preference to resolve disputes on their merits.") (quotations omitted). Dismissing this case on what is – at best – a dubious statute of limitations defense is not consistent with those directives.

[7]    Grasping at straws, Defendant argues that statements made by Plaintiffs' counsel concerning the statute of limitations in prior VRPA cases on behalf of other clients, in completely different circumstances, somehow prove that the limitations period for a VRPA claim is three years. The argument is ridiculous, as well as improper. As Defendant's counsel is surely aware, an attorney's arguments on a client's behalf are never evidence, *see United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009) ("[S]tatements and arguments of counsel are not evidence."); *Tang*

### B.   Plaintiffs Have Article III Standing

Presumably recognizing the uphill battle it faces on the statute of limitations

front, Defendant also argues that Plaintiffs lack Article III standing to bring their

---

*v. I.N.S.*, 223 F.3d 713, 720 (8th Cir. 2000), and obviously cannot be imputed against another client of the same attorney in a different proceeding, even where the arguments made on behalf of one client are inconsistent with those made on behalf of another client. *See, e.g.*, *Walker v. Ward*, 934 F. Supp. 1286, 1290–91 (N.D. Okla. 1996) ("The Court declines to construe arguments of counsel in an unrelated case to be an admission by the State . . . [T]he arguments of counsel in *Maynard* are irrelevant to the present inquiry."); *Bill Rivers Trailers, Inc. v. Thermo King Corp.*, 478 F.2d 1243, 1246 (C.C.P.A. 1973) ("[A]ppellee's attorney has sought to bring to our attention that appellant's attorney has made arguments in another forum on another case inconsistent with those made here. Assuming this to be true, we wish to point out that this is totally irrelevant to this case and played no part in our decision."); *Freeman v. Potter*, 2006 WL 2631722, at *3 n.2 (W.D. Va. Sept. 13, 2006) ("Counsel can pursue any reasonable legal basis for relief, and merely the fact that in a previous, unrelated case counsel's pursuit of relief on that basis was unsuccessful does not render subsequent attempts to obtain relief on the same basis, under different circumstances, wasteful."); *RCRV Inc. v. J L J Inc.*, 2013 WL 12133691, at *12 (C.D. Cal. Jan. 30, 2013) ("[C]iting opposing counsel's arguments in an unrelated case is not particularly persuasive."). The Court should reject Defendant's attempt to weaponize counsel's arguments on behalf of their clients in other matters against their clients in this totally unrelated matter.

But to briefly respond to the aspersion, undersigned counsel notes that the limitation period governing a VRPA claim was not a material issue in any of the prior matters cited in the Motion because the claims in those cases were timely under even a three-year limitation period. It was not until after each of those earlier matters had concluded that undersigned counsel was retained by additional clients (including the Plaintiffs in this case), learned of and reviewed the Sixth Circuit's decision in *Palmer Park Square*, and proceeded to dig deeper into the issue, ultimately realizing that VRPA claims are actually governed by the six-year limitation period found in § 600.5813 (not the three-year period found in § 600.5805(2) that the plaintiffs' bar had uniformly misapplied in VRPA cases for the better part of the preceding decade). Moreover, the Sixth Circuit's decision in *Palmer Park Square* post-dates the briefing and decisions in the *Edwards* and *Boelter* actions referenced in the Motion.

VRPA claims in federal court. But this argument is also foreclosed by controlling precedent. It is well established in the Sixth Circuit (and nationwide) that a statutory violation of the VRPA, in and of itself, works concrete, particularized harm capable of satisfying the injury-in-fact prong of Article III.

To establish Article III standing, a plaintiff must allege an "irreducible constitutional minimum of an injury-in-fact." *Lujan v. Defenders of Wildlife,* 594 U.S. 555, 560 (1992). "Injury in fact is a low threshold." *See Ross v. Bank of Am., N.A.*, 524 F.3d 217, 222 (2d Cir. 2008). It "is not Mount Everest." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005) (Alito, J.). The Supreme Court has held that "[t]he injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

Article III is readily satisfied here. Pursuant to Sixth Circuit precedent, a plaintiff alleging a claim for violation of the VRPA has Article III standing to pursue that claim in federal court because a violation of the VRPA necessarily results in the nonconsensual dissemination of information reflecting a plaintiff's personal reading choices – acutely invading his or her statutorily protected right to privacy in such matters and thus inflicting harm in a concrete and particularized (albeit an intangible) way, easily satisfying the injury-in-fact requirement. *See Coulter-Owens*, 695 F. App'x at 121 ("In short, given that the VRPA contains an express private right to

sue, it confers statutory standing on a person whose information was disclosed in violation of it. Moreover, the disclosure of that information is a cognizable injury in fact for purposes of Article III standing."). Thus, every federal district court to have considered the question – including this Court – has concluded that a plaintiff who adequately alleges a violation of the VRPA necessarily has Article III standing. *See Kinder*, 2014 WL 4209575, at *4 (finding Article III standing existed where plaintiff alleged bare statutory violation of the VRPA, explaining that "[t]he VRPA grants standing to plaintiffs who suffer a statutory violation and does not require actual damages"); *Boelter*, 269 F. Supp. 3d at 185 ("[E]very court to consider the issue of standing under the [PP]PA has concluded that such a violation constitutes a concrete injury in and of itself."); *Halaburda v. Bauer Pub. Co.*, 2013 WL 4012827, at *3-5 (E.D. Mich. Aug. 6, 2013) (disclosure of person's information in violation of the VRPA is a cognizable injury-in-fact and confers Article III standing); *Perlin v. Time Inc.*, 237 F. Supp. 3d at 627-28 (E.D. Mich. 2017) (same). Once again, Defendant inexplicitly fails to grapple with *Coulter-Owens* or any of the numerous other federal decisions (including this Court's decision in *Kinder*) concluding that an alleged violation of the VRPA, by itself, confers Article III standing.

The Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) does not compel a different conclusion. In *TransUnion*, the Supreme Court considered whether two groups of class members asserting claims under the

Fair Credit Reporting Act suffered a concrete injury in fact under Article III. *Id.* at 2208-2213. The first group of class members had a misleading credit report disseminated to a third party. *Id.* at 2208-09. The second group merely had a misleading remark on their credit files, but those files were not disseminated to a third party. *Id.* at 2209. The Supreme Court held that the first group – those who had a misleading credit report disseminated to a third party – had suffered a concrete injury in fact under Article III. *Id.* ("In short, the 1,853 class members whose reports were disseminated to third parties suffered a concrete injury in fact under Article III."). Here, likewise, Plaintiffs allege that their Private Reading Information was disclosed to third parties without their consent. *See* Compl. ¶¶ 1-2, 9-10. Thus, *TransUnion* further confirms Plaintiffs' Article III standing.

As previously mentioned, Defendant intentionally conflates a personal injury giving rise to an action for "damages" – which, in certain cases (not this one), triggers the limitation period provided in § 600.5805(1)-(2) – with the "injury-in-fact" required for Plaintiffs' dispute to be justiciable in federal court under Article III. But a harm sufficient to satisfy Article III's injury-in-fact requirement is not synonymous with the "injury to a person" necessary to trigger the limitation period set forth in § 600.5805(2).[8] So while Plaintiffs' VRPA claim does not arise from a

---

[8]     As previously discussed (*see supra,* Section A, at 15 n.9), Plaintiffs are plainly capable of both having Article III standing to bring a VRPA claim and invoking the six-year limitation period applicable to such a claim.

personal injury or any actual damages, as explained above, there can be no dispute that Defendant's violation of the VRPA necessarily violated Plaintiffs' statutorily conferred right to privacy in their reading habits – an intangible harm that presents ample constitutional mooring for Article III purposes. *See Kinder*, 2014 WL 4209575, at *2 (rejecting defendant's argument that "a statutory violation of VRPA, without actual damages, is insufficient to confer standing," noting that "every single court to consider this interpretation has rejected [defendant's] argument").

Plaintiffs have Article III standing, and the Motion should be denied.

## VI.    CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.

Dated: December 23, 2021                Respectfully submitted,

                                        */s/ E. Powell Miller*
                                        E. Powell Miller (P39487)
                                        Sharon S. Almonrode (P33938)
                                        Dennis A. Lienhardt (P81118)
                                        William Kalas (P82113)
                                        THE MILLER LAW FIRM, P.C.
                                        950 W. University Drive, Suite 300
                                        Rochester, MI 48307
                                        Tel: 248-841-2200
                                        epm@millerlawpc.com
                                        ssa@millerlawpc.com
                                        dal@millerlawpc.com
                                        wk@millerlawpc.com

                                        Joseph I. Marchese
                                        Philip L. Fraietta (P85228)
                                        BURSOR & FISHER, P.A.
                                        888 Seventh Avenue
                                        New York, New York 10019
                                        Tel: 646.837.7150
                                        Fax: 212.989.9163

jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiffs and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2021, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com

1