## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and on behalf of all others
similarly situated,                                    Case No. 21-cv-11404-TLL-PTM

       Plaintiffs,                              Honorable Thomas L. Ludington

v.

OUTDOOR SPORTSMAN GROUP, INC.,

       Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Jennifer J. Stocker (P60625)
Anthony C. Sallah (P84136)
171 Monroe Ave NW, Suite 1000
Grand Rapids, MI 49503
Tel: 616.742.3930
jstocker@btlaw.com
asallah@btlaw.com

Todd G. Vare
11 S. Meridian St.
Indianapolis, IN 46204
Tel: 317.231.7735
todd.vare@btlaw.com

*Attorneys for Defendant*

## I.     Introduction

Plaintiffs' putative class action complaint alleges—as they must to have Article III standing—personal injuries for alleged disclosures of private information under the VRPA. But their complaint is barred by Michigan's three-year statute of limitations, MCL § 600.5805(2) ("Section 5805(2)"), which applies to *all* claims for "injuries to persons" without exception.

Plaintiffs argue that the catch-all six-year limitations period of MCL § 600.5813 applies because their claims are based on a *statute*. Section 5805(2), however, applies to "all" claims alleging injury to person. It does not exempt claims simply because they may arise under a statute that may provide different rights than available at common law. Plaintiffs' cited cases are inapposite. Those cases involve pure statutory violations *without any corresponding personal injury*. Here, however, Plaintiffs allege they suffered a "concrete personal injury" closely resembling a common law tort, as they must in order to have Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Plaintiffs cannot have it both ways: they cannot allege personal injury from an invasion of privacy to satisfy Article III standing, but then deny that personal injury to avoid Section 5805(2). At root, Plaintiffs' allegations clearly trigger Section 5805(2)'s three-year limitations period, which bars Plaintiffs' claim as a matter of law.

## II.     Argument

### A.     Section 5805(2) Applies Because Plaintiffs Allege Personal Injury

Where a statute is unambiguous, the Court must apply it as written. *Garg v. Macomb Cty. Cmty. Mental Health Servs*., 472 Mich. 263, 281 (2005) ("Fundamental canons of statutory interpretation require us to discern and give effect to the Legislature's intent as expressed by the language of its statutes. If such language is unambiguous, as most such language is, 'we presume that the Legislature intended the meaning clearly expressed-no further judicial construction is required or permitted, and the statute must be enforced as written.'") (citations omitted). Section 5805(2) is clear and unambiguous: unless a more specific limitations period applies (and neither party argues a more specific limitations period applies), "the period of limitations is 3 years . . . for *all* actions to recover damages . . . *for injury to a person*[.]" MCL § 600.5805(2) (emphasis added).

Plaintiffs admit (as they must, to establish standing) that the alleged VRPA violations injured them in a concrete and particularized way. (ECF 20, Opp. at 22–25.) Their complaint plainly alleges *injury to a person* arising from a purported invasion of privacy. (ECF 17, Mot. at 12–14.) The VRPA protects individuals' right to keep their personal information private. *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 641 (E.D. Mich. 2017) ("the right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts over the course of

2

the last century"); *Lin v. Crain Comm'ns Inc.*, 2020 WL 248445, at *6 (E.D. Mich. Jan. 16, 2020) (noting that the VRPA addressed "invasion[s] of a legally protected privacy interest"). Michigan courts have long applied the three-year statute of limitations to such claims for invasion of privacy because those claims allege an injury to a person. (ECF 17, PgID 580 (case authorities listed at page 7 of Defendant's Brief). Indeed, Plaintiffs' counsel describes a person's right of privacy, including the rights protected by the VRPA, as among the "most basic rights" for an individual, alone, to control. *See* https://hedinhall.com/services/data-privacy/.

Plaintiffs' argument that Section 5805(2) does not apply to personal injury claims if the claim arises from a statute is inconsistent with Section 5805(2)'s express language and fails at this basic level. Rather, Plaintiffs' allegations that the alleged VRPA violations caused them concrete injury to a person (ECF 20, Opp. at 22–25) triggers Section 5805(2)'s three-year limitations period that unambiguously applies to all claims for injury to a person.

## B. Plaintiffs' "Statute vs. Tort" Distinction Misinterprets the Law

Plaintiffs' Opposition oversimplifies how courts have applied Section 5813's six-year limitations period to statutory causes of action. Plaintiffs rely on cases where an alleged injury is based entirely in statute and there is no "injury to a person" that resembles a traditional tort claim. For example, in *Citizens for Pretrial Justice v. Goldfarb*, 327 N.W.2d 910 (Mich. 1982), the Michigan Supreme Court held that

Section 5805(2) did not apply an alleged violation of Michigan's bail bondsman statute **because** that claim was not for personal injury and did not resemble a traditional tort claim. *Id*. at 915. Plaintiffs' other cited cases similarly involve claims that are uniquely statutory, without any injury to person or any referent in traditional common law tort actions.[1] But those cases are inapposite here, because Plaintiffs' statutory claim unquestionably alleges injury to a person having a close relationship to privacy violations at common law.

Merely labeling their claims as "statutory"—as Plaintiffs do—does not remove the underlying claims of personal injury governed by Section 5805(2). *See State Mutual Cyclone Insurance Co. v. O & A Electric Coop*., 161 N.W.2d 573, 576 (Mich. 1968) ("it makes no difference what form of action the plaintiff institutes [in] seeking recovery for damages to property or person"); *Glowacki v. Motor Wheel Corp*., 241 N.W.2d 240, 247–48 (Mich. Ct. App. 1976) ("more than labels should be considered in selecting the applicable limitations statute").

---

[1] Plaintiffs' reliance on *Palmer Park Square, LLC v. Scottsdale Insurance Co.*, 878 F.3d 530 (6th Cir. 2017) (involving claim for statutory penalty interest under MCL § 500.2006(4)) and *DiPonio Construction Company v. Rosati Masonry Company*, 631 N.W.2d 59 (Mich. Ct. App. 2001) (involving claims under MCL § 770.151, Michigan's builders' trust fund act) is misplaced. Neither case involved an alleged injury to person or a claim based on traditional tort law. Any broad language from those cases that Section 5813 somehow applies to any and all statutory claims is not only dicta, but also contradicts the unambiguous language of Section 5805(2).

4

Nor is there any support for the notion that Section 5805(2) applies only to statutory claims that exactly "mirror" common law tort claims. To the contrary, courts routinely apply Section 5805(2) to statutory claims, ***even when the claims do not codify common law tort claims***. (*See* ECF 17, Mot. at 17–18.) For example, statutory claims for discrimination in private employment are governed by Section 5805(2)'s three-year statute of limitations because such claims allege injury to persons.[2] Section 5805(2) also applies to Michigan's statutory conversion claim, MCL § 600.2919a, because conversion—the harm at the core of the statutory cause of action—alleges an injury to person or property. *See, e.g.*, *Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623 (Mich. Ct. App. 2007) (applying § 5805 to claims of statutory and common law conversion); *Dabish v. McMahon*, 2019 WL 3288931, at *4 (E.D. Mich. July 22, 2019), *aff'd*, 818 F. App'x 423 (6th Cir. 2020) ("The statute of limitations for statutory conversion is three years.").[3] Similarly,

---

[2] Plaintiffs' assertion in their footnote 4, that these claims subsumed common law claims is false. The common law did not recognize a claim for discrimination in private employment. *Pompey v. Gen. Motors Corp.*, 385 Mich. 537, 552–53(1971). At most, Michigan courts recognized a common law remedy (a civil suit) for a purely statutory claim. *Id.*; *White v. Electronic Data Systems Corp.*, 974 F.2d 1339 [table decision] at *3-4 (6th Cir. 1992).

[3] Importantly, statutory conversion is neither a codification of nor a "mirror" of common law conversion since it allows for treble damages and attorney fees, not available at common law, and requires proof of an additional element: that the defendant stole, embezzled, or converted the property to his "own use." *Aroma Wines & Equip, Inc. v. Columbian Distrib. Servs., Inc.*, 871 N.W.2d 136, 148 (Mich. 2015).

Section 5805(2) applies to statutory wrongful death claims, which do not exist at common law,[4] because such claims are based on tort theory. *See Stewart's Est. v. Armstrong*, 187 N.W.2d 223, 224 (Mich. 1971), *overruled on other grounds* ("[The Act] is premised upon a tort theory. … Since [it] fails to specify a limitations period, the general tort statute of limitations contains the proper limitations period.'"). Courts also apply Section 5805(2) to Michigan's statutory claim for ethnic intimidation, MCL § 750.147b (*Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020));[5] claims under the Communications Act, another statute that protects privacy rights (*Bufalino v. Michigan Bell Tel. Co*., 404 F.2d 1023, 1028 (6th Cir. 1968)); and the Veterans' Re-employment Rights Act (*Marshall v. Chrysler Corp*., 378 F. Supp. 94 (E.D. Mich. 1974), *superseded by statute*).

Plaintiffs also make much of the fact that they are seeking statutory damages and not actual damages. That is, however, a distinction without a difference. For purposes of identifying the proper limitations period, courts should "not look to the *type* of damages, but rather to the *source* of damages." *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) (emphasis supplied). Plaintiffs seek damages for alleged personal injuries, caused by purported violations of the privacy rights, which fall within Section 5805(2)'s unambiguous language.

---

[4] *See In re Olney's Estate*, 309 Mich. 65, 72 (1944) (common law does not recognize wrongful death or survivor claims).

[5] *Dabish* was decided after *Palmer Park Square* and *DiPonio* relied on by Plaintiffs.

**C.** **Plaintiffs Cannot Avoid The 3-Year Limitations Period For Personal Injury Claims Without Giving Up Their Article III Standing**

To establish Article III standing, Plaintiffs must allege a concrete injury. But, as made clear in *TransUnion*, that alleged injury cannot simply be a statutory right to sue. *TransUnion*, 114 S. Ct. at 2205-06. Here, Article III standing requires Plaintiffs to allege a concrete injury in fact, not merely a violation of a statute entitling them to recover statutory damages. *Id.* at 2205 ("an injury in law is not an injury in fact"). If Plaintiffs have not suffered an injury to person, as they contend for purposes of opposing this Motion, they then allege merely a statutory violation and are without Article III standing to proceed.

## III. Conclusion

For all of the above reasons, and those in Defendant's opening brief, the Court should apply Section 5805(2) and dismiss the Complaint with prejudice.

Respectfully Submitted,                    January 10, 2022
BARNES & THORNBURG LLP

*/s/ Jennifer J. Stocker*
Jennifer J. Stocker (P60625)
Anthony C. Sallah (P84136)
Todd G. Vare
171 Monroe Ave NW, Suite 1000
Grand Rapids, MI 49503
Tel: 616.742.3930
jstocker@btlaw.com
asallah@btlaw.com
todd.vare@btlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*Jennifer J. Stocker*
Jennifer J. Stocker (P60625)