# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KSE SPORTSMAN MEDIA, INC. D/B/A OUTDOOR SPORTSMAN GROUP,<br><br>Defendant. | Case No. 21-cv-11404-TLL-PTM<br><br>Honorable Thomas L. Ludington |

## DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action.  I am an attorney at law licensed to practice in the States of Michigan, New York, New Jersey, and Illinois, and I am a member of the bar of this Court.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of Plaintiff's Motion to Compel filed herewith.

3.      On April 19, 2022, Plaintiffs served their First Requests for Production and First Set of Interrogatories.

4.      On May 3, 2022, Plaintiffs' counsel was informed by email that Defendant would be switching its counsel.

5.      On May 5, 2022, Plaintiffs' counsel and new counsel for Defendant had an introductory call and, as a professional courtesy, Plaintiffs' counsel agreed to extend Defendant's deadline to produce initial Rule 26 disclosures until May 23, 2022, and extend its deadline to respond to Plaintiffs' first set of discovery requests until June 9, 2022, to allow Defendant's new counsel adequate time to familiarize themselves with the matter.

6.      On May 23, 2022, Defendant served its initial Rule 26 disclosures, which identified the data companies Chilcutt Direct Marketing, Inc. ("Chilcutt"), CDS Global, Inc. ("CDS"), Wiland, Inc. ("Wiland"), and Epsilon Data Management, LLC ("Epsilon") as potential relevant third parties in this action.

7.      On May 31, 2022, Plaintiffs served subpoenas on those entities seeking, among other documents, copies of contracts with KSE and copies of transmission files of customer information from or on behalf of KSE.

8.      On June 9, 2022, Defendant's counsel requested a second extension of the deadline to respond to Plaintiffs' discovery requests, until June 16, 2022. Plaintiffs' counsel agreed to that request as another professional courtesy.

9.      On June 16, 2022, Defendant served its Responses and Objections to Plaintiffs' First Set of Requests for Production (a true and correct copy of which is

attached hereto as **Exhibit 1**) and its Responses and Objections to Plaintiffs' First

Set of Interrogatories (a true and correct copy of which is attached hereto as

**Exhibit 2**).  Defendant also produced 303 pages of documents.

10.    On June 27, 2022, after analyzing the Responses and Objections and

the document production, Plaintiffs' counsel emailed Defendant's counsel to

schedule a Local Rule 37.1 meet-and-confer teleconference.

11.    Due to illness of Defendant's counsel, that meet-and-confer

teleconference was not conducted until July 8, 2022.

12.    On the teleconference, Plaintiffs' counsel argued that Defendant's

"General Objections" were improper under Rule 34, and specifically that its

General Objections Nos. 5 and 9 – purporting to limit discovery to "Plaintiffs'

individual claim" or to the "magazines to which the named Plaintiffs subscribed" –

were improper.  Plaintiffs' counsel requested that Defendant's counsel supplement

the Responses and Objections to make clear if documents were being withheld

based on these General Objections, and Defendant's counsel agreed to endeavor do

so by July 15, 2022.

13.    On the call, Defendant's counsel also conceded that KSE transmitted

customer data to third party data companies Wiland and Epsilon during the

relevant time period.

14.    On July 19, 2022, Defendant produced an additional 74 pages of

documents and provided a letter summarizing its positions on the outstanding discovery disputes.  A true and correct copy of the letter is attached hereto as **Exhibit 3**.

15.     On July 21, 2022, and on July 26, 2022, Plaintiffs' counsel and Defendant's counsel conducted additional meet-and-confer teleconferences in an attempt to narrow their disputes, but those discussions were unsuccessful.

16.     On July 29, 2022, Defendant's counsel provided a letter contending that "any transfer of data to Acxiom concerning KSE subscribers did not include any information concerning any publication/s subscribed to," but has still not produced a single document regarding the relationship, including even the contract. A true and correct copy of that letter is attached hereto as **Exhibit 4**.

17.     Attached hereto as **Exhibit 5** is a true and correct copy of an October 12, 2015, contract between Defendant and Epsilon, bearing Bates numbers PRATT_KSE_000293 to 294.

18.     Attached hereto as **Exhibit 6** is a true and correct copy of a July 22, 2022 letter from Rachel B. Niewoehner, Esq., counsel for Epsilon, to Plaintiffs' counsel.

19.     Attached hereto as **Exhibit 7** is a true and correct copy of an August 15, 2015 contract between Defendant and Wiland, bearing Bates numbers PRATT_KSE_000295 to 303.

20.    Attached hereto as **Exhibit 8** is a true and correct copy of an August 1, 2007 "List Management Agreement" between Defendant and Chilcutt, bearing Bates numbers PRATT_KSE_000276 to 285.

I declare under penalty of perjury that the above and foregoing is true and accurate.  Executed August 3, 2022, at New York, New York.

Philip L. Fraietta

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN NORTHERN
DIVISION**

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>KSE SPORTSMAN MEDIA, INC., d/b/a OUTDOOR SPORTSMAN GROUP, INC.,<br><br>     Defendant. | Case No. 21-cv-11404-TLL-PTM<br>Honorable Thomas L. Ludington Honorable Patricia T. Morris<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

For its response to Plaintiffs' First Requests for Production, Defendant KSE Sportsman Media, Inc., d/b/a Outdoor Sportsman Group, Inc. ("KSE") states:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

KSE has not yet completed its investigation of the facts related to this litigation. Consequently, these responses are based only on information and documentation presently available to KSE, and disclose only those contentions that presently occur to KSE. It is anticipated that further investigation, research, and analysis will supply additional facts and documents, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, KSE reserves the right to amend these responses as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent. In addition, KSE will fulfill its obligation to supplement these responses pursuant to the applicable rules.

These General Objections are to all of the Discovery Requests and are in addition to any other objections set forth below.

1

1.     KSE objects to all of Plaintiffs' Discovery Requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the work product doctrine, (c) the trial preparation doctrine, or (d) any other applicable discovery rule or privilege. In accordance with the federal rules, KSE will provide a log describing the nature of any privileged documents, communications, or things not produced or disclosed that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection and to which KSE otherwise would be entitled to production. To the extent that any such information is inadvertently revealed, KSE reserves all privilege(s) and protections as to such information, as well as its right to object to admissibility of such information.

2.     By responding to the Discovery Requests of Plaintiffs, KSE concedes neither the relevancy nor the admissibility of any information provided or documents produced in response to such requests.  The production of information or documents in response to a specific discovery request does not constitute an admission that such information is probative of any particular issue in this case.  Any indication that inspection will be permitted as requested does not necessarily mean that documents of the type requested actually exist or that any such documents are in KSE's possession, custody or control. Such an indication means only that, subject to all conditions and objections set forth in these responses, and subject to the terms of any applicable protective order or confidentiality order entered in this or any other case, inspection will be permitted at a time and place mutually agreeable to the parties, to the extent KSE has been able to locate responsive documents.

3.     KSE's responses to Plaintiffs' Discovery Requests are specifically made subject to the terms and provisions of the protective order entered by the Court in this action.

4.     KSE objects to Plaintiffs' instructions to the extent they purport to impose obligations on KSE beyond that which is required by the Federal Rules of Civil Procedure. In particular, KSE objects to Plaintiffs purporting to require KSE to identify every document it is not producing that may

2

be potentially responsive to Plaintiffs' requests as written. KSE's responses will identify what is being produced and provide sufficient information for Plaintiffs to determine whether categories of information are being withheld or not searched for based on an objection.

5.      This is a putative class action. No class has been certified by the Court. KSE objects to the Discovery Requests to the extent they seek information not relevant to Plaintiffs' individual claim or whether the proposed class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

6.      Except where otherwise noted in the specific responses below, KSE objects to the Discovery Requests to the extent they purport to require KSE to create and produce documents not already in existence.

7.      KSE objects to Plaintiffs' definition of "DISCLOSE" as to "make information known" as overly broad.  In these responses, KSE will interpret "DISCLOSE" as to mean "To make (something) known or public."

8.      KSE objects to Plaintiffs' definition of "DISCLOSURE" as including the transmission, selling, leasing, sharing, renting, licensing, "or otherwise disclosing or making information known" as overly broad. In these responses, KSE will interpret "DISCLOSURE" to mean the "act or process of making something known or public."

9.      KSE objects to Plaintiffs' definition of "KSE SPORTSMAN MEDIA MAGAZINES" as "magazines published by KSE" as overly broad given that the named Plaintiffs did not subscribe to most of the magazines KSE publishes. In its responses, KSE will interpret "KSE SPORTSMAN MEDIA MAGAZINES" as to mean those magazines to which the named Plaintiffs subscribed, that is, *Guns & Ammo, RifleShooter,* and *Shooting Times* magazines.

10.     KSE objects to Plaintiffs' definition of "PERSONAL READING INFORMATION" because the pre-July 30, 2016 Preservation of Personal Privacy Act ("PPPA"), Michigan Compiled Laws §§ 445.1711–1715 (effective through July 30, 2016), prohibits the disclosure of "a record or

information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer."

Subject to the foregoing Objections and Qualifications, and subject to the specific objections made with respect to individual Discovery Requests, KSE responds to Plaintiff's Discovery Requests as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   All documents and communications concerning PLAINTIFF PRATT.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained at all, let alone by the CLASS PERIOD, by the allegations in Plaintiffs' Complaint, to information relevant to class certification discovery and/or Plaintiffs' individual claims, or to documents and communications concerning the disclosure of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 2**:   All documents and communications concerning PLAINTIFF JONES.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained at all, let alone by the CLASS PERIOD, by the allegations in Plaintiffs' Complaint, to information relevant to class certification discovery and/or Plaintiffs' individual claims, or to documents and communications concerning the disclosure of information identifying PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING

4

INFORMATION of any individual who subscribed at any point in time to any KSE SPORTSMAN MEDIA MAGAZINES, including but not limited to all contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative.

**RESPONSE**: KSE will produce all contracts and agreements between it and CDS Global Inc., Chilcutt, Direct Marketing, Inc., Epsilon Data Management, LLC, and Wiland, Inc., in force and effect during the CLASS PERIOD.  KSE further refers Plaintiffs to its response to Interrogatory No. 4, and further states that, after performing a diligent search, it has been unable to locate any documents or communications that show the provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained to disclosures concerning Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines and seeks information irrelevant to class certification and Plaintiffs' individual claims.

**REQUEST FOR PRODUCTION NO. 4:**  Documents sufficient to show YOUR DISCLOSURES of PLAINTIFF PRATT'S KSE SPORTSMAN MEDIA MAGAZINES PERSONAL READING INFORMATION to third parties.

**RESPONSE:**  KSE refers Plaintiffs to its response to Request for Production No. 3, in which KSE states that, after performing a diligent search, it has been unable to locate any documents or

communications that show KSE's provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 5:**  Documents sufficient to show YOUR DISCLOSURES of PLAINTIFF JONES' KSE SPORTSMAN MEDIA MAGAZINES PERSONAL READING INFORMATION to third parties during the CLASS PERIOD.

**RESPONSE:** KSE refers Plaintiffs to its response to Request for Production No. 3, in which KSE states that, after performing a diligent search, it has been unable to locate any documents or communications that show KSE's provision of information identifying PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**  Documents sufficient to show YOUR DISCLOSURES of all Michigan subscribers' KSE SPORTSMAN MEDIA MAGAZINES PERSONAL READING INFORMATION to third parties.

**RESPONSE:**  KSE refers Plaintiffs to its response to Requests for Production No. 3, in which it states that, after performing a diligent search, it has been unable to locate any documents or communications that show KSE's provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times,* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD,

6

seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to disclosures identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 7:**  All documents sufficient to show the number of subscribers to KSE SPORTSMAN MEDIA MAGAZINES in Michigan during the CLASS PERIOD.

**RESPONSE**:  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the number of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines.

**REQUEST FOR PRODUCTION NO. 8:**  All documents concerning YOUR policies concerning data sharing.

**RESPONSE***:*  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, is not limited to the development or design of policies governing data sharing of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines, and seeks documents protected by the attorney-client privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 9:**  All documents concerning YOUR policies regarding DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, is not limited to the development or design of policies governing data sharing of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines, and seeks documents protected by the attorney-client

privilege and/or work-product doctrine.

**REQUEST FOR PRODUCTION NO. 10:**  All documents and communications relevant to identifying individual Michigan subscribers to KSE SPORTSMAN MEDIA MAGAZINES within the CLASS PERIOD, including first and last name, last known mailing address, last known telephone number, and last known email address, whose PERSONAL READING INFORMATION was DISCLOSED to third parties.

**RESPONSE:** KSE refers Plaintiffs to its response to Request for Production No. 3, in which KSE states that, after performing a diligent search, it has been unable to locate any documents or communications that show the provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks information irrelevant to class certification and Plaintiffs' individual claims and is not constrained to disclosures concerning Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 11:**  Documents sufficient to show all gross and net revenues derived from YOUR sale or DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to documents showing gross and net revenues derived from disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 12:**  Documents sufficient to show all purported notice(s) YOU provided to KSE SPORTSMAN MEDIA MAGAZINES subscribers in Michigan informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**RESPONSE:**  KSE agrees to produce documents sufficient to show notices provided to PLAINTIFF PRATT and PLAINTIFF JONES during the CLASS PERIOD that their information could be made available to reputable firms offering goods and services of interest to PLAINTIFF PRATT and PLAINTIFF JONES.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to notices provided to Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 13:**  Documents sufficient to show the number of subscribers to KSE SPORTSMAN MEDIA MAGAZINES in Michigan who subscribed directly from YOU.

**RESPONSE**:  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to Plaintiffs' individual claims, and is not limited to Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 14:**  Documents sufficient to show the number of subscribers to KSE SPORTSMAN MEDIA MAGAZINES in Michigan who subscribed from YOU by postcard.

**RESPONSE**: KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to Plaintiffs' individual claims, and is not limited to Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 15:**  Documents sufficient to show the number and identity of subscribers to KSE SPORTSMAN MEDIA MAGAZINES who have requested YOU not DISCLOSE their PERSONAL READING INFORMATION.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to limited to documents sufficient to show the number and identity of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines who opted out of disclosures.

**REQUEST FOR PRODUCTION NO. 16:**  Documents sufficient to show the number and identity of Michigan subscribers to KSE SPORTSMAN MEDIA MAGAZINES who have consented in writing to YOUR DISCLOSURES of their PERSONAL READING INFORMATION.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD and seeks information irrelevant to class certification and Plaintiffs' individual claims.

**REQUEST FOR PRODUCTION NO. 17:**  All articles and studies concerning the value or uses of PERSONAL READING INFORMATION.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 18:**  All consumer surveys in YOUR possession concerning the value consumers place on confidentiality of their PERSONAL READING INFORMATION.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks

information irrelevant to class certification and Plaintiffs' individual claims, and seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 18:** All documents and communications concerning any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** KSE has already produced all applicable insurance agreements that may provide coverage or partial coverage for KSE in this action.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to show your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

**RESPONSE:** KSE states that, after performing a diligent search, it has been unable to locate any document retention policies in force and effect during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint and seeks information irrelevant to class certification and Plaintiffs' individual claims.

**REQUEST FOR PRODUCTION NO. 21:** Documents sufficient to show: (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling or DISCLOSING subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class

11

certification and Plaintiffs' individual claims, and is not limited to documents showing expenses incurred from disclosure of information of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 22:**  Documents sufficient to show gross profit, operating profit, net profit, and any other measure of profit that YOU use derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to documents showing profits derived from disclosure of information of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 23:**  Documents sufficient to show every time a Michigan subscribers' PERSONAL READING INFORMATION was DISCLOSED by YOU within the CLASS PERIOD.

**RESPONSE:**  KSE refers Plaintiffs to its response to Request for Production No. 3, and further states that, after performing a diligent search, it has been unable to locate any documents or communications that show the provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks information irrelevant to class certification and Plaintiffs' individual claims and is not constrained to disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 24:** Documents sufficient to show the total number of unique Michigan subscribers that had their PERSONAL READING INFORMATION DISCLOSED by YOU within the CLASS PERIOD.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 25:** All documents concerning forms and/or templates that YOU use to DISCLOSE subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks irrelevant information because the pre-July 30, 2016 PPPA only prohibits the disclosure of "a record or information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer," seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to templates used to disclose information concerning Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 26:** Documents sufficient to show all gross and net revenues derived from YOUR sale of KSE SPORTSMAN MEDIA MAGAZINES subscriptions in Michigan, on a monthly basis, within the CLASS PERIOD.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to documents showing revenues derived from disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting*

*Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 27:**  Documents sufficient to show: (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling magazine subscriptions in Michigan, on a monthly basis.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to documents showing expenses incurred from the operation of *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 28:**  Documents sufficient to show gross profit, operating profit, net profit, and any other measure of profit that YOU derived from YOUR sale of magazine subscriptions in Michigan, on a monthly basis.

**RESPONSE:**  KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to documents showing profits derived from selling subscriptions to Michigan residents of *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 29:**  All documents and communications concerning the purpose(s) for which YOUR Michigan subscribers PERSONAL READING INFORMATION was DISCLOSED and/or used after DISCLOSURE.

**RESPONSE:**  KSE states that, after performing a diligent search, it has been unable to locate any documents and communications concerning the purpose(s) for which, specifically, PLAINTIFF PRATT'S information identifying him as a subscriber to *Guns & Ammo, Shooting Times,* and

14

*RifleShooter* magazines and PLAINTIFF JONES' information identifying him as a subscriber to *Shooting Times* and *RifleShooter* magazines was provided to other entities.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks documents irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, and is not limited to the purpose of disclosures of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 30:**  Documents sufficient to show any DISCLOSURE, during the CLASS PERIOD, of any PERSONAL READING INFORMATION of PLAINTIFF PRATT to any entity.

**RESPONSE:**  KSE refers Plaintiffs to its responses to Request for Production No. 3, in which KSE states that, after performing a diligent search, it has been unable to locate any documents or communications that show KSE's provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained to disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 31:**  Documents sufficient to show any DISCLOSURE, during the CLASS PERIOD, of any PERSONAL READING INFORMATION of PLAINTIFF JONES to any entity.

**RESPONSE:** KSE refers Plaintiffs to its responses to Request for Production No. 3, in which KSE states that, after performing a diligent search, it has been unable to locate any documents or communications that show KSE's provision of information identifying PLAINTIFF JONES as a

subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained to the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 32:**  Copies of all issues of *Guns & Ammo*, *RifleShooter*, and *Handguns* magazines from the date of PLAINTIFF PRATT'S first subscription to July 30, 2016.

**RESPONSE**:  KSE refers Plaintiffs to its Response to Request for Production No. 12, in which it agreed to produce documents sufficient to show notices provided to PLAINTIFF PRATT and PLAINTIFF JONES during the CLASS PERIOD that their information could be made available to reputable firms offering goods and services of interest to PLAINTIFF PRATT and PLAINTIFF JONES.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 33:**  Copies of all issues of *Guns & Ammo*, *RifleShooter*, and *Handguns* magazines from the date of PLAINTIFF JONES' first subscription to July 30, 2016.

**RESPONSE:** KSE refers Plaintiffs to its Response to Request for Production No. 12, in which it agreed to produce documents sufficient to show notices provided to PLAINTIFF PRATT and PLAINTIFF JONES during the CLASS PERIOD that their information could be made available to reputable firms offering goods and services of interest to PLAINTIFF PRATT and PLAINTIFF JONES.

Beyond this, KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 34:**  Documents and ESI sufficient to identify each purchaser of each subscription to KSE SPORTSMAN MEDIA MAGAZINES on an account with a Michigan

address, purchased on or before July 30, 2016.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request seeks information irrelevant to class certification and Plaintiffs' individual claims, is not constrained by the CLASS PERIOD, and is not limited to Michigan purchasers of subscriptions to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**REQUEST FOR PRODUCTION NO. 35:**  All documents and ESI concerning any payment received on or before July 30, 2016, for a subscription to KSE SPORTSMAN MEDIA MAGAZINES on an account with a Michigan address.

**RESPONSE:** KSE objects to this Request as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Request is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to Michigan purchasers of subscriptions to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

Dated:  June 16, 2022.

<div style="margin-left:40%">

/s/ Katie G. Crane
Mary Quinn Cooper, OBA #11966
Kathy R. Neal, OBA #674
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
kathy.neal@mcafeetaft.com
katie.crane@mcafeetaft.com

-and-

Jonathan E.  Lauderbach (P51313)
WARNER NORCROSS + JUDD LLP
715 East Main Street, Suite 110
Midland MI  48640
(989) 698-3701
jlauderbach@wnj.com

***Attorneys for Defendant KSE Sportsman Media, Inc.***

</div>

## <u>CERTIFICATE OF SERVICE</u>

  I, Katie G. Crane, hereby certify that on this 16th day of June, 2022, I caused true and correct copies of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET REQUESTS FOR PRODUCTION to be served upon all plaintiffs' counsel of record via email.


        _/s/ Katie G. Crane_____

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN NORTHERN
DIVISION**

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KSE SPORTSMAN MEDIA, INC., d/b/a OUTDOOR SPORTSMAN GROUP, INC., <br><br> Defendant. | Case No. 21-cv-11404-TLL-PTM <br> Honorable Thomas L. Ludington Honorable <br><br> Patricia T. Morris <br><br> **DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

For its response and objections to Plaintiffs' First Interrogatories, Defendant KSE Sportsman Media, Inc., d/b/a Outdoor Sportsman Group, Inc. ("KSE") states:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

KSE has not yet completed its investigation of the facts related to this litigation. Consequently, these responses are based only on information and documentation presently available to KSE, and disclose only those contentions that presently occur to KSE. It is anticipated that further investigation, research, and analysis will supply additional facts and documents, add meaning to known facts, and perhaps establish entirely new factual conclusions, all of which may in turn lead to substantial additions or changes to these responses. Accordingly, KSE reserves the right to amend these responses as additional facts are ascertained, analyses are made, research is completed, and contentions become apparent. In addition, KSE will fulfill its obligation to supplement these responses pursuant to the applicable rules.

1

These General Objections are to all of the Discovery Requests and are in addition to any other objections set forth below.

1.      KSE objects to all of Plaintiffs' Discovery Requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the work product doctrine, (c) the trial preparation doctrine, or (d) any other applicable discovery rule or privilege. In accordance with the federal rules, KSE will provide a log describing the nature of any privileged documents, communications, or things not produced or disclosed that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the applicability of the privilege or protection and to which KSE otherwise would be entitled to production. To the extent that any such information is inadvertently revealed, KSE reserves all privilege(s) and protections as to such information, as well as its right to object to admissibility of such information.

2.      By responding to the Discovery Requests of Plaintiffs, KSE concedes neither the relevancy nor the admissibility of any information provided or documents produced in response to such requests.  The production of information or documents in response to a specific discovery request does not constitute an admission that such information is probative of any particular issue in this case.  Any indication that inspection will be permitted as requested does not necessarily mean that documents of the type requested actually exist or that any such documents are in KSE's possession, custody or control. Such an indication means only that, subject to all conditions and objections set forth in these responses, and subject to the terms of any applicable protective order or confidentiality order entered in this or any other case, inspection will be permitted at a time and place mutually agreeable to the parties, to the extent KSE has been able to locate responsive documents.

3.      KSE's responses to Plaintiffs' Discovery Requests are specifically made subject to the terms and provisions of the protective order entered by the Court in this action.

4.      KSE objects to Plaintiffs' instructions to the extent they purport to impose obligations on KSE beyond that which is required by the Federal Rules of Civil Procedure. In particular, KSE objects to Plaintiffs purporting to require KSE to identify every document it is not producing that may be potentially responsive to Plaintiffs' requests as written. KSE's responses will identify what is being produced and provide sufficient information for Plaintiffs to determine whether categories of information are being withheld or not searched for based on an objection.

5.      This is a putative class action. No class has been certified by the Court. KSE objects to the Discovery Requests to the extent they seek information not relevant to Plaintiffs' individual claim or whether the proposed class should be certified under Rule 23 of the Federal Rules of Civil Procedure.

6.      Except where otherwise noted in the specific responses below, KSE objects to the Discovery Requests to the extent they purport to require KSE to create and produce documents not already in existence.

7.      KSE objects to Plaintiffs' definition of "DISCLOSE" as to "make information known" as overly broad.  In these responses, KSE will interpret "DISCLOSE" as to mean "To make (something) known or public."

8.      KSE objects to Plaintiffs' definition of "DISCLOSURE" as including the transmission, selling, leasing, sharing, renting, licensing, "or otherwise disclosing or making information known" as overly broad. In these responses, KSE will interpret "DISCLOSURE" to mean the "act or process of making something known or public."

9.      KSE objects to Plaintiffs' definition of "KSE SPORTSMAN MEDIA MAGAZINES" as "magazines published by KSE" as overly broad given that the named Plaintiffs did not subscribe to most of the magazines KSE publishes. In its responses, KSE will interpret "KSE SPORTSMAN MEDIA MAGAZINES" as to mean those magazines to which the named Plaintiffs subscribed, that is, *Guns & Ammo, RifleShooter,* and *Shooting Times* magazines.

3

10.     KSE objects to Plaintiffs' definition of "PERSONAL READING INFORMATION" because the pre-July 30, 2016 Preservation of Personal Privacy Act ("PPPA"), Michigan Compiled Laws §§ 445.1711–1715 (effective through July 30, 2016), prohibits the disclosure of "a record or information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer."

Subject to the foregoing Objections and Qualifications, and subject to the specific objections made with respect to individual Discovery Requests, KSE responds to Plaintiff's Discovery Requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION.

**RESPONSE:**   KSE is aware of the following persons who may have knowledge of the potential provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* to other entities during the CLASS PERIOD: Peter Watt, Sandro Zhinin, Liju Rajan, Brian Sullivan, and Jeff Paro.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to individuals with knowledge of the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 2:** Identify all persons with knowledge of any purported notice(s) YOU provided to KSE SPORTSMAN MEDIA MAGAZINES subscribers informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

4

**RESPONSE:**  KSE is aware of the following person who may have knowledge of notices provided to PLAINTIFF PRATT and PLAINTIFF JONES during the CLASS PERIOD: David Gluck.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to individuals with knowledge of notices provided to Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 3:**  Identify all persons with knowledge of gross and net revenues derived from YOUR DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to gross and net revenues derived from disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 4**:  Identify all entities to which YOU DISCLOSED KSE SPORTSMAN MEDIA MAGAZINES subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**RESPONSE:** KSE states that CDS Global Inc. ("CDS") stored certain information about PLAINTIFF PRATT and PLAINTIFF JONES, including their names and the titles of the magazines to which they subscribed.  KSE further states that it is unable to say with certainty whether, during the CLASS PERIOD, certain of this information was pulled from the marketing database housed at CDS by Chilcutt Direct Marketing, Inc. ("Chilcutt"). KSE further states that it is unable to say with certainty whether,

during the CLASS PERIOD, certain of this information was pulled from CDS and provided to Epsilon Data Management, LLC ("Epsilon") and Wiland, Inc. ("Wiland").

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not limited to disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines and seeks information irrelevant to class certification and Plaintiffs' individual claims.

**INTERROGATORY NO. 5**: Identify all persons involved in the development or design of YOUR policies regarding data sharing or DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** KSE states Peter Watt was involved in the oversight of policies that governed the potential provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines OR PLAINTIFF JONES as a subscriber to *Shooting Times,* and *RifleShooter* to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD, is not limited to the development or design of policies governing data sharing of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines, and seeks information protected by the attorney-client privilege and/or work-product doctrine.

**INTERROGATORY NO. 6:** Identify all persons with knowledge of the number of subscribers of KSE SPORTSMAN MEDIA MAGAZINES in Michigan, with knowledge of the number of subscribers who subscribed directly from YOU, and with knowledge of the number of subscribers who subscribed from YOU by postcard.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS

6

PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to the number of Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 7**: Identify all categories of PERSONAL READING INFORMATION DISCLOSED by YOU to third parties.

**RESPONSE:**  KSE refers Plaintiffs to its response to Interrogatory No. 4, in which it states that CDS stored certain information about PLAINTIFF PRATT and PLAINTIFF JONES, including their names and the titles of the magazines to which they subscribed.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD, is not limited to the categories of information disclosed by KSE to third parties concerning Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is overbroad given that the pre-July 30, 2016 PPPA only prohibits the disclosure of "a record or information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer."

**INTERROGATORY NO. 8:**  State the total gross and net revenue derived from YOUR DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES Michigan subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to gross revenues derived from disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

7

**INTERROGATORY NO. 9:** State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to profits associated with the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 10:**  State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**RESPONSE:**  KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to expenses associated with the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 11:**  Identify all persons with knowledge of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** KSE identifies its counsel in response to this Interrogatory.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and

8

seeking of irrelevant information, including because the Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

**INTERROGATORY NO. 12:** State the total gross and net revenue derived from YOUR DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES subscriptions in Michigan, on a monthly basis.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to revenue associated with the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 13:** State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of DISCLOSING KSE SPORTSMAN MEDIA MAGAZINES subscriptions in Michigan, on a monthly basis.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to expenses associated with the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 14:** State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of KSE SPORTSMAN MEDIA MAGAZINES subscriptions in Michigan, on a monthly basis.

**RESPONSE:** KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking

9

of irrelevant information, including because the Interrogatory seeks information irrelevant to the claim set forth in Plaintiffs' Complaint, is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to profits associated with the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 15:**  Identify all persons with knowledge of YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any KSE SPORTSMAN MEDIA MAGAZINES, including all persons with knowledge of any contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative, pertaining to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any KSE SPORTSMAN MEDIA MAGAZINES.

**RESPONSE:** KSE is aware of the following persons who may have knowledge of the potential provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* to other entities during the CLASS PERIOD, as well as knowledge of contracts in force and effect during the CLASS PERIOD between KSE and Chilcutt, Epsilon, and Wiland, respectively: Peter Watt; Sandro Zhinin, Liju Rajan, Brian Sullivan, Jeff Paro, Byron Scarlett, and Alan Klein.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to

class certification and Plaintiffs' individual claims and is not limited to disclosure of, or contracts governing the disclosure of, information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 16:** Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF PRATT.

**RESPONSE:** KSE directs Plaintiffs to its response to Interrogatory No. 4, in which it states that CDS stored certain information about PLAINTIFF PRATT, including his name and the titles of the magazines to which he subscribed.  KSE further states that it is unable to say with certainty whether, during the CLASS PERIOD, certain of this information was pulled from the marketing database housed at CDS by Chilcutt.  KSE further states that it is unable to say with certainty whether, during the CLASS PERIOD, certain of this information was pulled from CDS and provided to Epsilon and Wiland.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not limited to the disclosure of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 17:**  Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF JONES.

**RESPONSE:** KSE directs Plaintiffs to its response to Interrogatory No. 4, in which it states that CDS stored certain information about PLAINTIFF JONES, including his name and the titles of the magazines to which he subscribed.  KSE further states that it is unable to say with certainty whether, during the CLASS PERIOD, certain of this information was pulled from the marketing database housed at CDS by Chilcutt.  KSE further states that it is unable to say with certainty whether, during the CLASS PERIOD, certain of this information was pulled from CDS and provided to Epsilon and Wiland.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and

11

seeking of irrelevant information, including because the Interrogatory is not limited to the disclosure of information identifying PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines.

**INTERROGATORY NO. 18:** Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the DISCLOSURE of PERSONAL READING INFORMATION that YOU purportedly provided to any individual who subscribed at any point in time to any KSE SPORTSMAN MEDIA MAGAZINES and whose PERSONAL READING INFORMATION was DISCLOSED BY YOU during the CLASS PERIOD.

**RESPONSE:** KSE identifies Peter Watt as involved in the oversight of policies that governed the potential provision of information identifying PLAINTIFF PRATT as a subscriber to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines or PLAINTIFF JONES as a subscriber to *Shooting Times* and *RifleShooter* magazines to other entities during the CLASS PERIOD.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information protected by the attorney-client privilege and/or work-product doctrine, seeks information irrelevant to class certification and Plaintiffs' individual claims, and is not limited to policies or notices governing the disclosure of information identifying Michigan subscribers to *Guns & Ammo, Shooting Times,* and *RifleShooter* magazines.

**INTERROGATORY NO. 19**:  State all personal information pertaining to PLAINTIFF PRATT that YOU possess, including but not limited to such information as PLAINTIFF PRATT'S name, address, e-mail address, date of birth, social security number, educational background, employment history, financial information, physical characteristics, ethnicity and religion.

**RESPONSE:** KSE states that its database contains certain information about PLAINTIFF PRATT, including his name, the titles of the magazines to which he subscribed, and whether he had requested to

be categorized as Do Not Promote ("DNP").

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD and is overbroad given that the pre-July 30, 2016 PPPA prohibits the disclosure of "a record or information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer."

**INTERROGATORY NO. 20:**  State all personal information pertaining to PLAINTIFF that YOU possess, including but not limited to such information as PLAINTIFF PRATT'S name, address, e-mail address, date of birth, social security number, educational background, employment history, financial information, physical characteristics, ethnicity and religion.

**RESPONSE:** Assuming Plaintiffs meant to specify PLAINTIFF JONES in this interrogatory, KSE states that its database contains certain information about PLAINTIFF JONES, including his name, the titles of the magazines to which he subscribed, and whether he had requested to be categorized as DNP.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD and is overbroad given that the pre-July 30, 2016 PPPA prohibits the disclosure of "a record or information concerning the purchase . . . of [written materials] by a customer that indicates the identity of the customer."

**INTERROGATORY NO. 21:**  Identify the periods of time (by start dates and end dates) during which YOU included the following statement (or a statement substantially similar to the following statement) in copies of KSE SPORTSMAN MEDIA MAGAZINES: "Occasionally, our subscriber list is made available to reputable firms offering goods and services that we believe would be of interest to our readers.  If you prefer to be excluded, please send your current address label and a note requesting to be excluded from these promotions to:  Outdoor Sportsman Group® - 1040 6th Ave, 17th Floor, New

13

York, NY 10019 Attn: Privacy Coordinator, or email your label information and note to privacy@outdoorsg.com."

**RESPONSE:** KSE states that during the CLASS PERIOD, it included that statement quoted in Interrogatory No. 21 or a substantially similar statement in copies of *Guns & Ammo, RifleShooter,* and *Shooting Times* magazines sent to PLAINTIFF PRATT and PLAINTIFF JONES.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory is not constrained by the CLASS PERIOD, seeks information irrelevant to class certification and Plaintiffs' individual claims, and seeks information protected by the attorney-client privilege and/or work-product doctrine.

**INTERROGATORY NO. 22:** Identify all of the "reputable firms offering goods and services that we believe would be of interest to our readers" to which YOU were referring in the quotation in the preceding Interrogatory No. 21 during the CLASS PERIOD.

**RESPONSE:** KSE states that it does not know the identity the "reputable firms offering goods and services that we believe would be of interest to our readers" included in the disclosure in *Guns & Ammo, RifleShooter,* and *Shooting Times* sent to PLAINTIFF PRATT and in *RifleShooter* and *Shooting Times* sent to PLAINTIFF JONES during the CLASS PERIOD.

Beyond this, KSE objects to this Interrogatory as it is overly broad, unduly burdensome, and seeking of irrelevant information, including because the Interrogatory seeks information irrelevant to class certification and Plaintiffs' individual claims.

Dated:  June 16, 2022.

/s/ Katie G. Crane
Mary Quinn Cooper, OBA #11966
Kathy R. Neal, OBA #674
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100

14

Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
kathy.neal@mcafeetaft.com
katie.crane@mcafeetaft.com

-and-

Jonathan E.  Lauderbach (P51313)
WARNER NORCROSS + JUDD LLP
715 East Main Street, Suite 110
Midland MI  48640
(989) 698-3701
jlauderbach@wnj.com

***Attorneys for Defendant KSE Sportsman Media, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I, Katie G. Crane, hereby certify that on this 16th day of June, 2022, I caused true and correct copies of the foregoing DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET REQUESTS FOR PRODUCTION to be served upon all plaintiffs' counsel of record via email.

____/s/ Katie G. Crane_____

# Exhibit 3



A   PROFESSIONAL   CORPORATION

1717 S. BOULDER • SUITE 900
TULSA, OK 74119
(918) 587-0000 • FAX (918) 599-9317
www.mcafeetaft.com

KATIE G. CRANE
ATTORNEY AT LAW

WRITER DIRECT
(918) 574-3032
FAX (918) 599-9317
katie.crane@mcafeetaft.com

July 19, 2022

Joseph L. Marchese
Phillip L. Fraietta
BURSOR & FISHER, P.A.
jmarchese@bursor.com
pfraietta@bursor.com

RE:     *Richard Pratt and Larry Jones v. KSE Sportsman Media, Inc., d/b/a Outdoor Sportsman Group, Inc.,* 21-CV-11404 (TLL) (PTM) (E.D. Michigan)

Joseph and Phillip,

Thank you for participating in the parties' meet and confer on July 8, 2022, in which we discussed the Requests for Production ("RFP") and Interrogatories (collectively, "Discovery Requests") issued by Plaintiffs Richard Pratt and Larry Jones (the "Named Plaintiffs"), and KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc.'s ("KSE") Responses thereto. We appreciate your feedback and discussed your discovery concerns with each other and our client. As promised, please see our below responses, which address outstanding questions and objections from last week's meeting.

**A.     RFP; General Objections and KSE's Intent to Supplement**

During our discussion, you expressed the concern that you could not determine if KSE was withholding documents based on its general objections, as is required by Fed. R. Civ. P. 34. We can confirm that no documents were withheld on the basis of KSE's definition of DISCLOSE (General Objection No. 7) or DISCLOSURE (General Objection No. 8). And, subject to the objections already detailed in KSE's Response and those detailed herein, we can also confirm that no documents were withheld in response to the following RFPs: 4,[1] 5, 6, 19,[2] 20, 23, 24, 25, 30, 31, 34.

---

[1] KSE is working with CDS Global Inc. to locate any documents responsive to this request consistent with the objections detailed in its Response and those detailed herein, as well as any other requests (*see, e.g.,* RFP Nos. 5, 6, 30, 31) in which KSE's relationship with CDS might result in CDS's possession of relevant documents.

[2] Incorrectly labeled as a Response to RFP No. 18 on page 11 of KSE's Response.

Subject to the objections already detailed in KSE's Responses and those further detailed herein, *see infra* Sections B & D, for the following RFPs, KSE intends to supplement and/or KSE does not have any relevant documents, and thus, does not intend to withhold documents, as follows:

- RFP Nos. 1, 2: KSE will supplement with Named Plaintiffs' subscription history. KSE also agrees to produce, if necessary, a so-called "database dictionary."  Beyond this, KSE is not aware of any other documents or communications responsive to these Requests.

- RFP No. 3: It is our understanding that Acxiom enhances KSE's data.  We are still conferring with CDS Global Inc. ("CDS") on the contours of that relationship, and may supplement this request with any relevant "contracts or other agreements" with Acxiom in operation and effect during the CLASS PERIOD.

- RFP Nos. 8 and 9:  KSE will supplement with any documents concerning KSE's policies concerning data sharing and/or disclosure of information identifying KSE subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines during the CLASS PERIOD.

- RFP Nos. 11, 21, 22: KSE stands by its objections detailed in its Responses to RFP Nos. 11, 21, and 22, and states in supplementation that it has no responsive documents because KSE does not maintain documents detailing monthly revenue derived from, expenses associated with, and/or profit derived from its direct mail partnership with Chilcutt Direct Marketing, Inc. ("Chilcutt") by geographic area (Michigan) or publication subscribed to (*Guns & Ammo, Rifleshooter,* or *Shooting Times*).

- RFP Nos. 12, 32, 33: To the extent such records have been maintained, KSE will supplement with any notices contained in *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines from Named Plaintiffs' first subscriptions, respectively, up and until May 2015.

- RFP No. 16: KSE stands by its objections detailed in its Response to RFP No. 16, and states in supplementation that it has no responsive documents because any records of written consent provided by Michigan subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* during the CLASS PERIOD have not been maintained by KSE or CDS.

- RFP Nos. 17 and 18: To the extent such records have been maintained, KSE will supplement its production with any articles or studies concerning the value or uses of information identifying Michigan subscribers to *Guns & Ammo, Rifleshooter,* or *Shooting Times* magazines, or of consumer surveys concerning the value subscribers place on confidentiality.

- RFP No. 29: To the extent such records have been maintained, KSE will supplement with any documents or communications concerning the purpose for which Michigan subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines was shared or utilized after sharing.

2

B.     **RFPs; Documents Withheld**

As far as RFP No. 10, the request seeks identifying information of Michigan subscribers to KSE publications during the Class Period whose "PERSONAL READING INFORMATION was DISCLOSED to third parties." As explained in its Response and during the meet and confer, after performing a diligent search, KSE is unable to locate any transmission files from the CLASS PERIOD. Therefore, as written, KSE does not have any documents responsive to RFP No. 10.

We understand from our telephone conversation, however, that you are looking for a list that identifies all subscribers to all KSE publications. We object, and until the Court orders otherwise, will withhold, any discovery that seeks identification of all Michigan subscribers to all KSE publications. Beyond the fact that such a request is not limited by publication, *see* objections detailed *infra*, or time period, in the Complaint, the class is defined as: "all Michigan residents who, at any point during the relevant pre-July 30, 2016 time period, had their Private Reading Information disclosed to third parties by [KSE] without consent." ECF No. 1, ¶ 50. Thus, in dispute for the purposes of liability and the relevant Fed. R. Civ. P. 23 factors is not who subscribed, but whether the identifying information of those subscribers was disclosed by KSE to third parties in contravention of Michigan's pre-July 31, 2016 Preservation of Personal Privacy Act (the "PPPA"). While Plaintiffs must show that the Named Plaintiffs purchased "written materials" from KSE and that such purchase is a question common to the proposed class, the alleged disclosure that is actionable is one that discloses "a record concerning the purchase . . . of [written material] by a customer that indicates the identity of the customer." M.C.L.A. § 445.1712. Thus, the alleged actionable disclosure proves that the individual purchased a KSE publication, and any subscriber list maintained by KSE or any other entity is not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, to the extent the Court finds you are entitled to subscription records, such records need not identify the name, address, telephone number, and email address of KSE subscribers. "Courts have routinely precluded discovery that will identify potential class members until an action is certified as a class action." *See Jurich v. Compass Marine, Inc.*, No. CV 12-00176-WS-B, 2013 WL 12353646, at *4 (S.D. Ala. June 11, 2013) (compiling cases and declining to order the defendant to produce records identifying class members prior to discovery); *see also Oppenheimer*, 437 U.S. at 351-53 ("Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' . . . The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case."). The same is true of RFP No. 15, which seeks, *inter alia,* the identity of any individuals who requested that KSE not disclose their personal data. Such identification is relevant for noticing the class if it is certified, but is not likely to lead to the discovery of admissible evidence that KSE violated the PPPA insofar as it concerns the Named Plaintiffs or in regards to the factors the Court will consider on a motion for class certification.

Additionally, KSE continues to object, and until the Court orders otherwise, will withhold, any discovery that concerns KSE publications to which the Named Plaintiffs did not subscribe. *See, e.g.,* RFP Nos. 7, 10, 13, 14. You directed us to *Coulter-Owens v. Time, Inc.*, 308 F.R.D. 524 (E.D. Mich. 2015), as an example of a case in which a court certified a class of subscribers to magazines beyond the magazines subscribed to by the named plaintiff. That appears to be incorrect. Time's Opposition to the Motion for Class Certification states as follows: "Plaintiff

subscribed to TIME, Fortune, and Real Simple in November 2009. (Ex. DD, Nos. 2, 16.)" 2015 WL 13648975.  The class certified was "All Michigan residents who between March 31, 2009 and November 15, 2013 purchased a subscription to *TIME, Fortune,* or *Real Simple* magazines . . ." *Coulter-Owens v. Time, Inc.,* 308 F.R.D. 524, 537 (E.D. Mich. 2015).  Named Plaintiffs do not have a PPPA claim for disclosure of information identifying them as purchasers of *Fly Fisherman, In-Fisherman, Florida Sportsman, BassFan, Game & Fish, North American White Tail, Petersen's Hunting, Bowhunter, Petersen's Bowhunting, Wildfowl, Gun Dog,* or *Firearms News*, and therefore, cannot represent a class whose members allegedly had information identifying them as purchasers of *Fly Fisherman, In-Fisherman, Florida Sportsman, BassFan, Game & Fish, North American White Tail, Petersen's Hunting, Bowhunter, Petersen's Bowhunting, Wildfowl, Gun Dog,* or *Firearms News* disclosed to third parties in violation of the PPPA.

## C.    **Interrogatories; KSE's Supplement**

Subject to the objections already detailed in KSE's Response and those detailed herein, KSE supplements its Responses to Plaintiffs' Interrogatories as follows:

- Interrogatories Nos. 3, 8, 9, 10, 12, 13, 14: KSE refers Plaintiffs to its supplemental response to RFP Nos. 11, 21, 22, *supra.*

- Interrogatory No. 4: As detailed above, it is our understanding that Acxiom enhances KSE's data.  We are still conferring with CDS on the contours of that relationship, and cannot say at this time whether or not KSE provided information identifying subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines to Acxiom during the CLASS PERIOD.

- Interrogatory No. 6: KSE identifies Peter Watt, Sandro Zhinin, Brian Sullivan, Byron Scarlett, Liju Rajan, and Alan Klein.

- Interrogatory No. 7: KSE supplements its response and states that during the Class Period, CDS stored certain information about Michigan subscribers to *Guns & Ammo, Shooting Times,* and *Rifleshooter* magazines, including the subscribers' first and last name; titles of magazines subscribed to; home address; and subscription details, such as inception purchase date and/or latest purchase date.

- Interrogatory No. 15: KSE states:

    o **Jeff Paro**, Co-President
        ▪ No specific responsibilities for consumer marketing other than Peter Watt being his direct report
        ▪ Direct Reports: Peter Watt

    o **Peter Watt**, Vice President of Consumer Marketing
        ▪ Oversees subscriptions, single copy sales (newsstand), and digital and database marketing
        ▪ Direct Reports: Brian Sullivan

- o **Brian Sullivan**, Director of Consumer Marketing,
  - Responsible for subscription marketing
  - Direct Reports: Byron Scarlett and Liju Rajan

- o **Liju Rajan**: Consumer Marketing Manager, Online
  - Responsible for all online/digital subscription marketing
  - Direct Reports: Sandro Zhinin

- o **Sandro Zhinin**, Associate Manager Digital and Database Marketing
  - Assist Consumer Marketing Director, Online with digital and database marketing
  - Direct Reports: N/A

- o **Byron Scarlett**, Associate Consumer Marketing Director, New Business
  - Responsible for all aspects of direct mail, insert card production, and agency business
  - Direct Reports: Alan Klein

- o **Alan Klein**, Consumer Marketing Manager, New Business,
  - Assist the Associate Consumer Marketing Director, New Business with all aspects of direct mail, insert card production, and agency business
  - Direct Reports: N/A

- Interrogatory No. 21: KSE refers Plaintiffs to its agreement to supplement its response to RFP Nos. 12, 32, and 33 with any notices going back to the Named Plaintiffs' first subscription to the extent such notices exist for *Guns & Ammo, Rifleshooter,* and *Shooting Times* magazines.

## D.    <u>Interrogatories; Information Withheld</u>

KSE incorporates its previous objections in its Responses and those concerning documents withheld in response to Plaintiffs' RFPs to the extent such objections are relevant to any Interrogatory Responses by KSE.

Additionally, KSE continues to object to Interrogatories Nos. 19 and 20. Only information identifying the Named Plaintiffs as purchasers of the relevant publications disclosed to third parties during the Class Period is actionable under the PPPA, and therefore, to the extent KSE currently possesses personal information about the Named Plaintiffs, it is not likely to lead to the discovery of admissible evidence concerning the Named Plaintiffs' claims or class certification.

## E.    <u>Questions</u>

As far as RFP No. 13, we ask for clarification on the time period for which you seek the number of subscribers to KSE's publications.

As far as RFP Nos. 26, 27, 28, we ask for clarification on the relevance of KSE's expenses to operate the business of selling magazine subscriptions or revenue or profit derived therefrom.

5

Please provide any clarification to these RFPs at your earliest convenience.

*** 

We've done our best to reach a compromise your objections and questions raised during the meet and confer.   Please let us know anything we missed, and we would be happy to address it as soon as is practicable.

Sincerely,

_/s/ Katie G. Crane_____
Katie G. Crane

cc:    Mary Quinn Cooper, maryquinn.cooper@mcafeetaft.com
        Kathy Neal, kathy.neal@mcafeetaft.com
        Jonathan Lauderbach, jlauderbach@wnj.com
        E. Powell Miller, epm@millerlawpc.com
        Sharon S. Almonrode, ssa@millerlawpc.com
        Dennis A. Lienhardt, dal@millerlawpc.com
        William Kalas, wk@millerlawpc.com
        Frank S. Hedin, fhedin@hedinhall.com
        David W. Hall, dhall@hedinhall.com

# Exhibit 4



KATIE G. CRANE
ATTORNEY AT LAW

WRITER DIRECT
(918) 574-3032
FAX (918) 599-9317
katie.crane@mcafeetaft.com

1717 S. BOULDER • SUITE 900
TULSA, OK 74119
(918) 587-0000 • FAX (918) 599-9317
www.mcafeetaft.com

July 29, 2022

Joseph L. Marchese
Phillip L. Fraietta
BURSOR & FISHER, P.A.
jmarchese@bursor.com
pfraietta@bursor.com

RE:   *Richard Pratt and Larry Jones v. KSE Sportsman Media, Inc., d/b/a Outdoor Sportsman
      Group, Inc.,* 21-CV-11404 (TLL) (PTM) (E.D. Michigan)

Joseph and Phillip,

        Let this letter serve as a supplement to Plaintiffs' Requests for Production ("RFP") and
Interrogatories (collectively, "Discovery Requests").

        As discussed, KSE is supplementing its production with CSV files of Named Plaintiffs'
subscription details, as well as a database dictionary.  *See* Pratt_KSE_000378-395 (dictionary);
Pratt_KSE_000396 (Customer ID 343049 is Plaintiff Jones); Pratt_KSE_000396 (Customer ID
705628 is Plaintiff Pratt).  One point of clarification.  You'll notice Columns DV-EE in the
subscription details contain numbered Opt-In Permissions. It is KSE's understanding that it has
Opt-In Permissions at the magazine level (Column DV, Permission 0), publisher level (Column
DW, Permission 1), and third-party level (Column DX, Permission 2).  Although there are columns
for Permissions 3-9 (Columns CY-EE), KSE has not delineated any permissions beyond those
identified herein, so any values contained therein do not reflect any permissions of which KSE are
aware.

        Insofar as RFP No. 3 and Interrogatory No. 4, in our last communication, we stated that we
were conferring with CDS on the contours of CDS's relationship with Acxiom.  After so doing, it
is our understanding that during the Class Period, any transfer of data to Acxiom concerning KSE
subscribers did not include any information concerning any publication/s subscribed to.  We will
supplement our production with a "layout rule" from the Class Period, which is sufficient to show
the information concerning KSE subscribers that was provided to Acxiom.  *See*
Pratt_KSE_000402.  Based on the above, any contracts between CDS and Acxiom are not likely
to lead to discovery of admissible evidence because any alleged disclosure to Acxiom by KSE is
not actionable under the PPPA.

Insofar as RFP Nos. 4, 5, 6, 30, 31, in our last communication, we stated that we were working with CDS to locate any documents responsive to these requests consistent with our already-raised objections.  After so doing, we can confirm, again subject to the objections raised in KSE's Responses to Plaintiffs' Discovery Requests and in past correspondence, the following:

- CDS is not in possession of any so-called "transmission files" from the Class Period, *i.e.*, a record of what data was transmitted on behalf of KSE to Wiland and/or Epsilon;

- With respect to records sufficient to show the list rental of any KSE Michigan subscribers during the Class Period, CDS's list rental records for individual subscribers in the marketing database that CDS maintains at CDS for KSE go back in time to July 7, 2020;

- With respect to Wiland and/or Epsilon, CDS has located and KSE will supplement its production with a copy of the file layout utilized during the Class Period for data files that KSE prepared and selected from the marketing database that CDS maintained at CDS on behalf of KSE, *see* Pratt_KSE_000398-401; and

- CDS is still inquiring into any automated outputs during the Class Period.

Insofar as RFPs Nos. 34 and 35, KSE states in supplementation that outside of subscription order history present in the databases that CDS maintains at CDS on behalf of KSE, CDS has not maintained payment records, *e.g.,* copies of checks, from orders during or prior to the Class Period.

Let us know if you have any questions about any of the above.

Sincerely,

 /s/ Katie G. Crane
   Katie G. Crane

cc:  Mary Quinn Cooper, maryquinn.cooper@mcafeetaft.com
   Kathy Neal, kathy.neal@mcafeetaft.com
   Jonathan Lauderbach, jlauderbach@wnj.com
   E. Powell Miller, epm@millerlawpc.com
   Sharon S. Almonrode, ssa@millerlawpc.com
   Dennis A. Lienhardt, dal@millerlawpc.com
   William Kalas, wk@millerlawpc.com
   Frank S. Hedin, fhedin@hedinhall.com
   David W. Hall, dhall@hedinhall.com

# Exhibit 5 -

## filed under seal

# Exhibit 6

# HARRISON LAW LLC

141 Best Jackson Boulevard
Suite 2055
Chicago, Illinois 60604
www.hlawllc.com

July 22, 2022

**Via Email**
Frank Hedin
Hedin Hall LLP
1395 Brickell Ave, Ste. 1140
Miami, FL 33131
fhedin@hedinhall.com

Phil Fraietta
Joseph Marchese
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
pfraietta@bursor.com
jmarchese@bursor.com

Re:   _Pratt and Jones v. KSE Sportsman Media, Inc._, No. 1:21-cv-11404-TLL-PTM
        Non-Party Subpoena to Epsilon Data Management

Counsel:

As you are aware, we represent Epsilon Data Management ("Epsilon") in connection with the non-party subpoena issued to Epsilon in the above-captioned matter (the "Non-Party Subpoena"). We write to advise you of our response to the points you raised during the July 8, 2022 meet and confer call regarding the Non-Party Subpoena you issued to Epsilon.

During the meet and confer call, I reiterated that it is inappropriate to seek discovery from Epsilon if the requested material is available from a party to the case and while the parties to the litigation are still disputing the proper scope of discovery, including with respect whether discovery should include individuals other than the named plaintiffs. I further explained that the information sought in the Non-Party Subpoena has been archived and, as such, any production of documents would be burdensome because it would require Epsilon to first pull down and restore the data files it has and then run searches across the restored data designed to target the information you seek.

In turn, you indicated that you were most interested in receiving the files KSE sent to Epsilon pursuant to the MSA and SOW between Epsilon and KSE, suggesting that you estimated there were approximately 8-9 transmittal files at issue. With respect to the requested contracts and

statements of work between Epsilon and KSE, you stated that KSE had produced a contract and a statement of work, each dated October 12, 2015, and asked Epsilon to confirm if there were any other contracts or statements of work.[1] You also confirmed that you and KSE did not agree on the proper scope of discovery as to individuals other than the named plaintiffs. You asked us to get back to you on July 15, but I reminded you that my client would be out of the country through July 13 and stated that we would provide an update to you at some point during the week of July 18 with a goal of getting back to you no later than July 22. You indicated that was acceptable.

We have conferred with our client and hereby advise you of Epsilon's position on the outstanding issues raised on the meet and confer call. First, with respect to files from KSE, in the interest of compromise, Epsilon is willing to restore data of transmissions from KSE from the relevant time period (August 5, 2015 through July 31, 2016) and search those tapes for transmissions from KSE referring to the named plaintiffs if you provide us with information necessary to run those searches. Specifically, before Epsilon runs any searches, it will need you to provide us with the full first name, last name, and addresses in Michigan associated with the two named plaintiffs during the relevant time period. With respect to other potential members of the putative class, it is our understanding that the parties continue to dispute the proper scope of discovery, and it is inappropriate for Epsilon to be asked to produce documents subject to that unresolved dispute. *See Smith v. Life Invs. Ins. Co. of Am.*, No. 2:07-CV-681, 2008 WL 5216249, at *5 (W.D. Pa. Dec. 11, 2008) (ordering the parties to resolve the scope of the third-party subpoenas "so that those third parties [were] not forced to make decisions regarding relevancy" prior to any productions by the third parties).

Second, Epsilon has confirmed that the October 2015 MSA and SOW mentioned during the July 8 meet and confer call and produced to you by KSE are the only agreements between Epsilon and KSE during the relevant time period. Given your prior indication that KSE had already produced these agreements to you, Epsilon does not intend to produce duplicative copies of the October 2015 MSA and SOW. Please let us know if you believe there is any reason Epsilon should do so.

I am leaving the country this evening and will remain abroad through August 6. During that time, please direct correspondence to my colleague Katherine Sobiech but also include me as a cc recipient. Once we receive the information about the named plaintiffs we require from you,

---

[1] You also pressed for documents relating to Epsilon's disclosures to third parties (pointing to requests 10-12 in the Non-Party Subpoena), and we explained it would be extraordinarily burdensome to produce such documents because doing so would require the restoration of voluminous data from the relevant period and the difficult attempt to run complicated searches to try to ascertain if any of the data includes references to Michigan residents who were KSE subscribers. On top of that, as we explained, conducting these burdensome searches would not lead to any relevant information because Epsilon's data says nothing about the original source of information about those individuals, much less that KSE provided it to Epsilon.

July 22, 2022
Page 3

it will take approximately 3 weeks for Epsilon to provide you with the responsive data, if any exists.

Sincerely,

*Rachel B. Niewoehner /eg*

Rachel B. Niewoehner

cc: Katherine Sobiech

# Exhibit 7 -

### filed under seal

# Exhibit 8 -

### filed under seal