# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/16
```

SUZANNE BOELTER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 15-cv-03934-AT

JOSEPHINE JAMES EDWARDS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HEARST COMMUNICATIONS, INC.,

Defendant.

Civil Action No. 15-cv-09279-AT

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

ANALISA TORRES, United States District Judge:

This Civil Case Discovery Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties [~~consent~~] **[do not consent]** to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. These cases **[are]** [~~is not~~] to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the court. Any motion to amend the pleadings or to join additional parties shall be filed by **August 15, 2016**.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed by **August 23, 2016**.

5. All fact discovery shall be completed: no later than **April 28, 2017**.

1

Pursuant to this Court's decisions at the August 9, 2016 telephonic conference, fact discovery in these consolidated matters shall be conducted in two phases, with the first phase limited to the claims of the individually named Plaintiffs, and the second phase concerning the claims of the putative class.

The first phase of discovery shall be limited to the claims of the individually named Plaintiffs. Document productions as to Phase I in response to all discovery requests outstanding as of August 9, 2016 shall be substantially complete no later than **August 26, 2016**. Document productions as to Phase I in response to all discovery requests served by August 16, 2016, shall be completed by **September 19, 2016**. Fact discovery as to Phase I shall be complete no later than **October 21, 2016**. Phase II class discovery shall commence thereafter.

These cases involve complexities and exceptional circumstances that warrant this end date based on the combination of (1) the nature and scope of Plaintiffs' alleged claims, (2) Plaintiffs' attempt to certify a Michigan class and any subclasses, (3) the need for third-party discovery, (4) the fact discovery necessary to certify a class or subclasses and to prove/defend the merits of the case; and (5) the scope and extent of expert testimony for class certification and/or to prove/defend the merits of the case.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

   a. Initial requests for production of documents to be served by **October 31, 2016**.
   b. Initial interrogatories to be served by **October 31, 2016**.
   c. Joint submission of a protective order no later than **October 4, 2016**.
   d. Joint submission of an ESI protocol no later than October 4, 2016.
   e. Substantial completion of Phase II document production (including e-discovery) no later than **December 22, 2016**.
   f. Requests to Admit to be served by no later than **March 1, 2017**.
   g. Depositions to be completed by **April 28, 2017**.

7. a. All expert discovery shall be completed no later than: **To be determined after ruling on class certification.**

   b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date to be agreed on by the parties and ordered by the court.

2

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date of the close of expert discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and state the following:

   Plaintiffs' Position: In light of the requirement in Rule 26(f), as well as this Court's form Case Management Plan and Scheduling Order, Plaintiffs have attempted to engage in early settlement discussions. Plaintiffs informally provided Defendant with records from Defendant's website stating that they were subscribers to *Country Living* and *Good Housekeeping*. Plaintiffs also requested that Defendant informally provide: (a) any potentially applicable liability insurance policies; (b) the total number of subscribers to Hearst magazines in Michigan; and (c) the total revenue generated from Defendant's disclosures of Michigan subscribers' Personal Reading Information. Defendant has refused to provide that information, or engage in any settlement discussions to date.

   Defendant's Position: Defendant believes that it is too early for the parties to engage in meaningful settlement discussion regarding these class actions, and that substantial discovery must first occur in order for such discussions to be at all effective. An informal exchange of information is unnecessary and would not aid an early settlement of these matters given that formal discovery has already commenced. Defendant is amenable to revisiting the possibility of settlement pursuant to the proposed mechanism and timing indicated below, and will consider other opportunities for early settlement and/or alternative dispute resolution if appropriate as these cases proceed.

   b. Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **to be determined at a later date**.

   c. Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b be employed: **to be determined at a later date**.

3

      d.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is thirty (30) days following the Court's decisions on all motions for class certification or for summary judgment. By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. The parties believe that the scope of any trial is likely to be determined by this Court's decisions on all motions for class certification or for summary judgment, and accordingly propose that the schedule for filing motions in limine, proposed voir dire questions, and jury instructions be set once the Court issues decisions on all motions for class certification or for summary judgment.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **one to two weeks, subject to variations based on whether any class or subclasses are certified**.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

15. The next Case Management Conference is scheduled for **January 3, 2017**, at **3:00 p.m.** [Absent exceptional circumstances, a date fourteen (14) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

    This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.A. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

    SO ORDERED.

Dated: August 18, 2016
       New York, New York

                                            ANALISA TORRES
                                         United States District Judge