# Exhibit 1

Excerpted Amended Complaint, ECF No. 17,
in *Batts v. Gannet Co.,* 22-CV-10685 (E.D. Mich.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHRISTOPHER BATTS; CAROLYN BRAUN; VELMA COLEMAN; JOHNNY SABBAG; and ASHA MAREDDY, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>GANNETT CO.,<br><br>      Defendant. | Case No. 4:22-cv-10685-SDK-CI<br><br>Hon. Shalina D. Kumar<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Christopher Batts ("Plaintiff Batts"), Carolyn Braun ("Plaintiff Braun"), Velma Coleman ("Plaintiff Coleman"), Johnny Sabbag ("Plaintiff Sabbag"), and Asha Mareddy ("Plaintiff Mareddy") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## INTRODUCTION

1. Defendant Gannett Co. ("Gannett") rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' *USA Today* **newspaper**

subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies. As a result, Plaintiffs have received a barrage of unwanted junk mail. By renting, exchanging, and/or otherwise disclosing Plaintiffs' Private Reading Information (defined below) during the relevant pre-July 31, 2016 time period,[1] Gannett violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA").[2]

2. During the relevant pre-July 31, 2016 time period, numerous list brokers, data aggregators, data cooperatives, data brokers, and others, including but not limited to NextMark, Inc., acting as third party intermediaries on behalf of

---

[1] The statutory period for this action is six years. *See* M.C.L. § 600.5813.

[2] In May 2016, the Michigan legislature amended the PPPA. *See* S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. § 445.1711, *et seq.*). The May 2016 amendment to the PPPA, which became effective on July 31, 2016, does not apply retroactively to claims that accrued prior to its July 31, 2016 effective date. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 439-41 (S.D.N.Y. 2016) (holding that "the amendment to the [PP]PA does not apply to Plaintiffs' claims, and the Court will assess the sufficiency of those claims under the law as it was when Plaintiffs' claims accrued.") (citing *Landgraf v. USI Film Prods.*, 511 U.S. 224, 286 (1994)). Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016 effective date of the amended version of the PPPA, the pre-amendment version of the PPPA applies in this case. *See Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679, 683 (W.D. Mich. 2018).