# Exhibit 2

Excerpted Amended Complaint, ECF No. 32,
in *Ulsh et al. v. Farm Journal Inc., d/b/a Farm Journal Media,*
21-CV-11811 (E.D. Mich.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICK ULSH; PATTI DELVALLE; and HAROLD SHEFFER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARM JOURNAL, INC. D/B/A FARM JOURNAL MEDIA,<br><br>Defendant. | Case No. 2:21-cv-11811-DML-APP<br><br>Hon. David M. Lawson<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**[1]<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Rick Ulsh ("Plaintiff Ulsh"), Patti DelValle ("Plaintiff DelValle"), and Harold Sheffer ("Plaintiff Sheffer") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## INTRODUCTION

1. Defendant Farm Journal, Inc. d/b/a Farm Journal Media ("FJI") rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs'

---

[1] Plaintiffs file this amended complaint with Defendant's written consent pursuant to Fed. R. Civ. P. 15(a)(2).

*Farm Journal* magazine subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies. As a result, Plaintiffs have received a barrage of unwanted junk mail. By renting, exchanging, and/or otherwise disclosing Plaintiffs' Private Reading Information (defined below) during the relevant pre-July 31, 2016 time period[2], FJI violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA").[3]

2. Documented evidence confirms these facts. For example, a list broker, NextMark, Inc. ("NextMark"), offers to provide renters access to the mailing list titled "Farm Journal Media Agricultural Email Masterfile Mailing List", which

---

[2] The statutory period for this action is six years. *See* M.C.L. § 600.5813.

[3] In May 2016, the Michigan legislature amended the PPPA. *See* S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016) (codified at M.C.L. § 445.1711, *et seq.*). The May 2016 amendment to the PPPA, which became effective on July 31, 2016, does not apply retroactively to claims that accrued prior to its July 31, 2016 effective date. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 439-41 (S.D.N.Y. 2016) (holding that "the amendment to the [PP]PA does not apply to Plaintiffs' claims, and the Court will assess the sufficiency of those claims under the law as it was when Plaintiffs' claims accrued.") (citing *Landgraf v. USI Film Prods.*, 511 U.S. 224, 286 (1994)). Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016 effective date of the amended version of the PPPA, the pre-amendment version of the PPPA applies in this case. *See Horton v. GameStop, Corp.*, -- F. Supp. 3d --, 2018 WL 8335635, at *2-3 (W.D. Mich. Sept. 28, 2018).

2