# Exhibit 3

Final Judgment and Order of Dismissal with Prejudice, ECF No. 54, in *Raden et al. v. Martha Stewart Living Omnimedia, Inc.,* 16-CV-12808 (E.D. Mich.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALICE RADEN and BOBBIE MOORE, individually and on behalf of the settlement classes,<br><br>Plaintiffs,<br><br>v.<br><br>MARTHA STEWART LIVING OMNIMEDIA, INC., a Delaware corporation, and MEREDITH CORPORATION, an Iowa corporation.<br><br>Defendants. | Case No.: 4:16-cv-12808<br><br>Hon. Linda V. Parker |

## FINAL JUDGMENT AND
## ORDER OF DISMISSAL WITH PREJUDICE

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards (ECF No. 50) and Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 52) between Plaintiffs Alice Raden and Bobbie Moore ("Plaintiffs"), individually and as Class Representatives, and Defendants Martha Stewart Living Omnimedia, Inc. ("MSLO") and Meredith Corporation ("Meredith") (together, "Defendants") (collectively, the "Parties"). The Court having duly considered the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing held on July 31, 2019, and the record in the Action, and good cause appearing, it is hereby **ORDERED, ADJUDGED, and DECREED THAT:**

1

1. Terms and phrases in this Final Judgment shall have the same meaning as ascribed to them in the Parties' Class Action Settlement Agreement ("Settlement Agreement"). (ECF No. 46-2.)

2. This Court has personal jurisdiction over the Parties and all Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members, and subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto.

3. The Court confirms certification, for purposes of settlement only, of the Direct Purchaser Settlement Class and Indirect Purchaser Settlement Class (the "Settlement Classes") pursuant to Federal Rule of Civil Procedure 23(b)(3), defined as follows:

> **Direct Purchaser Settlement Class:** All persons with Michigan Street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016 and who purchased their subscriptions directly from Martha Stewart or Meredith.

> **Indirect Purchaser Settlement Class:** All persons with Michigan Street addresses who were subscribers to *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine between July 31, 2010 and July 31, 2016

and who purchased their subscriptions from a third party. (*See* ECF No. 48 at 2–3.)

4. The notice provided to the Settlement Classes pursuant to the Settlement Agreement (*see* ECF Nos. 46-2, 52-4) and order granting Preliminary Approval (ECF No. 48)—including direct notice to the Settlement Classes via email and U.S. mail, based on the comprehensive Settlement Class List provided by Meredith, and the creation of the Settlement Website (www.MSLmagazinesettlement.com)—constituted the best practicable notice under the circumstances; was reasonably calculated to apprise the Settlement Classes of the pendency of the Action, their right to object to or exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fully complied with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

5. No Direct Purchaser Settlement Class Member or Indirect Purchaser Settlement Class Member has objected to any of the terms of the Settlement Agreement and only eight individuals—Jacqueline Conry, Debora Hoeve, Amela Nukic, Aditi Ram Prasad, Giovanna Roncone, Susan Savage, Theresa Stone, and Joann Van Every—submitted timely requests for exclusion.

6. Rule 23(e) of the Federal Rules of Civil Procedure set forth the procedures for the settlement of class actions. Pursuant to the rule, the court's role is to determine whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination, the court considers whether the interests of the class as a whole are better served if the litigation is settled rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003). As one judge in this District has observed:

> "In assessing the settlement, the Court must determine 'whether it falls within the range of reasonableness, not whether it is the most favorable possible result in the litigation." ' *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) (quoting *Fisher Bros. v. Cambridge-Lee Indus.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985)). An appropriate range of reasonableness "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Under this standard, "[a] just result is often no more than an arbitrary point between competing notions of

4

reasonableness." *In re Corrugated Container Antitrust Litig. (II)*, 659 F.2d 1322, 1325 (5th Cir. 1981).

*Intl. Union v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *21 (E.D. Mich. July 13, 2006), aff'd sub nom. *UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).

Courts in the Sixth Circuit find eight factors relevant in considering whether a class action settlement is fair, adequate, and reasonable:

> "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest."

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d at 631). "The district court enjoys wide discretion in assessing the weight and applicability of these factors." *Granada Investments, Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992); *see also Ford Motor Co.*, 2006 WL 891151, at *14 ("The court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.").

5

In accordance with Rule 23, notice to a class certified under Rule 23(b)(3) must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must inform class members of the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23.

7. The Court finds that Defendants properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendants provided notice pursuant to CAFA and the Final Approval Hearing.

8. This Court now gives final approval to the Settlement Agreement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to the Direct Purchaser Settlement Class Members, along with the prospective relief to be provided to the Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members, is reasonable, and in their best interests, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) the affirmative defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of informal discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

9. The Court finds that the Class Representatives and Class Counsel adequately represented the Settlement Classes for the purposes of litigating this

7

matter and entering into and implementing the Settlement Agreement.

10. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

11. This Court hereby dismisses the Action (including all individual claims and class claims presented thereby) on the merits and with prejudice, without fees or costs to any Party except as provided for in this Order.

12. Upon the Effective Date of this Final Judgment, Plaintiffs and each and every Direct Purchaser Settlement Class Member and Indirect Purchaser Settlement Class Member who did not timely opt out of the Settlement Classes, including such individuals' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations shall be deemed to have released Defendants Martha Stewart Living Omnimedia, Inc.

and Meredith Corporation, as well as any and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations[1] from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to

---

[1]  This Settlement does not release any third party through which members of the Indirect Purchaser Settlement Class purchased their *Martha Stewart Living* magazine or *Martha Stewart Weddings* magazine subscriptions.

act regarding the alleged disclosure of the Direct Purchaser Settlement Class Members' and Indirect Purchaser Settlement Class Members' Michigan Subscriber Information, including all claims that were brought or could have been brought in the Action relating to the disclosure of such information belonging to any and all Releasing Parties.[2]

13. Upon the Effective Date of this Final Judgment, the above release of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Releasing Parties. All Direct Purchaser Settlement Class Members and Indirect Purchaser Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

14. The Court has also considered Plaintiffs' Motion and supporting declarations for attorneys' fees to Class Counsel, (ECF No. 50), and finds that the payment of $337,750 is reasonable in light of the multi-factor test used to evaluate fee awards in the Sixth Circuit. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d

---

[2] Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendants.

10

1188, 1196 (6th Cir. 1974); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996). This award includes Class Counsel's unreimbursed litigation expenses. (*See* ECF No. 50 at 11 n.2.)

15. The Court has also considered Plaintiffs' Motion and supporting declarations for incentive awards to the Class Representatives, Alice Raden and Bobbie Moore. The Court finds that the payment of an incentive award in the amount of $5,000 to Ms. Raden and an incentive award in the amount of $5,000 to Ms. Moore, to compensate them for their efforts and commitment on behalf of the Settlement Classes, is fair, reasonable, and justified under the circumstances of this case.

16. All payments made to Direct Purchaser Settlement Class Members pursuant to the Settlement Agreement that are not cashed within ninety (90) days of issuance shall revert to the Michigan State Bar Foundation's Access to Justice Fund, which the Court approves as an appropriate *cy pres* recipient.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not limit or impair the rights of the Settlement Classes.

18.  Without affecting the finality of this Final Judgment for purposes of appeal, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Judgment, and for any other necessary purpose.

19.  This Court hereby directs entry of this Final Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: August 2, 2019