# Exhibit 4

Enrolled Senate Bill No. 490, Amendment to the PPPA

Act No. 92
Public Acts of 2016
Approved by the Governor
May 2, 2016
Filed with the Secretary of State
May 2, 2016
EFFECTIVE DATE: July 31, 2016

# STATE OF MICHIGAN
## 98TH LEGISLATURE
### REGULAR SESSION OF 2016

Introduced by Senator Schuitmaker

# ENROLLED SENATE BILL No. 490

AN ACT to amend 1988 PA 378, entitled "An act to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act," by amending sections 1, 2, 3, 4, and 5 (MCL 445.1711, 445.1712, 445.1713, 445.1714, and 445.1715), section 5 as added by 1989 PA 206.

*The People of the State of Michigan enact:*

Sec. 1. As used in this act:

(a) "Customer" means an individual who purchases, rents, or borrows a book, other written material, a sound recording, or a video recording.

(b) "Employee" means an individual who works for an employer in exchange for wages or other remuneration.

(c) "Employer" means a person that has 1 or more employees.

(d) "Ordinary course of business" means activities related to the sale, rental, or lending of, or advertising in, materials described in section 2.

(e) "Written" includes any electronic means using the Internet or otherwise authorized under the uniform electronic transactions act, 2000 PA 305, MCL 450.831 to 450.849.

Sec. 2. (1) Subject to subsection (2) and except as provided in section 3 or as otherwise provided by law, a person, or an employee or agent of the person, engaged in the business of selling at retail, renting, or lending books or other written materials, sound recordings, or video recordings shall not knowingly disclose to any person, other than the customer, a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed those materials from the person engaged in the business.

(2) This section does not apply to the disclosure of a record or information that has been aggregated or has been processed in a manner designed to prevent its association with an identifiable customer.

Sec. 3. A record or information described in section 2 may be disclosed only in 1 or more of the following circumstances:

(a) With the written permission of the customer.

(b) Pursuant to a warrant or court order.

(c) To the extent reasonably necessary to collect payment for the materials or the rental of the materials, if the customer has received written notice that the payment is due and has failed to pay or arrange for payment within a reasonable time after notice.

(d) To any person if the disclosure is incident to the ordinary course of business of the person that is disclosing the record or information. This subdivision only applies to a record or information that is created or obtained after the effective date of the amendatory act that added this subdivision.

(49)

(e) If the disclosure is for the purpose of marketing goods and services to customers. All of the following apply for purposes of this subdivision:

(*i*) The person that is disclosing the information shall inform the customer by written notice that the customer may remove his or her name at any time and shall specify the manner or manners by which the customer may remove his or her name. Unless the person's method of communication with customers is by electronic means, the written notice shall include a nonelectronic method that the customer may use to opt out of disclosure. Any of the following methods of notice satisfy the written notice requirements of this subparagraph:

(A) Written notice included in or with any materials sold, rented, or lent to the customer under section 2.

(B) Written notice provided to the customer at the time he or she orders any of the materials described in section 2 or otherwise provided to the customer in connection with the transaction between the person and customer for the sale, rental, or loan of the materials to the customer.

(C) Notice that is included and clearly and conspicuously disclosed in an online privacy policy or similar communication that is posted on the Internet, is maintained by the person that is disclosing the information, and is available to customers or the general public.

(*ii*) A customer may provide notice to the person that is disclosing information under this subdivision that the customer does not want his or her name disclosed.

(*iii*) Beginning 30 days after the person receives the customer's notice, the person shall not knowingly disclose the customer's name to any other person for marketing goods and services.

(f) Pursuant to a search warrant issued by a state or federal court or a grand jury subpoena.

Sec. 4. A person that violates this act is guilty of a misdemeanor.

Sec. 5. (1) Regardless of any criminal prosecution for the violation, a person that violates this act may be liable in a civil action for damages to a customer under subsection (2).

(2) A customer described in subsection (1) who suffers actual damages as a result of a violation of this act may bring a civil action against the person that violated this act and may recover both of the following:

(a) The customer's actual damages, including damages for emotional distress.

(b) Reasonable costs and attorney fees.

(3) No liability may result from the lawful disclosure of a record or information that is permitted under section 3.

Enacting section 1. This amendatory act takes effect 90 days after the date it is enacted into law.

Enacting section 2. This amendatory act is curative and intended to clarify that the prohibitions on disclosing information contained in 1988 PA 378, MCL 445.1711 to 445.1715, do not prohibit disclosing information if it is incident to the ordinary course of business of the person disclosing the information, including marketing goods and services to customers or potential customers when written notice is provided, and that a civil action for a violation of those prohibitions may only be brought by a customer who has suffered actual damages as a result of the violation.

This act is ordered to take immediate effect.

_____
Secretary of the Senate

_____
Clerk of the House of Representatives

Approved _____

_____
Governor

2

MICHIGAN LEGISLATURE(www.legislature.mi.gov)
Printed on Thursday, August 11, 2016
Michigan Compiled Laws Complete Through PA 275 of 2016

# Senate Bill 0490 (2015) rss

**Public Act 92 of 2016 (Effective: 7/31/2016)** Find this PA in the MCL

### Sponsor
Tonya Schuitmaker
(click name to see bills sponsored by that person)

### Categories
Trade: business practices; Trade: fair trade practices; Trade: data security; Consumer protection: privacy;

Trade; business practices; provisions relating to the disclosure of customer information under video rental privacy statute; modify. Amends secs. 1, 2, 3, 4 & 5 of 1988 PA 378 (MCL 445.1711 et seq.).

### Bill Documents
Bill Document Formatting Information
[x]
The following bill formatting applies to the 2015-2016 session:
- New language in an amendatory bill will be shown in **BOLD AND UPPERCASE.**
- Language to be removed will be ~~stricken~~.
- Amendments made by the House will be blue with square brackets, such as: [House amended text].
- Amendments made by the Senate will be red with double greater/lesser than symbols, such as: <<Senate amended text>>.
(gray icons indicate that the action did not occur or that the document is not available)

### Documents


**Senate Introduced Bill**
Introduced bills appear as they were introduced and reflect no subsequent amendments or changes.


**As Passed by the Senate**
As Passed by the Senate is the bill, as introduced, that includes any adopted Senate amendments.


**As Passed by the House**
As Passed by the House is the bill, as received from the Senate, that includes any adopted House amendments.


**Senate Concurred Bill**
Concurred bill is the version passed in identical form by both houses of the Legislature, issued prior to availability of the Enrolled bill.


**Public Act**
Public Act is a bill that has become law.

### Bill Analysis
**House Fiscal Agency Analysis**


**Revised Summary As Introduced (2/12/2016)**
This document analyzes: SB490


**Summary as Reported From House Committee (3/3/2016)**
This document analyzes: SB490

**Senate Fiscal Analysis**

  **SUMMARY OF INTRODUCED BILL IN COMMITTEE (Date Completed: 12-1-15)**
This document analyzes: SB0490

 **SUMMARY OF SUBSTITUTE BILL IN COMMITTEE (Date Completed: 12-8-15)**
This document analyzes: SB0490

 **SUMMARY OF BILL REPORTED FROM COMMITTEE (Date Completed: 12-10-15)**
This document analyzes: SB0490

**History**
(House actions in lowercase, Senate actions in UPPERCASE)

| Date | Journal | Action |
| --- | --- | --- |
| 9/10/2015 | SJ 81 Pg. 1452 | INTRODUCED BY SENATOR TONYA SCHUITMAKER |
| 9/10/2015 | SJ 81 Pg. 1452 | REFERRED TO COMMITTEE ON COMMERCE |
| 12/10/2015 | SJ 109 Pg. 1989 | REPORTED FAVORABLY WITH SUBSTITUTE S-1 |
| 12/10/2015 | SJ 109 Pg. 1989 | COMMITTEE RECOMMENDED IMMEDIATE EFFECT |
| 12/10/2015 | SJ 109 Pg. 1989 | REFERRED TO COMMITTEE OF THE WHOLE WITH SUBSTITUTE S-1 |
| 12/15/2015 | SJ 110 Pg. 2008 | REPORTED BY COMMITTEE OF THE WHOLE FAVORABLY WITH SUBSTITUTE S-1 |
| 12/15/2015 | SJ 110 Pg. 2008 | SUBSTITUTE S-1 CONCURRED IN |
| 12/15/2015 | SJ 110 Pg. 2008 | PLACED ON ORDER OF THIRD READING WITH SUBSTITUTE S-1 |
| 12/15/2015 | SJ 110 Pg. 2015 | RULES SUSPENDED |
| 12/15/2015 | SJ 110 Pg. 2015 | PLACED ON IMMEDIATE PASSAGE |
| 12/15/2015 | SJ 110 Pg. 2025 | PASSED ROLL CALL # 611 YEAS 38 NAYS 0 EXCUSED 0 NOT VOTING 0 |
| 12/15/2015 | HJ 101 Pg. 2196 | received on 12/15/2015 |
| 12/16/2015 | HJ 102 Pg. 2215 | read a first time |
| 12/16/2015 | HJ 102 Pg. 2215 | referred to Committee on Commerce and Trade |
| 2/23/2016 | HJ 18 Pg. 254 | reported with recommendation with substitute H-1 |
| 2/23/2016 | HJ 18 Pg. 254 | referred to second reading |
| 3/3/2016 | HJ 22 Pg. 325 | read a second time |
| 3/3/2016 | HJ 22 Pg. 325 | substitute H-1 adopted |
| 3/3/2016 | HJ 22 Pg. 325 | placed on third reading |
| 3/24/2016 | HJ 31 Pg. 492 | read a third time |
| 3/24/2016 | HJ 31 Pg. 492 | substitute H-2 adopted |
| 3/24/2016 | HJ 31 Pg. 492 | passed; given immediate effect Roll Call # 147 Yeas 59 Nays 49 |
| 3/24/2016 | HJ 31 Pg. 492 | returned to Senate |
| 4/12/2016 | SJ 33 Pg. 469 | AMENDMENT(S) DEFEATED |
| 4/12/2016 | SJ 33 Pg. 469 | HOUSE SUBSTITUTE H-2 CONCURRED IN |
| 4/12/2016 | SJ 33 Pg. 469 | ROLL CALL # 161 YEAS 28 NAYS 8 EXCUSED 1 NOT VOTING 0 |
| 4/12/2016 | SJ 33 Pg. 469 | GIVEN IMMEDIATE EFFECT |
| 4/12/2016 | SJ 33 Pg. 469 | ORDERED ENROLLED |
| 4/19/2016 | SJ 36 Pg. 518 | PRESENTED TO GOVERNOR 4/18/2016 @ 3:28 PM |
| 5/3/2016 | SJ 42 Pg. 633 | APPROVED BY GOVERNOR 5/2/2016 @ 12:00 PM |
| 5/3/2016 | SJ 42 Pg. 633 | FILED WITH SECRETARY OF STATE 5/2/2016 @ 1:00 PM |
| 5/3/2016 | SJ 42 Pg. 633 | ASSIGNED PA 0092'16 WITH IMMEDIATE EFFECT |

The Michigan Legislature Website is a free service of the Legislative Internet Technology Team in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, and the Michigan Senate. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.