## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, | Case No. 21-cv-11404-TLL-PTM |
| | Honorable Thomas L. Ludington |
| Plaintiffs, | Honorable Patricia T. Morris |
| v. | |
| KSE SPORTSMAN MEDIA, INC. D/B/A OUTDOOR SPORTSMAN GROUP, INC. | |
| Defendant. | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL

Plaintiffs Richard Pratt and Larry Jones ("Plaintiffs") submit the following reply to Defendant KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc. ("KSE")'s Opposition to Plaintiffs' Motion to Compel (ECF No. 46) (the "Opp."). As an initial matter, KSE appears to have withdrawn its objection concerning discovery related to KSE publications other than those subscribed to by the Named Plaintiffs, and has stated that it "will supplement its production to the extent it has not provided discovery concerning the Not-Subscribed-To Magazines *except for* the subscription database." Opp., ECF No. 46, PageID.1332 (Def's emphasis). Thus, the arguments pertaining to whether KSE must produce its customer database are now equally applicable for those magazine titles as well.

## I.   The Customer Database and the Transmission Files Are Relevant for Class Certification and the Scheduling Order Does Not Allow for Post-Class Certification Discovery

KSE's Opposition narrows its original discovery objections and focuses on provision of its customer database and third parties' provision of lists of customer data transmitted to them by KSE. *See generally* Opp., ECF No. 46, PageID.1325-1333. KSE argues that provision of these documents is "premature" prior to class certification. *See id.* But that argument is fatally flawed for two reasons.

First, the argument ignores that KSE's customer database and the transmission files <u>are</u> the common evidence by which to satisfy the Rule 23 factors. As KSE admits, the customer database "contains information concerning KSE subscribers,

1

such as when the individual subscribed, the duration of the subscription, how the subscription was accomplished (via an agent or directly from KSE), and the price paid for it." Opp., ECF No. 46, PageID.1327. And the transmission files demonstrate which KSE customers had their Personal Reading Information disclosed to third parties, and when. Together, these files are the common evidence of numerosity, commonality, typicality, and predominance pursuant to Rule 23. Moreover, the database and the files are germane to the ascertainability of the class.

Second, the argument ignores the operative April 20, 2022 Scheduling Order (ECF No. 30) because it assumes Plaintiffs' ability to take discovery post-class certification. As Plaintiffs explained in their moving brief, the Scheduling Order is crystal clear: "Discovery shall be complete on or before **November 18, 2022**. This Court will not order supplemental discovery to take place subsequent to the discovery cutoff date." ECF No. 30, PageID.711 at ¶ (E). Thus, KSE's argument puts Plaintiffs in an impossible situation. If now is not the time to produce the customer database and the lists of customer data transmitted by KSE, then when is?

Nor should the Court modify the Scheduling Order to address this issue. Following the filing of Plaintiffs' Motion to Compel, a third-party data cooperative, Epsilon Data Management, LLC ("Epsilon"), has confirmed that Plaintiffs' information was transmitted to it in ███████████████████████████████

███████████████████████████████████████████████

2



Plaintiffs understand that Epsilon is in possession of these data files and that they likely contain tens of thousands of Michiganders' Personal Reading Information. *Id.* ¶ 4. Thus, upon provision of the customer database and these data files, Plaintiffs will be able to build a proposed class list by cross-referencing the "CUSTOMER_ID" field in the customer database and the transmission files. Creating this list now, rather than after class certification, will allow for Plaintiffs to promptly move for summary judgment on behalf of a certified class, should the Court grant certification. Waiting until after a decision on class certification will

only result in needless, lengthy delay and risks that these 7-year-old data files will be lost, in plain contravention of Rule 1 of the Federal Rules of Civil Procedure.[2]

Simply put, the Scheduling Order does not allow KSE to withhold the customer database or for third parties to withhold the customer transmission data until after class certification. And because the information is plainly relevant to the merits of Plaintiffs' and the class's claims, the information must be produced now.

## II.      KSE's Speculation That Plaintiffs' Counsel Is in Search of New Class Representatives Is Absurd

KSE also argues that "the real reason [Plaintiffs] seek such information is to identify potential replacement and/or supplemental class representatives." Opp., ECF No. 46, PageID.1326. That is unfounded and wrong. As discussed above, Plaintiffs have been provided with evidence confirming: (i) that they were subscribers to *Guns & Ammo*, *Shooting Times*, and *RifleShooter* magazines during the relevant pre-July 31, 2016 time period; (ii) that they purchased their subscriptions to those magazines directly from KSE; and (iii) that their names, addresses, magazine tiles, order dates, expiration dates, amounts paid, and methods of payment were transmitted to a third-party data company – Epsilon – during the relevant pre-July 31, 2016 time period. Fraietta Decl. ¶¶ 3-5, Exs. 1-2. In other

---

[2] Plaintiffs are in the process of attempting to obtain similar transmission lists from other third-party recipients of KSE's customer data. Upon receipt, Plaintiffs will similarly create proposed class lists using those data.

words, Plaintiffs have gathered evidence confirming the facts needed to prove a PPPA violation for both named Plaintiffs. *See Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 200-02, 206-07 (S.D.N.Y. 2017) (listing elements of a PPPA claim and granting summary judgment in plaintiff's favor on similar factual record). Against that backdrop, it makes no sense for Plaintiffs "to identify potential replacement and/or supplemental class representatives."

Moreover, further evidencing that KSE is incorrect, Plaintiffs have offered to accept production of the customer database and the transmission data in an anonymized format, such that the "CUSTOMER_ID" field is provided, but the names and addresses associated with those unique customer ID numbers are withheld until after a ruling on class certification. *See* Fraietta Decl. ¶ 6. Plaintiffs have also offered to limit their request to only Michigan associated records in those data, and Counsel for the Parties are continuing to meet in good faith to discuss this offer of compromise. *Id.* KSE's Opposition admits that its customer database is kept in this manner in the ordinary course of business, thus eliminating any burden associated with redacting this information. *See* Opp., ECF No. 46, PageID.1328 ("KSE's subscription database is inherently anonymous – it identifies the subscriber via a "CUSTOMER_ID" number – and does not contain any personal identifying information."); *id.* at PageID.1331 ("KSE should not be required to supplement it with a file correlating the CUSTOMER_ID with a subscriber's name and address.").

**III.      KSE Must Produce All Documents and Communications That Relate to Its Relationship With Acxiom**

KSE argues that it need not provide further discovery concerning Acxiom because it "produc[ed] a document showing that CDS does not provide Acxiom any "Personal Reading Information" as Plaintiffs define it." Opp., ECF No. 46, PageID.1333. But again, the Federal Rules of Civil Procedure do not permit a defendant to avoid its discovery obligations by unliterally declaring that its provision of another document is dispositive of an issue. The document Defendant references is an ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ But the document does not demonstrate how that information was transmitted. For example, the information may have been transmitted on a file with a certain magazine title in its name, or it may have been transmitted for customers of certain KSE magazines but not others. Without the Acxiom contract it is impossible to say, therefore forcing Plaintiffs to litigate this issue with one hand tied behind their backs. And more importantly, absent discovery relating to this issue, the Court will be forced to adjudicate whether these transmissions violated the PPPA without the benefit of a full factual record.

Moreover, KSE argues that although CDS, through Acxiom, "enhances KSE's data for KSE's use in the list rental business," "it does so for others as well,"

and therefore "the Acxiom contract is not in KSE's custody and control because there is no contractual privity between KSE and Acxiom." Opp., ECF No. 46, PageID.1334-35. But that contention is belied by the evidence. Indeed, ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

## IV.     KSE Must Produce All Documents and Communications With Any Other Entity That Pertain to the Transmission of Its Subscriber Data

KSE fails to respond to Plaintiffs' request that it "immediately produce all documents and communications pertaining to [its'] relationship with . . . <u>any other entity, including but not limited to data mining, data aggregation, data cooperative, and marketing and publishing companies that pertain to the transmission of KSE magazine subscriber data during the relevant time period</u>." ECF No. 40, PageID.806. Plaintiffs' Request for Production No. 3 was not limited to Acxiom; it merely listed Acxiom as an example. And while Acxiom was provided as an example, KSE failed to disclose its relationship with Acxiom until July 19, 2022, after a meet-and-confer teleconference with Plaintiffs' Counsel. KSE must confirm that there were not any additional third-party recipients of its subscriber data.

For the above reasons, the Court should grant Plaintiffs' Motion to Compel.

Dated:  August 26, 2022                    Respectfully submitted,

                                           */s/ E. Powell Miller*
                                           E. Powell Miller (P39487)
                                           Sharon S. Almonrode (P33938)
                                           THE MILLER LAW FIRM, P.C.
                                           950 W. University Drive, Suite 300
                                           Rochester, MI 48307
                                           Tel: 248-841-2200
                                           epm@millerlawpc.com
                                           ssa@millerlawpc.com

                                           Joseph I. Marchese (P85862)
                                           Philip L. Fraietta (P85228)
                                           BURSOR & FISHER, P.A.
                                           888 Seventh Avenue
                                           New York, New York 10019
                                           Tel: 646.837.7150
                                           Fax: 212.989.9163
                                           jmarchese@bursor.com
                                           pfraietta@bursor.com

                                           Frank S. Hedin
                                           David W. Hall
                                           HEDIN HALL LLP
                                           1395 Brickell Avenue, Suite 1140
                                           Miami, Florida 33131
                                           Tel: 305.357.2107
                                           Fax: 305.200.8801
                                           fhedin@hedinhall.com
                                           dhall@hedinhall.com

                                           *Counsel for Plaintiffs and the Putative Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 26, 2022, I electronically filed the foregoing

documents using the Court's electronic filing system, which will notify all counsel

of record authorized to receive such filings.


*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com