IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR SPORTSMAN GROUP, INC.,<br><br>Defendant. | Case No. 21-cv-11404<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

**JOINT LIST OF RESOLVED/UNRESOLVED ISSUES**

Pursuant to the Court's August 9, 2022 Notice to Appear for Discovery Motion Hearing (ECF No. 43), the Parties hereby submit this Joint List of Resolved/Unresolved Issues.  The Parties certify that since the filing of Plaintiffs' Motion to Compel (ECF No. 40), they have met-and-conferred by telephone and videoconference numerous times, including on August 17, August 24, August 26, and September 1.  Each meet-and-confer conference lasted approximately 20 minutes.  As detailed below, the meet-and-confer process was largely successful, as the Parties have substantially narrowed their disputes.

**Resolved Issues**

The Parties have agreed in principle to a compromise that will moot their

Case 1:21-cv-11404-TLL-PTM   ECF No. 54, PageID.1493   Filed 09/06/22   Page 2 of 8

dispute regarding production of Defendant's customer database and regarding production of transmission files that were sent by or on behalf of Defendant to third-party Epsilon Data Management LLC ("Epsilon") within the relevant time period.

With respect to the customer database, the Parties have agreed that Defendant will produce its customer database across all magazine titles in an anonymized format, such that the "CUSTOMER_ID" field is provided, but the names and addresses associated with those unique customer ID numbers are withheld until after a ruling on class certification. The Parties have further agreed that Defendant will limit its production to only Michigan associated records in the customer database. Defendant has agreed to make this production on or before September 16, 2022. The Parties have also agreed that should the Court ultimately certify a class in this case, Defendant will supplement its production to include the names and addresses associated with the certified class.

With respect to the transmission files, the Parties and Epsilon have agreed that Epsilon will return the entire transmission files to Defendant for Defendant to anonymize the names and addresses on the customers on those files, and to filter the files to only include Michigan associated records. Defendant will produce the files to Plaintiff within three weeks of receipt of the files from Epsilon. Moreover, in connection with this compromise, Defendant agrees not to assert any evidentiary

objections to the transmission files based on chain of custody. Additionally, Epsilon has agreed to provide Plaintiffs' counsel with a declaration authenticating the transmission files and describing the process by which they were obtained by Epsilon and recovered from its records.

The Parties anticipate that they will effectuate their agreement in principle prior to the September 13, 2022 hearing in this matter, but reserve the right to address any deficiencies at the hearing.

**Unresolved Issues**

Unresolved Issue No. 1: Whether Defendant must produce all documents and communications that relate to its relationship with Acxiom

Movant's Position: At the outset of discovery, Plaintiff served a document request for "[a]ll documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who subscribed at any point in time to any KSE SPORTSMAN MEDIA MAGAZINES, including but not limited to all contracts or other agreements between YOU and any other entity, including but not limited to, data mining, data aggregation, data cooperative, marketing, and publishing companies, including but not limited to … Acxiom Corporation.". Nonetheless, inexplicably, Defendant only identified a relationship with Acxiom in its July 19, 2022 letter in response to further inquiry from Plaintiffs' counsel on a

July 8, 2022 meet-and-confer teleconference.

Now, Defendant argues that it need not produce any additional responsive documents to this request concerning Acxiom because it ""produc[ed] a document showing that CDS does not provide Acxiom any "Personal Reading Information" as Plaintiffs define it." Mot. to Compel Opp. (ECF No. 46) at PageID.1333. The Federal Rules of Civil Procedure do not permit a defendant to avoid its discovery obligations by unliterally declaring that its provision of another document is dispositive of an issue. Moreover, the document does not demonstrate how that information was transmitted. For example, the information may have been transmitted on a file with a certain magazine title in its name, or it may have been transmitted for customers of certain KSE magazines but not others. Without the Acxiom contract it is impossible to say, therefore forcing Plaintiffs to litigate this issue with one hand tied behind their backs. And more importantly, absent discovery relating to this issue, the Court will be forced to adjudicate whether these transmissions violated the PPPA without the benefit of a full factual record.

Defendant also argues that although third party CDS Global, through Acxiom, "enhances KSE's data for KSE's use in the list rental business," "it does so for others as well," and therefore "the Acxiom contract is not in KSE's custody and control because there is no contractual privity between KSE and Acxiom." Opp. at PageID.1334-35. But that contention is belied by the evidence. Indeed,

Defendant's contract with CDS states that it "shall own all right, title and interest to any and all data provide by [KSE] or [KSE's] customers for inclusion in the Marketing Database."  8/26/22 Fraietta Decl. (ECF No. 50-1) Ex. 8, at PRATT_KSE_000267 ¶ 14.  Thus, any further disclosure of that information by CDS to Acxiom "for KSE's use in the list rental business" was necessarily on KSE's behalf and with its authorization.

Respondent's Position:  The Acxiom contract (which is not "data") is not in KSE's possession and/or control.  Therefore, KSE cannot produce the at-issue contract, even if ordered by the Court to so do.

Unresolved Issue No. 2:  Whether Defendant must produce all documents and communications with any other entity that pertain to the transmission of its subscriber data

Movant's Position:  Defendant has not given a definitive answer as to whether it has produced all documents and communications with any other entity that pertain to the transmission of subscriber data.  Defendant must provide a definitive answer, in verified writing, and must immediately produce all such documents and communications, if any.

Respondent's Position:  KSE has previously agreed to produce all documents and communications in its possession and control during the relevant

5

time period with any other entity pertaining to the transmission of Michigan subscriber data, and will do so within the time period required by the Federal Rules of Civil Procedure and the Scheduling Order entered in this case.

Dated:  September 6, 2022                        Respectfully submitted,

**RICHARD PRATT and LARRY JONES**, individually and on behalf of all others similarly situated,

By:   /s E. Powell Miller
One of Plaintiff's Attorneys

E. Powell Miller (P39487)
epm@millerlawpc.com
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140

Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801

***Counsel for Plaintiffs and the putative class***


<u>*/s/ Jonathan E. Lauderbach (w/permission)*</u>
Jonathan E. Lauderbach (P51313)
WARNER NORCROSS + JUDD LLP
715 East Main Street, Suite 110
Midland MI 48640
(989) 698-3701
jlauderbach@wnj.com

-and-

Mary Quinn Cooper, OBA #11966
Kathy R. Neal, OBA #674
Katie G. Crane, OBA #34575
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
918/587-0000
918/599-9317 (FAX)
maryquinn.cooper@mcafeetaft.com
kathy.neal@mcafeetaft.com
katie.crane@mcafeetaft.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I, E. Powell Miller, an attorney, hereby certify that on September 6, 2022, I served the above and foregoing document on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

*/s/ E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste 300
Rochester, MI 48307
Tel: 248.841.2200