UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.

KSE SPORTSMAN MEDIA, INC., d/b/a
OUTDOOR SPORTSMAN GROUP, INC.,

        Defendant.
_____/

Case No. 1:21-cv-11404

Honorable Thomas L. Ludington
United States District Judge

**ORDER EXTENDING STAY FOR SETTLEMENT NEGOTIATIONS**

In September 2022, the Parties stipulated to stay this unlawful-disclosure class action pending mediation, which was granted. ECF No. 57.

As directed, the Parties submitted a joint status report on their mediation efforts. ECF No. 58. "[O]n December 14, 2022, the Parties conducted a mediation with The Honorable James F. Holderman (Ret.) of JAMS Chicago." *Id.* at PageID.1539. Although "the mediation was unsuccessful, the Parties made progress and are continuing their negotiations through Judge Holderman." *Id.* Thus, they request 30 more days "to preserve the status quo while they continue to work with Judge Holderman to see if a resolution can be achieved." *Id.* And they promise to "submit a joint status report on or before February 2, 2023." *Id.*

This Court has the inherent authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel[,] and for litigants."). Exercising such authority is within the court's discretion. *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

The Parties have "demonstrated a pressing need for another stay" by continuing to work with their prior mediator to negotiate a settlement. *See Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *2 (E.D. Mich. July 18, 2022), *recons. denied*, No. 1:21-CV-10436, 2022 WL 3568986 (E.D. Mich. Aug. 18, 2022). Plus the stay would be a meager 30 days and avoid economic waste in the meantime. For these reasons, the case will be stayed until January 27, 2023. To that end, the Parties will be directed to submit another joint status report. No more stays will be granted absent extraordinary circumstances.

Accordingly, it is **ORDERED** that the above-captioned case is **STAYED until January 27, 2023, or until further order of this Court**, for all purposes so that the Parties may continue to negotiate a settlement.

Further, it is **ORDERED** that Defendant's Motion for Judgment on the Pleadings, ECF No. 44, is **ABEYED** during the stay.

Further, it is **ORDERED** that the Parties are **DIRECTED** to file a joint status report **on or before February 3, 2023**, to update this Court on the status of their settlement negotiations, including whether a schedule should be reset for the remainder of the case.

Dated: December 20, 2022                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge