UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and for all others similarly situated,

        Plaintiffs,                      Case No. 1:21-cv-11404

v.                                             Honorable Thomas L. Ludington
                                               United States District Judge

KSE SPORTSMAN MEDIA, INC., d/b/a
OUTDOOR SPORTSMAN GROUP, INC.,

        Defendant.
_____/

**ORDER STRIKING STIPULATION OF DISMISSAL**

On June 15, 2021, Plaintiffs filed a class action under Michigan's Personal Privacy Protection Act. ECF No. 1. On April 7, 2023, the Parties filed a Stipulation of attempting to dismiss the entire case with prejudice. ECF No. 71. The Parties claim they settled the case through mediation, "no class has been certified in this matter[,] and the Parties' mediated resolution does not purport to release any claims of any putative class members." ECF No. 73 at PageID.1580.

However, this latter assertion is incorrect. Controlling Sixth Circuit precedent holds that the filing of a "class-action complaint" creates a "putative class"—regardless of whether a motion for class certification has been filed. *See Doe v. Lexington–Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 759, 762 (6th Cir. 2005) ("consider[ing] and reject[ing] the argument that notice is not required when class certification has been denied" (citation omitted)).

Although Plaintiffs' Class Action Complaint brought claims "individually," it also brought claims for "all others similarly situated." ECF No. 1 at PageID.1. Yet the Stipulation of Dismissal does not distinguish the claims; it only sought to dismiss "the above-entitled action." ECF No. 71 at PageID.1576. Simply put, Plaintiffs are attempting to dismiss the claims of a putative class.

Thus, the issue is "whether any prejudice to the class will result if the dismissal of the action is allowed without class notice." *Ky. Tax Bill Servicing, Inc. v. City of Covington*, No. 2:19-CV-00188, 2021 WL 5862559, at *1 (E.D. Ky. Aug. 30, 2021) (quoting *Doe*, 407 F.3d at 762). If "the district court should find that the putative class members are likely to be prejudiced on account of a settlement of dismissal, the district court should provide Rule 23(e) notice." *Doe*, 703 F.3d at 762. To determine whether a "dismissal is tainted by collusion, or will prejudice absent members of the putative class," a court should conduct a factual inquiry into the settlement's terms. *Brewster v. Wash. Mut., Inc.*, 218 F.R.D. 542, 543 (E.D. Mich. 2003). Indeed, Rule 23(e)'s "procedural requirements apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court." FED. R. CIV. P. 23(e) advisory committee's note to 2018 amendment.

Here, the Stipulation aims to dismiss the claims of a putative class "with prejudice." ECF No. 71 at PageID.1576. So it will be stricken under Rule 11(b) for not being "warranted by existing law or by a nonfrivolous argument," for "caus[ing] unnecessary delay," and for "needlessly increas[ing] the cost of litigation." *Jones v. Bengston*, No. 2:21-CV-10181, 2021 WL 4034218, at *1 (E.D. Mich. Sept. 3, 2021). The Parties must either conduct the notice process of Rule 23(e) to dismiss the case *with prejudice* or refile a stipulation to dismiss it *without prejudice*.

Accordingly, it is **ORDERED** that the Parties' Stipulation of Dismissal, ECF No. 71, is **STRICKEN**.

**This is not a final order and does not close the above-captioned case**.

Dated: April 12, 2023                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge