UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and for all others similarly situated,

        Plaintiffs,                        Case No. 1:21-cv-11404

v.                                                Honorable Thomas L. Ludington
                                                     United States District Judge

KSE SPORTSMAN MEDIA, INC., d/b/a
OUTDOOR SPORTSMAN GROUP, INC.,

        Defendant.
_____/

## ORDER STRIKING SECOND STIPULATION OF DISMISSAL

On June 15, 2021, Plaintiffs filed a class action under Michigan's Personal Privacy Protection Act. ECF No. 1. On April 7, 2023, the Parties filed a Stipulation of Dismissal Without Prejudice. ECF No. 75.

According to the Parties, however, they settled the case through mediation, "no class has been certified in this matter[,] and the Parties' mediated resolution does not purport to release any claims of any putative class members." ECF No. 73 at PageID.1580.

But the latter is not correct. Controlling Sixth Circuit precedent holds that the filing of a "class-action complaint" creates a "putative class"—regardless of whether a motion for class certification has been filed. *Doe v. Lexington–Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 759, 762 (6th Cir. 2005) ("explicitly consider[ing] and reject[ing] the argument that notice is not required when class certification has been denied" (citation omitted)).

While Plaintiffs' Class Action Complaint brings claims "individually," it also brings claims on behalf of "all other similarly situated." ECF No. 1 at PageID.1. Yet the Stipulation of Dismissal does not distinguish the claims; it seeks only to dismiss "the above-entitled action." ECF No. 75

at PageID.1586. Simply put, Plaintiffs seek to dismiss claims of a putative class. Thus the question becomes "whether any prejudice to the class will result if the dismissal of the action is allowed without class notice." *Ky. Tax Bill Servicing, Inc. v. City of Covington*, No. 2:19-CV-00188, 2021 WL 5862559, at *1 (E.D. Ky. Aug. 30, 2021) (quoting *Doe*, 407 F.3d at 762). If "the district court should find that the putative class members are likely to be prejudiced on account of a settlement of dismissal, the district court should provide Rule 23(e) notice." *Doe*, 703 F.3d at 762. To determine whether a "dismissal is tainted by collusion, or will prejudice absent members of the putative class," a court should conduct a factual inquiry into the settlement's terms." *Brewster v. Wash. Mut., Inc.*, 218 F.R.D. 542, 543 (E.D. Mich. 2003).

Here, the Stipulation seeks to dismiss the claims of a putative class "without prejudice." ECF No. 75 at PageID.1586. But the statute of limitations for the putative class's claims ended on June 14, 2021. *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 675 n.6 (E.D. Mich. 2022). Closing the doors of this case now would lock out numerous unnamed class members—leaving them stranded in the halls of justice with no remedy. For this reason, the Stipulation will be stricken under Rule 11(b) for not being "warranted by existing law or by a nonfrivolous argument," for "caus[ing] unnecessary delay," and for "needlessly increas[ing] the cost of litigation." *Jones v. Bengston*, No. 2:21-CV-10181, 2021 WL 4034218, at *1 (E.D. Mich. Sept. 3, 2021). To dismiss this case by stipulation, the Parties must conduct Rule 23(e)'s notice process.

Accordingly, it is **ORDERED** that the Parties' Stipulation of Dismissal Without Prejudice, ECF No. 75, is **STRICKEN**.

**This is not a final order and does not close the above-captioned case**.

Dated: April 13, 2023                                   s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge