# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KSE SPORTSMAN MEDIA, INC., <br><br> Defendant. | Case No. 21-cv-11404-TLL-PTM <br><br> Hon. Thomas L. Ludington <br><br> Mag. Judge Patricia T. Morris |

## DECLARATION OF E. POWELL MILLER
## IN SUPPORT OF PLAINTIFFS' MOTION FOR
## <u>ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARD</u>

I, E. Powell Miller, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the Founding Partner of The Miller Law Firm, P.C., located in Rochester and Detroit, Michigan, and I am Class Counsel in this action. I am a member in good standing of the Michigan Bar and a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.      I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, And Service Award, filed herewith.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the Parties'

Class Action Settlement Agreement, and the exhibits attached thereto.

4.     On June 15, 2021, Plaintiffs initiated this action with the Class Action

Complaint.  ECF No. 1.

5.     Prior to filing this action, my firm and my co-counsel (together,

"Plaintiffs' Counsel") conducted comprehensive pre-filing investigations

concerning every aspect of the factual and legal issues underlying this action.

These extensive pre-filing efforts included:

a. Researching the nature of Defendant's business, its practices of selling magazines, consumer-privacy policies, and public statements concerning the same;

b. Interviewing numerous individuals in Michigan who subscribed to Defendant's publications in 2015 and 2016, including about their process of purchasing a subscription and any disclosures they received or agreed to during the purchase process;

c. Researching and analyzing Defendant's list rental and other disclosure practices, including data cards and other public information available online concerning the practices during the relevant 2015-2016 timeframe;

d. Analyzing versions of Defendant's Privacy Policy, Terms of Service, and other public documents on its websites during the relevant time period;

e. Researching the relevant law and assessing the merits of a potential PPPA claim against Defendant and defenses that Defendant might assert thereto;

f. Investigating Defendant's financial condition to assess the likelihood of ultimately recovering a class-wide statutory damages award from it; and

g. Performing extensive legal research and analysis concerning the

applicable limitation period for a PPPA claim, and analyzing the arguments both for and against a six-year period.

6.      As a result of this thorough pre-filing investigation, Plaintiffs' Counsel was able to develop a viable theory of liability for a PPPA claim against Defendant and prepare a thorough Complaint against Defendant.

7.      From the outset of the case, as part of their obligation under Rule 26, the Parties engaged in direct communication and agreed to engage in mediative efforts.  The Parties went through an extensive settlement process involving several mediations with different mediators.

8.      Throughout the mediation process, Defendant produced information to Plaintiffs' Counsel concerning class size, Defendant's challenging financial condition, and Defendant's ability to withstand a class-wide judgment.  The Parties also engaged in written and document discovery, which included the production of thousands of pages of documents, numerous third-party subpoenas, and a motion to compel (ECF No. 40).  The aforementioned information was then subjected to a detailed analysis by a forensic accountant hired by Class Counsel.

9.      Ultimately, the Parties, with the assistance of Judges Rosen and Holderman, reached an agreement on a framework for a class-wide resolution of the case, which they memorialized into a term sheet on April 26, 2023.

10.     In the months following, the Parties negotiated and finalized the full-form Settlement Agreement (attached as Ex. 1), conducted a competitive bidding

process and selected a Settlement Administrator, and worked together to finalize the Settlement Class List, which included the assistance of Plaintiffs' database management expert.

11.     The resulting $9,500,000 Proposed Settlement secures the best-ever per-class member recovery in a PPPA case for the Settlement Class. Based on the records obtained in discovery, the proposed Settlement Class includes 14,503 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and, thus, have standing. With a $9,500,000 non-reversionary Settlement Fund, each Class Member who does not exclude himself or herself from the Settlement will <u>automatically</u> receive a *pro rata* cash payment of approximately $420. Prior to this settlement, the best per-class member recovery in a PPPA case was in *Kain v. The Economist Newspaper NA, Inc.*, Case No. 4:21-cv-11807-MFL-CI (E.D. Mich.), where the Parties reached a $9,500,000 settlement for a settlement class that included 22,987 persons and paid each class member approximately $261. Thus, the Proposed Settlement represents a recovery that exceeds the next best PPPA settlement by more than 50% per class member.

12.     Moreover, the Proposed Settlement also provides robust prospective relief as Defendant has agreed to refrain, in perpetuity, from disclosing to any third party the subscription information of any subscribers to any of its publications who

reside in Michigan. Settlement Agreement ¶ 2.2.

13.     After finalizing and executing the Class Action Settlement
Agreement, Plaintiffs' Counsel prepared and filed Plaintiff's Unopposed Motion
for Preliminary Approval  (ECF No. 79).

14.     On August 25, 2023, the Court granted Plaintiffs' Motion for
Preliminary Approval.  ECF No. 80.

15.     The Parties agreed to the terms of the Settlement through experienced
counsel who possessed all the information necessary to evaluate the case, determine
all the contours of the proposed Class, and reach a fair and reasonable compromise
after negotiating the terms of the Settlement at arm's length and with the assistance
of neutral mediators.

16.     Plaintiffs and Plaintiffs' Counsel recognize that despite our belief in the
strength of Plaintiffs' claims, and Plaintiffs' and the Class's ability to ultimately each
secure a $5,000 statutory award under the PPPA, the expense, duration, and
complexity of protracted litigation would be substantial and the outcome uncertain.

17.     Plaintiffs and Plaintiffs' Counsel are also mindful that absent a
settlement, the success of Defendant's various defenses in this case could deprive
Plaintiffs and the Settlement Class Members of any potential relief whatsoever.
Defendant is represented by highly experienced attorneys who have made clear
that absent a settlement, they were prepared to continue their vigorous defense of

this case. Plaintiffs and proposed Class Counsel are also aware that Defendant

would continue to challenge liability, as well as assert a number of defenses.

Defendant had indicated that it would continue to assert numerous defenses on the

merits. More specifically, Plaintiffs are aware that Defendant would assert that the

PPPA does not prohibit the disclosure of the subscription information at issue

(because the third-party recipients of the disclosures are Defendant's agents), that

Defendant also provided appropriate notice of its practices so as to make the

alleged disclosures permissible under the PPPA, and that the PPPA is an

impermissible special law. Plaintiffs and Plaintiffs' Counsel are also aware that

Defendant would oppose class certification vigorously, and that Defendant would

prepare a competent defense at trial. Looking beyond trial, Plaintiffs are also aware

that Defendant could appeal the merits of any adverse decision, and that in light of

the statutory damages in play, it would argue—in both the trial and appellate

courts—that the award of any statutory damages is not warranted or for a reduction

of damages based on due process concerns. *See, e.g.*, *Rogers v. BNSF Railway Co.*,

2023 WL 4297654, at *13 (N.D. Ill. June 30, 2023) (vacating jury's statutory

damages award in statutory privacy class action and ordering a new trial on

damages); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1125 (9th Cir. 2022) (vacating

and remanding district court's denial of post-trial motion challenging the

constitutionality of statutory damages award in statutory privacy class action and

ordering the district court to reassess the question with new appellate guidance). Moreover, as aforementioned, Defendant's financial ability to withstand a classwide judgment was lacking.

18.     Plaintiff and Plaintiff's Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the settlement is fair, reasonable, and adequate, and well within the range of approval.

19.     Since the Court granted preliminary approval, Plaintiffs' Counsel has worked with the Settlement Administrator, JND Legal Administration ("JND"), to carry out the Court-ordered notice plan.  Specifically, Plaintiffs' Counsel helped compile and review the contents of the required notice to State Attorney Generals pursuant to 28 U.S.C. § 1715, reviewed the final notice forms, and reviewed and tested the settlement website before it launched live.

20.     Plaintiffs' Counsel also worked with Defendant and JND to secure the class list and effectuate the Notice Plan.

21.     Since class notice has been disseminated, Plaintiffs' Counsel has worked with JND on a weekly basis to monitor settlement claims and any other issues that may arise.  Plaintiffs' Counsel has also fielded numerous calls from Settlement Class Members and assisted with their requests.

22.     My firm undertook this matter on a contingency basis.  Due to the commitment of time and capital investment required to litigate this action, my firm

had to forego other work, including hourly non-contingent matters, and other class action matters.

23.    To date, my firm has also spent $9,813.54 in out-of-pocket costs and expenses in connection with the prosecution of this case.  Attached as **Exhibit 2** is an itemized list of those costs and expenses.  These costs and expenses are reflected in the records of my firm, and were necessary to prosecute this litigation. Cost and expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

24.    Attached hereto as **Exhibit 3** is a current firm resume for The Miller Law Firm, P.C.

25.    The Miller Law Firm has established a national reputation for the successful prosecution of complex class actions throughout the United States and, particularly, in the Eastern District of Michigan.

26.    In this litigation, Plaintiffs contributed substantial effort to advance the interests of the Settlement Class. Specifically, Plaintiffs worked with Plaintiffs' Counsel to detail their subscription purchase history, including how they subscribed to the publications at issue; to inform Plaintiffs' Counsel that they did not agree in writing or otherwise to allow Defendant to sell or disclose their Personal Reading Information; that they did not receive notice of such disclosures, nor were they aware of them at all. Moreover, Plaintiffs worked with Plaintiffs' Counsel to prepare the

Complaint and carefully reviewed the Complaint for accuracy and approved it before it was filed.

27.     Moreover, Plaintiffs filed this case knowing it would invariably reveal their statutorily-protected status as subscribers to Defendant's publications, and kept in regular contact with Plaintiffs' Counsel, including on matters of strategy, discovery, mediation, and the prospects of settlement.

28.     Plaintiffs also coordinated with Plaintiffs' Counsel to respond to formal discovery, including searching for documents such as records pertaining to their magazine subscriptions, and were prepared to testify at deposition and trial, if necessary.

29.     I am of the opinion that Plaintiffs' active involvement in this case was critical to its ultimate resolution. They took their role as class representatives seriously, devoting time and effort to protecting the interests of the class. Without their willingness to assume the risks and responsibilities of serving as class representative, I do not believe such a strong result could have been achieved.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed this 17th day of October 2023 at Rochester, Michigan.

                    */s E. Powell Miller*
                    E. Powell Miller

9

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

RICHARD PRATT and LARRY JONES,
individually and on behalf of all others similarly
situated,

                          Plaintiffs,

     v.

KSE SPORTSMAN MEDIA, INC. d/b/a
OUTDOOR SPORTSMAN GROUP,

                        Defendant.

---

Case No. 21-cv-11404-TLL-PTM

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Richard Pratt and Larry Jones ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("Defendant" or "KSE").  The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted.  The Plaintiffs and the Defendant are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On June 15, 2021, Plaintiffs filed a putative class action in the United States District Court for the Eastern District of Michigan.  The material allegations of the complaint centered on Defendant's alleged disclosure of its customers' personal information and magazine choices to third parties before July 30, 2016, which Plaintiffs claimed was without permission and in violation of Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg.

Sess., P.A. No. 378 §§ 1-4, *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). (Dkt. 1.)

B.     On October 28, 2021, before Defendant responded to the Complaint, the Parties participated in a mediation with The Honorable Wayne R. Andersen (Ret.), formerly of the Northern District of Illinois and now a neutral with JAMS Chicago.  While the mediation was conducted at arm's-length, the Parties were unable to reach an agreement to resolve the case.

C.     On November 24, 2021, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, *inter alia*, that Plaintiffs' claims were time-barred by a three-year statute of limitations and that Plaintiffs lack Article III standing to pursue their claims. (Dkt. 17).

D.     On February 15, 2022, after full briefing, the Court denied Defendant's motion to dismiss in its entirety. (Dkt. 24).

E.     On March 1, 2022, Defendant filed an Answer to the Complaint asserting 17 affirmative defenses. (Dkt. 26).

F.     Thereafter, the Parties engaged in written and document discovery, which included the production of thousands of pages of documents, numerous third-party subpoenas, and a motion to compel (Dkt. 40).

G.     On August 19, 2022, Defendant filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that Plaintiffs' claims were barred because the PPPA is a special law and any alleged disclosures by KSE met the direct marketing exception to the PPPA. (Dkt. 44).

H.     From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution.  To that

end, the Parties agreed to participate in a mediation with The Honorable James F. Holderman (Ret.), former Chief Judge of the Northern District of Illinois and now a neutral with JAMS Chicago.

I.      In preparation for the mediation, the Parties conducted an analysis of the size and parameters of the potential class, which included analysis by a database management expert hired by Class Counsel, as well as the strengths and weaknesses of their respective cases.

J.      The mediation with Judge Holderman took place on December 14, 2022 and lasted the entire day.  During and in the months following that mediation, the Parties exchanged and analyzed information on Defendant's financial condition and its ability to withstand a classwide judgment, which included analysis by a forensic accountant hired by Class Counsel.

K.      Thereafter, on April 14, 2023, the Parties conducted another mediation, this time with The Honorable Gerald E. Rosen (Ret.), former Chief Judge of the Eastern District of Michigan and now a neutral with JAMS Detroit and with Judge Holderman.  The mediation lasted the entire day and at the conclusion of the mediation the Parties, with the assistance of Judges Rosen and Holderman, reached agreement on a framework for a classwide resolution of the case, which they memorialized into a term sheet on April 26, 2023.

L.      Based on the information obtained during discovery and exchanged in advance of the mediations, the Parties understand that the Settlement Class includes 14,503 persons.

M.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action and has opposed certification of a litigation class.  Defendant believes that the claims asserted in the Action against it do not have merit and that it would have prevailed at summary judgment, at class

certification, and/or at trial.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

N.     Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail.  Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through a motion for summary judgment, discovery, class certification, trial, and any subsequent appeals.  Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation.  Therefore, Plaintiffs believe it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through its undersigned

counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Action**" means *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*, Case No. 1:21-cv-11404-TLL-PTM, pending in the United States District Court for the Eastern District of Michigan.

1.2    "**Alternate Judgment**" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3    "**Cash Award**" means the cash compensation, payable by the Settlement Administrator from funds provided by Defendant on a pro rata basis, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive, which estimated amount shall be specified in the Notice.  Settlement Class Members shall have the option to elect to receive their Cash Awards via check, PayPal, or Venmo, provided however that the default payment method shall be check.

1.4    "**Claim Deadline**" means 11:59 p.m., Eastern Time, on the date by which Unidentified Class Members must submit Claim Forms (either electronically on the Settlement

Website or by mailing in a paper Claim Form) to be eligible for the benefits described herein, which date and time shall be specified in the Notice.

      **1.5**     "**Claim Form**" means the claim form attached hereto as Exhibit E, or its substantially similar form, as approved by the Court, that any Unidentified Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when preliminary approval of the Settlement is sought.

      **1.6**     "**Class Counsel**" means E. Powell Miller of The Miller Law Firm, P.C., Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., and Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP.

      **1.7**     "**Class List**" means an electronic list or lists from Defendant's available records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class, which is attached hereto as Exhibit A, and which shall be provided to the Settlement Administrator with a copy to Class Counsel in accordance with Paragraph 4.1(a).

      **1.8**     "**Class Representative**" means the named Plaintiffs in this Action, Richard Pratt and Larry Jones.

      **1.9**     "**Court**" means the United States District Court for the Eastern District Michigan, the Honorable Thomas L. Ludington presiding, or any judge who shall succeed him as the Judge in this Action.

      **1.10**    "**Defendant**" means KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group.

**1.11** "**Defendant's Counsel**" means Mary Quinn Cooper, Kathy R. Neal, and Katie G. Crane of McAfee & Taft, P.C.

**1.12** "**Effective Date**" means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.13** "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.14** "**Fee Award**" means the amount of attorneys' fees, costs, and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.15** "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or

appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

      **1.16**    "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service award to the Class Representative.

      **1.17**    "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

      **1.18**    "**Michigan Subscriber Information**" means the combination of each of a Person's name, address in the State of Michigan and the title(s) and/or interest information derived solely from the title of the KSE publication to which such Person currently subscribes and/or previously subscribed.

      **1.19**    "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and D hereto.

      **1.20**    "**Notice Date**" means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

      **1.21**    "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(d), or such other date as ordered by the Court.

**1.22**   "**Person**" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.23**   "**Plaintiffs**" means Richard Pratt, Larry Jones, and the Settlement Class Members.

**1.24**   "**Preliminary Approval**" means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.25**   "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.26**   "**Released Claims**" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the PPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personal information or Michigan Subscriber Information, including but not limited to all claims that were brought or

could have been brought in the Action relating to any and all Releasing Parties.

1.27   "**Released Parties**" means KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group, Inc., as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, independent contractors, including without limitation employees of the foregoing, owners, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.28   "**Releasing Parties**" means Plaintiffs, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors,  directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.29   "**Settlement Administration Expenses**" means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to

any tax attorneys and accountants), as well as all expenses related to the resolution of any

disputed claims by Judge Rosen (as described below in Paragraph 5.3).

     **1.30**    "**Settlement Administrator**" means JND Legal Administration, or such other

reputable administration company that has been selected jointly by the Parties and approved by

the Court to perform the duties set forth in this Agreement, including but not limited to serving

as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, as well as the

processing and payments to the Settlement Class as set forth in this Agreement, handing all

approved payments out of the Settlement Fund, and handling the determination, payment and

filing of forms related to all federal, state and/or local taxes of any kind (including any interest or

penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class

Counsel's assent to this Agreement shall constitute consent on behalf of each and every member

of the Settlement Class as defined herein to disclose all information required by the Settlement

Administrator to perform the duties and functions ascribed to it herein, consistent with the

written consent provisions of the PPPA.

     **1.31**    "**Settlement Class**" means the 14,503 direct purchasers whose information was

included on the lists obtained in discovery that were transmitted to third parties between June 16,

2015 and July 30, 2016, and thus that have standing, which are reflected on the Class List,

attached hereto as Exhibit A.  Excluded from the Settlement Class are (1) any Judge or

Magistrate presiding over this Action and members of their families; (2) the Defendant,

Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which

the Defendant or its parents have a controlling interest and their current or former officers,

directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely

11

request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**1.32**   "**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.33**   "**Settlement Fund**" means the non-reversionary cash fund that shall be established by Defendant in the total amount of nine million five hundred thousand dollars ($9,500,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any service awards to the Class Representatives, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the Settlement Amount by Defendant fully discharges the Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. The total monetary obligation with respect to this Agreement shall not exceed nine million five hundred thousand dollars ($9,500,000.00 USD).

**1.34**   "**Settlement Website**" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including the Settlement Agreement, the long-form Notice and the Claim Form, as well as web-based forms for Settlement Class Members and Unidentified Class Members to submit electronic Claim Forms, requests for exclusion from the Settlement, elections to receive Cash Awards by PayPal or Venmo, or updated postal addresses to which Cash Awards should be sent after the Settlement becomes Final.

**1.35**   "**Unidentified Class Member**" means a member of the Settlement Class for whom the Settlement Administrator has *not* been able to identify a postal address that it determines is reasonably likely to be the current place of residence for such member of the Settlement Class.

**1.36**   "**Unknown Claims**" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the

United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.      SETTLEMENT RELIEF**.

    **2.1      Payments to Settlement Class Members**.

       **(a)**      Defendant shall pay into the Escrow Account the amount of the Settlement Fund ($9,500,000.00), specified in Paragraph 1.33 of this Agreement, according to the following schedule:

       i.      Two hundred thousand dollars ($200,000.00) to be paid into the Escrow Account within fourteen (14) days after Preliminary Approval to cover the initial hard costs included in the Settlement Administration Expenses of the Settlement Administrator associated with providing Notice to the class, including payment of postage fees;

       ii.      The remaining nine million three hundred thousand dollars ($9,300,000.00) to be paid within fourteen (14) days of the District Court's order granting final approval to this Settlement.

       **(b)**      Each Settlement Class Member shall receive as a Cash Award a *pro rata* portion of the Settlement Fund, calculated by the Settlement Administrator, after deducting all Settlement Administration Expenses, any Fee Award to Class Counsel, any service awards to the Class Representatives, and any other costs, fees, or expenses approved by the Court, unless the Settlement Class Member excludes himself or herself from the Settlement.

14

**(c)**      Except for any Settlement Class Member for whom the Settlement

Administrator is unable to identify a postal address or e-mail address that it determines is

reasonably likely to be the current place of residence (or an active e-mail address) for such

Settlement Class Member, after taking measures reasonably necessary to identify such an

address (as detailed further in Paragraph 4.1(b)), each Settlement Class Member will be sent via

U.S. postal mail (and/or e-mail to the extent a postal address is unavailable for a Settlement Class

Member) a copy of the Class Notice, which will also indicate the estimated amount of the Cash

Award that the Settlement Class Member will be paid upon final approval of the Settlement

unless the Settlement Class Member opts out of the Settlement.

**(d)**      *Payments to Identified Settlement Class Members.* After final approval of

the Settlement, a direct payment by check will be made to each Settlement Class Member who

did not exclude himself or herself and for whom at least one postal address has been identified

by the Settlement Administrator that the Settlement Administrator concludes is reasonably likely

to reflect the current residence of such Settlement Class Member, after taking measures

reasonably necessary to identify such an address, as set forth more fully in Paragraph 4.1(b); to

the extent multiple such postal addresses are identified by the Settlement Administrator for a

particular Settlement Class Member, such check shall be sent to the address that the Settlement

Administrator concludes is the most likely among such multiple addresses to reflect the current

residence of such Settlement Class Member.  The foregoing direct payment procedure shall

apply for all Settlement Class Members for whom a postal address has been identified unless: (i)

the Settlement Class Member submits an updated address to which their check should be sent on

a web-based form on the Settlement Website, in which case such check will be sent to the

updated address that was provided, or (ii) the Settlement Class Members elects to receive

payment by PayPal or Venmo by following the procedures on the Settlement Website to make such a request.

      **(e)** *Payments to Unidentified Class Members.* To the extent the Settlement Administrator is unable to identify at least one postal address for any Settlement Class Member that the Settlement Administrator concludes is reasonably likely to reflect the current residence of such Settlement Class Member, then in that event, and only in that event, shall any such Settlement Class Member be required to submit, as clearly explained in the website Notice and the e-mail Notice(s) that the Settlement Administrator will have attempted to send such Settlement Class Member, a qualifying claim form that will include their (1) name; (2) postal address at which they subscribed to a KSE publication; (3) postal address to which their check shall be sent or instructions for payment via PayPal or Venmo; and (4) a telephone number and/or email address at which the Settlement Administrator may contact him or her to obtain any additional information that may be required to verify such Person's claim.

      **(f)** Each check issued will state on its face that the check will expire and become null and void unless cashed within 180 Days of the date of issuance.  To the extent that a check issued to a Settlement Class Member is not cashed within 180 Days after the date of issuance (which issuance shall be no sooner than 5 Days prior to such check's mailing), the check will be void.  Payments to all Settlement Class Members who do not exclude themselves from the Settlement shall be made within twenty-eight (28) days after Final Judgment.

      **(g)** To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who

cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible.  To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to the Michigan Bar Foundation's Access to Justice Fund, a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.

      **(h)**     Subject to the provisions pertaining to the termination or cancellation of the Settlement, as set forth in Paragraph 9, no portion of the Settlement Fund shall revert back to Defendant.

      **2.2**    **Prospective Relief.**  As part of the Settlement, Defendant agrees to refrain, in perpetuity, from disclosing to any third party the subscription information of any subscribers to any of its publications who reside in Michigan.

**3.**     **RELEASE**.

      **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

      **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.**     **NOTICE TO THE CLASS**.

      **4.1**    The Notice Plan shall consist of the following:

      **(a)**     *Settlement Class List*.  No later than twenty-eight (28) days after the execution of this Agreement, Defendant shall, to the best of its ability, produce an electronic list or lists from its available records that includes the names, last known U.S. Mail addresses, and

email addresses, to the extent available, belonging to Persons within the Settlement Class.  Class

Counsel's assent to this Agreement shall constitute consent on behalf of each and every member

of the Settlement Class as defined herein to disclose this information as stated in this paragraph,

consistent with the written consent provisions of the PPPA.  This electronic document shall be

called the "Class List," and shall be provided to the Settlement Administrator with a copy to

Class Counsel.

        **(b)**     *Method for Providing Notice.*

        **i.**     The Notice shall provide information to each Settlement Class

Member regarding (a) the specific amount of the Cash Award that will be paid to each

Settlement Class Member upon final approval; (b) the requirements for the filing of Claim Forms

by any Unidentified Settlement Class Members; (c) the amount of the Service Award and the Fee

Award to be requested by Plaintiffs and Class Counsel; (d) the Objection/Exclusion Deadline

and the requirements and process for filing an objection to or a request for exclusion from the

Settlement; and (e) the URL of the Settlement Website, where additional information and

documents concerning the Settlement may be obtained.

        **ii.**     For every Settlement Class Member for whom the Settlement

Administrator has been able to identify a postal address that it concludes has a reasonable

likelihood of reflecting the current residence of such Settlement Class Member, as identified by

the Settlement Administrator after taking measures reasonably necessary to identify such an

address, the Settlement Administrator shall send the Notice to the Settlement Class Member at

such address via postal mail.

        **iii.**     To the extent multiple postal addresses are identified by the

Settlement Administrator as having a reasonable likelihood of reflecting the current residence of

a particular Settlement Class Member, Notice shall be sent to all such postal addresses, and each such Notice shall indicate the address to which the Settlement Class Member's Cash Award check will be sent by check at the conclusion of the Settlement administration process; such address shall be  the one that the Settlement Administrator concludes is the most likely among such multiple addresses to reflect the current residence of such Settlement Class Member.

        **iv.**    For any Settlement Class Member for whom the Settlement Administrator is unable to identify at least one postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member, the Notice will be delivered to any and all e-mail addresses specified in the Class List or otherwise identified by the Settlement Administrator as being reasonably likely to belong to such Settlement Class Member (after taking measures reasonably necessary to identify such e-mail address(es)).

        **v.**    If any Notice sent to a Settlement Class Member is returned as undeliverable, the Settlement Administrator shall redeliver the Notice to any alternative postal address(es) identified by the Settlement Administrator as having a reasonable likelihood of being the current place of residence for such Settlement Class Member (or, if none is available, to any e-mail address(es) believed to belong to the Settlement Class Member), after taking measures reasonably necessary to locate such addresses.

        **(c)**    *Settlement Website.*  Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.ksemagazinesettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-line, provided that such Claim Forms, if signed electronically, will be binding for purposes of

applicable law and contain a statement to that effect.  The Notice provided on the Settlement

Website shall be substantially in the form of Exhibit D hereto.

      **(d)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days

after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served

upon the Attorney General of the United States, and any other required government officials,

notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

      **(e)**    *KSE Statement.*  The documents referenced in 4.1(b), (c), and (d) shall

contain the following statement from KSE in a format/typeface designed to give it prominence

within each said document: While KSE believes that its practices were in compliance with

Michigan law, KSE chose to settle this case, without admitting liability, to focus time, effort and

resources on continuing to provide valued content to its readers, and not on additional legal fees

and the uncertainty of litigation.

      **4.2**    The Notice shall advise the Settlement Class of their rights, including the right to

be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.

The Notice shall specify that any objection to the Settlement Agreement, and any papers

submitted in support of said objection, shall be considered by the Court at the Final Approval

Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and

specified in the Notice, the Person making the objection files notice of an intention to do so and

at the same time (a) files copies of such papers he or she proposes to be submitted at the Final

Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class

Member represented by counsel, files any objection through the Court's CM/ECF system, and

(b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and

Defendant's Counsel.

**4.3**     Any Settlement Class Member who intends to object to this Agreement must present on a timely basis pursuant to the Court's anticipated Order preliminarily approving the settlement the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including the title of the publication to which he or she is or was a subscriber; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

**4.4**     If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

**4.5**     A Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing (1) his/her name and address; (2) the title of the publication to which he or she is a subscriber; (3) a signature; (4) the name and number of the case; (5) and a

statement that he or she wishes to be excluded from the Settlement Class for purposes of this

Settlement.  A request to be excluded that does not include all of this information, or that is sent

to an address other than that designated in the Notice, or that is not postmarked within the time

specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the

Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if

approved.  Any member of the Settlement Class who validly elects to be excluded from this

Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief

under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be

entitled to object to any aspect of this Agreement.  The request for exclusion must be personally

signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be

allowed.  To be valid, a request for exclusion must be postmarked or received by the date

specified in the Notice.

      **4.6**     The Final Approval Hearing shall be no earlier than ninety (90) days after the

Notice described in Paragraph 4.1 is provided.

      **4.7**     Any Settlement Class Member who does not, in accordance with the terms and

conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid

Claim Form when such Claim Form is required shall not be entitled to receive any payment or

benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this

Agreement, including the terms of the Final Judgment to be entered in the Action and the

Releases provided for in the Agreement, and will be barred from bringing any action against any

of the Released Parties concerning the Released Claims.

**5.**      **SETTLEMENT ADMINISTRATION**.

      **5.1**     The Settlement Administrator shall, under the supervision of the Court, administer

the relief provided by this Settlement Agreement by processing Claim Forms submitted by

Unidentified Class Members, processing requests for exclusion from the Settlement, and disbursing funds from the Settlement Fund in a rational, responsive, cost effective, and timely manner.   The terms of this Agreement, upon approval by the Court, shall at all times govern the scope of the services to be provided by the Settlement Administrator to administer the Settlement.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims.  Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings

or language or other communications with the Settlement Class, at least five (5) business days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on case by case basis;

(c)     Receive Claim Forms from Unidentified Class Members and promptly provide to Class Counsel and Defendant's counsel copies thereof. If the Settlement Administrator receives any Claim Forms after the Claim Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(d)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof, along with a weekly report of the number of such requests received.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel and await guidance from Counsel as to treatment thereof;

(e)     Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(f)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

5.2     The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.  The Settlement Administrator shall determine whether a Claim Form submitted by a

Settlement Class Member is an Approved Claim by determining if the Person is on the Class List and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form.  In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline.  In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3**     Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by an Unidentified Settlement Class Member, as well as any request for exclusion.  The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form or request for exclusion.  To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to The Honorable Gerald E. Rosen (Ret.) of JAMS Detroit for a binding determination.  Judge Rosen will charge his JAMS hourly rate for providing such services to the Settlement Class, and all expenses related thereto will be paid by the Settlement Administrator from the Settlement Fund.

**5.4**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**5.5**     Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.6**     All taxes and tax expenses shall be paid out of the Settlement Fund and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

6.      **TERMINATION OF SETTLEMENT**.

**6.1**      Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representatives on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by an Appellate Court or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

7.      **PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER**.

**7.1**      Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits C, C, D, and E hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material

respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**    At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**    After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will among other things:

**(a)**    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

**(b)**    approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

**(c)**    find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United

States Constitution, and the rules of the Court;

       **(d)**     find that the Class Representatives and Class Counsel adequately represent

the Settlement Class for purposes of entering into and implementing the Agreement;

       **(e)**     dismiss the Action (including all individual claims and Settlement Class

Claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in the Settlement Agreement;

       **(f)**     incorporate the Release set forth above, make the Release effective as of

the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

       **(g)**     permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in

any jurisdiction based on the Released Claims;

       **(h)**     without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement, and

interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary

purpose; and

       **(i)**     incorporate any other provisions, as the Court deems necessary and just or

appropriate to effectuate the terms and conditions of the Settlement Agreement.

**8.**     **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.**

     **8.1**     Defendant agrees that Class Counsel may receive from the Settlement Fund,

subject to Court approval, attorneys' fees, costs, and expenses not to exceed 35% of the

Settlement Fund (or $3,325,000 USD).  Plaintiffs will petition the Court for an award of such

attorneys' fees, costs, and expenses, and Defendant agrees not to object to or otherwise

challenge, directly or indirectly, Class Counsel's petition for attorneys' fees, costs, and expenses

if limited to this amount.  Class Counsel, in turn, agrees to seek no more than this amount from

the Court in attorneys' fees, costs, and expenses.  Payment of the Fee Award shall be made from

the Settlement Fund and should the Court award less than the amount sought by Class Counsel,

the difference in the amount sought and the amount ultimately awarded pursuant to this

Paragraph shall remain in the Settlement Fund.

      **8.2**      The Fee Award shall be payable by the Settlement Administrator within ten (10)

days after entry of the Court's Final Judgment, subject to Class Counsel executing the

Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as

Exhibits F-1, F-2, and F-3, and providing all payment routing information and tax I.D. numbers

for Class Counsel.  Payment of the Fee Award shall be made from the Settlement Fund by wire

transfer to Class Counsel, in accordance with the instructions to be jointly provided by Class

Counsel, after completion of necessary forms by Class Counsel, including but not limited to W-9

forms.  Notwithstanding the foregoing, if for any reason the Final Approval Order is reversed or

rendered void as a result of an appeal(s) then any persons or firms who shall have received such

funds shall be severally liable for payments made pursuant to this subparagraph, and shall return

such funds to the Defendant, based upon written instructions provided by Defendant's Counsel.

To effectuate this provision, The Miller Law Firm, P.C., Bursor & Fisher, P.A., and Hedin Hall

LLP, shall each execute a guarantee of repayment in the forms attached hereto as Exhibits F-1,

F-2, and F-3.  Additionally, should any parties to the Undertaking dissolve, merge, declare

bankruptcy, become insolvent, or cease to exit prior to the final payment to Class Members,

those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

      **8.3**     Defendant agrees that, subject to Court approval, the Settlement Administrator may pay service awards to the Class Representatives from the Settlement Fund, in addition to any settlement payment as a result of a Cash Award pursuant to this Agreement, and in recognition of their efforts on behalf of the Settlement Class, in the amount of one thousand five hundred dollars ($1,500.00 USD) each.  Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the service awards to the Class Representatives if limited to this amount.  Class Counsel, in turn, agrees to seek no more than this amount from the Court as the service awards for the Class Representatives.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent to the care of Class Counsel), within five (5) business days after entry of the Final Judgment if there have been no objections to the Settlement Agreement, and, if there have been such objections, within five (5) business days after the Effective Date.

**9.**     **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

      **9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

        **(a)**     The Parties and their counsel have executed this Agreement;

        **(b)**     The Court has entered the Preliminary Approval Order;

(c)      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

9.2      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the service award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the

*status quo ante* with respect to the Action as if this Agreement had never been entered into.
Within five (5) business days after written notification of termination as provided in this
Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon),
less any Settlement Administration costs actually incurred, paid or payable and less any taxes
and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to
Defendant based upon written instructions provided by Defendant's Counsel.  In the event that
the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or
rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or
otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to
Defendant based upon written instructions provided by Defendant's Counsel, the full amount of
the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any
accrued interest.  In the event the attorney fees and costs awarded by the Court or any part of
them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel
shall within thirty (30) days repay to Defendant based upon written instructions provided by
Defendant's Counsel, the attorneys' fees and costs paid to Class Counsel and/or Representative
Plaintiff from the Settlement Fund, in the amount vacated or modified, including any accrued
interest.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement
Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to
the extent reasonably necessary to effectuate and implement all terms and conditions of this
Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and
conditions of this Agreement, to secure final approval, and to defend the Final Judgment through
any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another

in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.  Nothing herein, however, shall be construed to prevent any employee of Defendant or any Released Party, or any independent contractor working in a reporting or newsgathering capacity for Defendant or any Released Party, from reporting on the Action or this Settlement.

10.3     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**      is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**      is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning (including but not limited to the definitions of Michigan Subscriber Information and Settlement Class) as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a

defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

> **(d)** is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

> **(e)** is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5**   The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and

(c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

10.6    No person or entity shall have any claim against the Class Representatives, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

10.7    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

10.8    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.9    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.10   All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.11**   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**   Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.14**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Michigan.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  E. Powell Miller, The Miller Law Firm, P.C., 950 W. University Drive, Suite 300, Rochester, MI 48307; Kathy R. Neal, McAfee & Taft, P.C., Williams Center Tower II, Two West Second Street, Suite 1100, Tulsa, OK 74103.


**[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK, SIGNATURE PAGE(S) TO FOLLOW]**

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _May 26, 2023_      **RICHARD PRATT**

By: _Richard Pratt_
Richard Pratt (May 26, 2023 14:16 EDT)

Richard Pratt, individually and as representative of the Class

Dated: _____      **LARRY JONES**

By:_____

Larry Jones, individually and as representative of the Class

Dated: _____      **KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR SPORTSMAN GROUP**

By:_____

Name
Its:
KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____      **THE MILLER LAW FIRM, P.C.**

By: _____

E. Powell Miller
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300

40

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **RICHARD PRATT**


By:_____

Richard Pratt, individually and as representative of
the Class


Dated: _May 26, 2023_          **LARRY JONES**


By:  *Larry J. Jones*
      Larry J Jones (May 26, 2023 14:38 EDT)
      _____

Larry Jones, individually and as representative of
the Class


Dated: _____          **KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR
SPORTSMAN GROUP**


By:_____

Name
Its:
KSE Sportsman Media, Inc. d/b/a Outdoor
Sportsman Group


**IT IS SO STIPULATED BY COUNSEL:**


Dated: _____          **THE MILLER LAW FIRM, P.C.**


By: _____

E. Powell Miller
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300

40

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **RICHARD PRATT**


By:_____

Richard Pratt, individually and as representative of
the Class


Dated: _____          **LARRY JONES**


By:_____

Larry Jones, individually and as representative of
the Class


Dated: 5/26/2023                    **KSE SPORTSMAN MEDIA, INC. D/B/A OUTDOOR**
_____                 **SPORTSMAN GROUP**

By: *Matthew M. Hutchings*_____
    ⎣—8A10A5EBC72C417...
    Matthew M. Hutchings
Name
Its: EVP & COO
KSE Sportsman Media, Inc. d/b/a Outdoor
Sportsman Group


**IT IS SO STIPULATED BY COUNSEL:**


Dated: _____          **THE MILLER LAW FIRM, P.C.**


By: _____

E. Powell Miller
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300

40

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **RICHARD PRATT**


By:_____

Richard Pratt, individually and as representative of
the Class


Dated: _____          **LARRY JONES**


By:_____

Larry Jones, individually and as representative of
the Class


Dated: _____          **KSE SPORTSMAN MEDIA, INC. D/B/A OUTDOOR
SPORTSMAN GROUP**


By:_____

Name
Its:
KSE Sportsman Media, Inc. d/b/a Outdoor
Sportsman Group


**IT IS SO STIPULATED BY COUNSEL:**

Dated: _5-26-23_          **THE MILLER LAW FIRM, P.C.**

By: _E. Powell Miller_

E. Powell Miller
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300

Rochester, MI 48307
Tel: (248) 841-2200

Dated: May 26, 2023          **BURSOR & FISHER, PA**

By:

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, PA
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

Dated: May 26, 2023          **HEDIN HALL LLP**

By:

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

*Attorneys for Class Representatives and the
Settlement Class*

Dated: _____          **MCAFEE & TAFT, P.C.**

By:

Mary Quinn Cooper
maryquinn.cooper@mcafeetaft.com
Kathy R. Neal
kathy.neal@mcafeetaft.com
Katie G. Crane

Rochester, MI 48307
Tel:  (248) 841-2200

Dated: _____          **BURSOR & FISHER, PA**


By: _____

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, PA
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163

Dated: _____          **HEDIN HALL LLP**


By: _____

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel:  (305) 357-2107
Fax:  (305) 200-8801

*Attorneys for Class Representatives and the
Settlement Class*

Dated: *MAY 26, 2023*          **MCAFEE & TAFT, P.C.**


By: *KATHY NEAL (w/ PERMISSION BY TIM SPENCER)*

Mary Quinn Cooper
maryquinn.cooper@mcafeetaft.com
Kathy R. Neal
kathy.neal@mcafeetaft.com
Katie G. Crane

41

katie.crane@mcafeetaft.com
MCAFEE & TAFT, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Tel:  (918) 587-0000
Fax : (918) 599-9317

*Attorney for Defendant KSE Sportsman Media, Inc.
d/b/a Outdoor Sportsman Group*

**EXHIBIT A**

# CLASS LIST - AVAILABLE
# FOR IN-CAMERA REVIEW

**EXHIBIT B**

From:   KSEMagazineSettlement@KSEMagazinesettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*,
Case No. 1:21-cv-11404-TLL-PTM
(United States District Court for the Eastern District of Michigan)

This notice is to inform you of the settlement of a class action lawsuit with publisher KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE"), the Defendant in this case. Plaintiffs Richard Pratt and Larry Jones allege that Defendant disclosed its customers' subscription information to third parties which is alleged to violate Michigan privacy law. **While KSE believes that its practices were in compliance with Michigan law, KSE chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, and not on additional legal fees and the uncertainty of litigation.**

**Am I a Class Member?**  Yes. Our records indicate you are a Class Member. Class Members are direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing, which are reflected on the Class List, which can be found [hyperlink].  Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

**What Can I Get?** A Settlement Fund of $9,500,000 has been established to pay all cash awards to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and service awards to the Plaintiffs. If you received a postcard Notice, you do not need to submit a Claim Form to receive payment, and you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates to will be for approximately $420 per class member. The exact amount of the share of the Settlement Fund that you will receive depends on the number of requests for exclusion that are received. If you **did not receive a postcard Notice** concerning the Settlement sent to you by postal mail, you **must submit a Claim Form** (see instructions below) in order to receive a share of the Settlement Fund as described above. Additionally, as part of the Settlement, KSE has agreed to refrain, in perpetuity, from disclosing to any third party the subscription information of any subscribers to any of its publications who reside in Michigan.

**How Do I Get a Payment?** Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** complete and submit a Claim Form to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $420.  You may submit a Claim Form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download here

[insert hyperlink].  Claim Forms must be submitted online by 11:59 p.m. EST on [date] or postmarked and mailed by [date].

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator postmarked no later than [**objection/exclusion deadline**]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [**objection/exclusion deadline**]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.KSEMagazineSettlement.com].  If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed E. Powell Miller of The Miller Law Firm, P.C., Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., and Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP to represent the class.  These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the United States Post Office Building, 1000 Washington Avenue, Room 214, Bay City, MI 48708.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $1,500 each from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, a copy of the Settlement Agreement and other documents, go to www.KSEMagazineSettlement.com, contact the settlement administrator by calling (800) 000-000 or by writing to KSE Magazine Settlement Administrator, [address], or contact Class Counsel by calling [insert phone number].

**EXHIBIT C**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

# OUR RECORDS INDICATE YOU HAVE SUBSCRIBED TO A KSE PUBLICATION AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

KSE Magazine Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

||||||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

### KSE MAGAZINE SETTLEMENT

A settlement has been reached in a class action lawsuit claiming that Defendant, publisher KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE"), disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law. **While KSE believes that its practices were in compliance with Michigan law, KSE chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, and not on additional legal fees and the uncertainty of litigation.**

**Am I a Class Member?** Our records indicate you are a Class Member. Class Members are direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing, which are reflected on the Class List, which can be found [hyperlink].

**What Can I Get?** If approved by the Court, a Settlement Fund of $9,500,000.00 has been established to pay all cash awards to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and a service award to the Plaintiffs. Once the Settlement becomes Final, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $420 per class member, although the final amount you receive will also depend on the number of requests for exclusion submitted. Additionally, as part of the Settlement, KSE has agreed to refrain, in perpetuity, from disclosing to any third party the subscription information of any subscribers to any of its publications who reside in Michigan.

**How Do I Get a Payment?** If you are a Class Member, you will automatically receive a *pro rata* share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check, sent to the following address: [insert Settlement Class Member's address to which check will be sent]. If you no longer reside at this address or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please complete and submit a change of address form accessible on the Settlement Website so that your check is sent to the correct address. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an Election Form on the Settlement Website.

**What are My Other Options?** You may exclude yourself from the Class by submitting an online form on the Settlement Website no later than 11:59 p.m. on [objection/exclusion deadline] or by sending a letter to the settlement administrator postmarked no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.KSEMagazineSettlement.com. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant and others will be released.

**Who Represents Me?** The Court has appointed E. Powell Miller of The Miller Law Firm, P.C., Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., and Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the United States Post Office Building, 1000 Washington Avenue, Room 214, Bay City, MI 48708. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $1,500 each from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and Settlement Agreement go to www.KSEMagazineSettlement.com, contact the settlement administrator by calling (800) 000-0000 or writing to KSE Magazine Settlement Administrator, [address], or contact Class Counsel by calling [insert phone number].

KSE Magazine Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT D**

<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN</u>
*Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*,
Case No. 1:21-cv-11404-TLL-PTM

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against publisher KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE"). The class action lawsuit involves whether KSE disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law.

- **While KSE believes that its practices were in compliance with Michigan law, KSE chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued content to its readers, and not on additional legal fees and the uncertainty of litigation.**

- You are included if you are a direct purchaser whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing, which are reflected on the Class List, which can be found [hyperlink]. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $420.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a *pro rata* share of the Settlement benefits – estimated to be approximately $420 – and will give up your rights to sue the Defendant about the claims in this case. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

<u>QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.KSEMAGAZINESETTLEMENT.COM</u>

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Thomas L. Ludington, of the U.S. District Court for the Eastern District of Michigan, is overseeing this case. The case is called *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*, Case No. 1:21-cv-11404-TLL-PTM.  The people who sued are called the Plaintiffs.  The Defendant is KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Richard Pratt and Larry Jones) sue on behalf of a group or a "class" of people who have similar claims.  In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378 §§ 1-4, *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"), by disclosing information related to its customers' magazine subscriptions to third parties between June 16, 2015 and July 30, 2016. The Defendant denies it violated any law. The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a Settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.KSEMAGAZINESETTLEMENT.COM

**5. How do I know if I am in the Settlement Class?**

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

The 14,503 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing, which are reflected on the Class List, attached hereto as Exhibit A [hyperlink].

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

***Monetary Relief***:  A Settlement Fund has been created totaling $9,500,000.00. Class Member payments, the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and awards to the Class Representatives will also come out of this fund (*see* Question 12).

***Prospective Relief***:  As part of the Settlement, KSE has agreed to refrain, in perpetuity, from disclosing to any third party the subscription information of any subscribers to any of its publications who reside in Michigan.

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here. [insert hyperlink]

**7. How much will my payment be?**

The amount of this payment will depend on how many requests for exclusion are submitted.  Each Class Member will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $420.  You can contact Class Counsel at [insert phone number] to inquire as to the number of requests for exclusion that have been received to date.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members will receive their payment 28 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check, and all checks will expire and become void 180 days after they are issued.  Alternatively, you may request that the payment is issued through PayPal or Venmo (see Question 9 below for further details).

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member who received a Notice via postcard and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which Class Counsel anticipates will be approximately $420.  Your check for a *pro rata* share of the Settlement Fund will be sent to the postal address identified in the Notice you received.  If you have changed addresses or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please click here [insert hyperlink] to complete and submit a change of address form on the Settlement Website. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an Election Form on the Settlement Website.

If you are a Settlement Class Member who did not receive a Notice via postcard and you want to get a payment, you **must** complete and submit a Claim Form.  You may submit a Claim Form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download here [insert hyperlink].  Claim Forms must be submitted online by 11:59 p.m. EST on [date] or postmarked and mailed by [date].

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement.  The specific claims you are giving up against the Defendant are described in the Settlement Agreement.  You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.28 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 13), you are "releasing" the claims.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in

Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in the case?**

The Court has appointed E. Powell Miller of The Miller Law Firm, P.C., Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., and Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP to represent the class.  They are called "Class Counsel."   They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than 35% of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount.  Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that the Class Representatives may be paid a service award of $1,500 each from the Settlement Fund for their services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a request for exclusion by 11:59 p.m. EST on [objection/exclusion deadline].  Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here [insert hyperlink]) or by mailing or otherwise delivering a letter (or request for exclusion) stating that you want to be excluded from the *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*, Case No. 1:21-cv-11404-TLL-PTM settlement.  Your letter or request for exclusion must also include your name, your address, the title of the publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded.  If you choose to submit a

request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [objection/exclusion deadline], to the following address:

KSE Magazine Settlement
0000 Street
City, ST 00000

### 14. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 15. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a *pro rata* share of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 16. How do I object to the Settlement?

If you are a Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*, Case No. 1:21-cv-11404-TLL-PTM and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the title of the publication(s) which you purchased or to which you subscribed), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief.  File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel

Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Thomas L. Ludington<br>United States District Court for the Eastern District of Michigan<br>1000 Washington Avenue, Room 214, Bay City, MI 48708 | E. Powell Miller<br>The Miller Law Firm, P.C.<br>950 W. University Drive, Suite 300<br>Rochester, MI 48307 | Kathy R. Neal<br>McAfee & Taft, P.C.<br>Williams Center Tower II<br>Two West Second Street, Suite 1100<br>Tulsa, OK 74103 |

### 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself from the Class is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Approval Hearing at [time] on [date] at the United States Post Office Building, 1000 Washington Avenue, Room 214, Bay City, MI 48708.  The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for service awards to the Class Representatives.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.KSEMagazineSettlement.com or calling (800) 000-0000.  If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

### 19. Do I have to come to the hearing?

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.KSEMAGAZINESETTLEMENT.COM

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

**20. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group*, Case No. 1:21-cv-11404-TLL-PTM."   It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**21. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.KSEMagazineSettlement.com.  You may also write with questions to KSE Magazine Settlement, P.O. Box 0000, City, ST 00000.  You can call the Settlement Administrator at (800) 000-0000 or Class Counsel at [insert phone number], if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT E**

*Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group,*
Case No. 1:21-cv-11404-TLL-PTM (E.D. Mich.)

## CLAIM FORM FOR UNIDENTIFIED CLASS MEMBERS

This Claim Form may be submitted online at www.KSEMagazineSettlement.com or completed and mailed to the address below. Submit your completed Claim Form online or mail it so it is postmarked no later than **[DATE]**. If you received a Notice by mail, you do NOT need to submit a Claim Form, and your Cash Award will be sent to you by check at the address identified on the Notice once the Settlement is finally approved. If your address has changed, please submit a change of address form online at www.KSEMagazineSettlement.com to ensure your check is mailed to your current address.

### I.   CLAIMANT INFORMATION (all fields required)

The Settlement Administrator will use this information for communications and payments. If this information changes before settlement payments are issued, contact the Settlement Administrator at the address below.

First Name                                     M.I.     Last Name

Current Mailing Address, Line 1: Street Address/P.O. Box

Current Mailing Address, Line 2:

City:                                                   State:          Zip Code:

Preferred Telephone Number

Preferred Email address

### II.   CLAIM INFORMATION

Mailing address at which you received your subscription between June 16, 2015 and July 30, 2016:
Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                   State:          Zip Code:

### III.   PREFERRED PAYMENT METHOD

____ Check

____ PayPal (Associated Email Address: _____ )

____ Venmo (Associated Email Address: _____ )

### IV.   SIGNATURE: Sign and date the Claim Form below.

Signed: _____          Date: _____

Submit this Claim Form online or mail it to the address below postmarked no later than [**DATE**].

*KSE Magazine Class Action Settlement Administrator*
c/o JND Legal Administration
[address]

**EXHIBIT F-1**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, | Case No. 21-cv-11404-TLL-PTM |
| Plaintiffs, | |
| v. | |
| KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR SPORTSMAN GROUP, | |
| Defendant. | |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Richard Pratt and Larry Jones and Defendant KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, The Miller Law Firm, P.C. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of KSE, and notice to the Firm, summarily issue orders, including but not

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

      The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

      This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

      The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

      IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: 5-26 , 2023      THE MILLER LAW FIRM, P.C.

By: E. Powell Miller, on behalf of The Miller Law Firm, P.C.
Attorneys for Plaintiffs Richard Pratt and Larry Jones and Class Counsel

DATED: _____, 2023      MCAFEE & TAFT, P.C.

By: Kathy R. Neal
Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _____, 2023  THE MILLER LAW FIRM, P.C.

          _____

          By: E. Powell Miller, on behalf of The Miller Law Firm,
          P.C.
          Attorneys for Plaintiffs Richard Pratt and Larry Jones and
          Class Counsel

DATED: *MAY 26*, 2023  MCAFEE & TAFT, P.C.

          *KATHY NEAL (w/ PERMISSION By Tim Spencer)*
          By: Kathy R. Neal
          Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a
          Outdoor Sportsman Group

3

**EXHIBIT F-2**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, | Case No. 21-cv-11404-TLL-PTM |
| Plaintiffs, | |
| v. | |
| KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR SPORTSMAN GROUP, | |
| Defendant. | |

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Richard Pratt and Larry Jones and Defendant KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of KSE, and notice to the Firm, summarily issue orders, including but not

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

DATED: _____May 26_____, 2023      BURSOR & FISHER, P.A.

_____
By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
Attorneys for Plaintiffs Richard Pratt and Larry Jones and
Class Counsel

DATED: _____, 2023      MCAFEE & TAFT, P.C.

_____
By: Kathy R. Neal
Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a
Outdoor Sportsman Group

3

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

    IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _____, 2023        BURSOR & FISHER, P.A.


                               _____
                               By: Scott A. Bursor, on behalf of Bursor & Fisher, P.A.
                               Attorneys for Plaintiffs Richard Pratt and Larry Jones and
                               Class Counsel


DATED: _MAY 26_, 2023          MCAFEE & TAFT, P.C.

                               _KATHY NEAL (w/ PERMISSION AY Tim Spencer)_
                               By: Kathy R. Neal
                               Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a
                               Outdoor Sportsman Group


                                     3

**EXHIBIT F-3**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, | Case No. 21-cv-11404-TLL-PTM |
| Plaintiffs, | |
| v. | |
| KSE SPORTSMAN MEDIA, INC. d/b/a OUTDOOR SPORTSMAN GROUP, | |
| Defendant. | |

---

## STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES, COSTS, AND EXPENSES

Plaintiffs Richard Pratt and Larry Jones and Defendant KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Group ("KSE") (collectively, "the Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Hedin Hall LLP (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorneys' fees, costs, and expenses approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, the undersigned counsel, on behalf of himself as individual and as agent for his law firm, hereby submits himself and his law firm to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

By receiving any payments pursuant to the Settlement Agreement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement Agreement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within thirty (30) days repay to Defendant, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the Final Settlement Order and Judgment are upheld, but the attorneys' fees, costs, and expenses awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within thirty (30) days repay to the Settlement Fund, based upon written instructions provided by the Settlement Administrator, the attorneys' fees and costs paid to the Firm from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or to the Settlement Fund any of attorneys' fees and costs that are owed to either pursuant to this Undertaking, the Court shall, upon application of KSE, and notice to the Firm, summarily issue orders, including but not

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _May 26_____, 2023          HEDIN HALL LLP


                                   _____
                                   By: Frank S. Hedin, on behalf of Hedin Hall LLP
                                   Attorneys for Plaintiffs Richard Pratt and Larry Jones and
                                   Class Counsel



DATED: _____, 2023          MCAFEE & TAFT, P.C.


                                   _____
                                   By: Kathy R. Neal
                                   Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a
                                   Outdoor Sportsman Group

3

limited to judgments and attachment orders against the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that he has both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


DATED: _____, 2023          HEDIN HALL LLP


                                  _____
                                  By: Frank S. Hedin, on behalf of Hedin Hall LLP
                                  Attorneys for Plaintiffs Richard Pratt and Larry Jones and
                                  Class Counsel


DATED: *MAY 26*, 2023            MCAFEE & TAFT, P.C.

                                  *KATHY NEAL (w/ PERMISSION BY TIM SPENCER)*
                                  _____
                                  By: Kathy R. Neal
                                  Attorneys for Defendant KSE Sportsman Media, Inc. d/b/a
                                  Outdoor Sportsman Group


3

# Exhibit 2

**The Miller Law Firm, P.C.**

**Detail Work in Progress**

Date Printed: 10/16/2023
Time Printed: 11:45AM
Printed By:    SSR

| Date | Client Reference | Staff | Description Billing Code | Dur/Qty | Rate/Price | Amount |
|------|-----------------|-------|--------------------------|---------|------------|--------|
| 6/15/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Complaint with Jury Demand Filing Fee | 1.00 | 402.00 | 402.00 |
| 6/17/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Postage | 1.00 | 37.50 | 37.50 |
| 6/23/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Overnight mail services to NY Server, LLC | 1.00 | 82.27 | 82.27 |
| 6/23/2021 | MS/Outdoor Sportsman | Amy S Long | Process Server - NY Server LLC - service of Summons and Complaint | 1.00 | 85.00 | 85.00 |
| 6/24/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Overnight mail services to Denver Process Services LLC | 1.00 | 95.68 | 95.68 |
| 6/24/2021 | MS/Outdoor Sportsman | Amy S Long | Process Server - Denver Process Servers LLC | 1.00 | 70.00 | 70.00 |
| 6/30/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of June 2021 | 2,528.00 | 0.25 | 632.00 |
| 10/31/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of October, 2021 | 1.00 | 90.02 | 90.02 |
| 12/24/2021 | MS/Outdoor Sportsman | Samantha S Stenq | Overnight Mail services to United States Post Office Building | 1.00 | 42.39 | 42.39 |
| 6/30/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of June 2022 | 1.00 | 49.96 | 49.96 |

**The Miller Law Firm, P.C.**

**Detail Work in Progress**

Date Printed: 10/16/2023
Time Printed: 11:45AM
Printed By:    SSR

| Date | Client Reference | Staff | Description | Billing Code | Dur/Qty | Rate/Price | Amount |
|---|---|---|---|---|---|---|---|
| 8/31/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of August 2022 | | 1.00 | 42.24 | 42.24 |
| 9/14/2022 | MS/Outdoor Sportsman | Amy S Long | Mileage Reimbursement to GAM for court hearing in Bay City (182 miles @ $.50) | | 1.00 | 91.00 | 91.00 |
| 9/30/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of September 2022 | | 1.00 | 33.41 | 33.41 |
| 11/30/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of November 2022 (color) | | 115.00 | 0.35 | 40.25 |
| 11/30/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of November 2022 | | 90.00 | 0.25 | 22.50 |
| 11/30/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of November 2022 | | 1.00 | 254.54 | 254.54 |
| 12/31/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of December 2022 | | 37.00 | 0.25 | 9.25 |
| 12/31/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of December 2022 (color) | | 204.00 | 0.35 | 71.40 |
| 12/31/2022 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of December 2022 | | 1.00 | 20.69 | 20.69 |
| 1/31/2023 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of January 2023 (color) | | 23.00 | 0.35 | 8.05 |

**The Miller Law Firm, P.C.**

**Detail Work in Progress**

Date Printed: 10/16/2023
Time Printed: 11:45AM
Printed By:    SSR

| Date | Client Reference | Staff | Description Billing Code | Dur/Qty | Rate/Price | Amount |
|------|------------------|-------|---------------------------|---------|------------|--------|
| 1/31/2023 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of January 2023 | 8.00 | 0.25 | 2.00 |
| 2/16/2023 | MS/Outdoor Sportsman | Amy S Long | Expert Witness consultation/fees of Frazee Valuation & Forensic Consulting | 1.00 | 7,500.00 | 7,500.00 |
| 3/31/2023 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of March 2023 | 1.00 | 2.44 | 2.44 |
| 4/30/2023 | MS/Outdoor Sportsman | Samantha S Stenq | Westlaw-database research for the month of April 2023 | 1.00 | 57.55 | 57.55 |
| 8/31/2023 | MS/Outdoor Sportsman | Samantha S Stenq | Copying charges for the month of August 2023 (color) | 204.00 | 0.35 | 71.40 |

|  |  | **Report Total** | **3,226.00** | **$9,813.54** |
|--|--|------------------|--------------|----------------|

# Exhibit 3

# THE MILLER LAW FIRM

## A Professional Corporation

**950 W. University Dr., Ste. 300**
**Rochester, MI 48307**
**(248) 841-2200**

**www.millerlawpc.com**

# THE MILLER LAW FIRM, P.C. | FIRM RESUME

The Miller Law Firm, P.C. (the "Firm") is one of the premier litigation law firms in the United States and Michigan's leading class action firm.  A recognized leader in the area of complex commercial litigation, the Firm is ranked Tier 1 in Detroit by *U.S. News-Best Lawyers* "Best Law Firms" for commercial litigation.  Since the Firm's founding in 1993, the Firm has developed a national reputation for successfully prosecuting securities fraud and consumer class actions on behalf of its clients.  As Lead Counsel or Co-Lead Counsel appointed by judges throughout the United States in some of the country's largest and most complex cases, the Firm has achieved over $5 billion in settlements, recoveries and/or verdicts on behalf of injured class members.

### **Highlights of Results Obtained**

2023        *Cooper (nee Zimmerman) v. The 3M Company and Wolverine*
            (United States District Court, Western District of Michigan)
            (Case No. 1:17-cv-01062) (Co-Lead Counsel)

            Result:  $54 million settlement

            *Reynolds v. FCA*
            (United States District Court, Eastern District of Michigan)
            (Case No. 2:19-cv-11745) (Co-Lead Counsel)

            Result:  Over $30 million settlement value

            *Kain v. The Economist Newspaper NA, Inc.*
            (United States District Court, Eastern District of Michigan)
            (Case No. 4:21-cv-11807) (Co-Lead Counsel)

            Result:  $9.5 million settlement

            *Ketover v. Kiplinger Washington Editors, Inc.*
            (United States District Court, Eastern District of Michigan)
            (Case No. 1:21-cv-12987) (E. Powell Miller, Phil Fraietta, Joe Marchese, Frank Hedin)

            Result:  $6.8 million settlement

            *Moeller v. The Week Publications, Inc.*
            (United States District Court, Eastern District of Michigan)
            (Case No. 1:22-cv-10666) (E. Powell Miller, Phil Fraietta, Joe Marchese, Frank Hedin)

            Result:  $5.1 million settlement

*Thomsen v. Morley*
(United States District Court, Eastern District of Michigan)
(Case No. 1:22-cv-10271) (Plaintiffs' Executive Committee)

Result:  $4.3 million settlement

2022  *In re; National Prescription Opiate Litigation (CVS, Walgreens and Walmart retail pharmacy and two manufacturers Allergan and Teva)*
(United States District Court, Northern District Ohio, MDL Court)
(Case No. 1:17-md-2804) (Represented several Michigan counties who were parties to and benefited from the global settlement)

Result:  $50 billion global settlement

*In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*,
(United States District Court, District of Kansas)
(Case No. 2:17-md-02785) (Plaintiffs' Steering Committee)

Result:   $609 million in settlements

*Wood, et al. v. FCA US LLC*
(United States District Court, Eastern District of Michigan)
(Case No. 5:20-cv-11054) (Co-Lead Counsel)

Result:   Over $108 million settlement value

*Persad, et al. v. Ford Motor Company*
(United States District Court, Eastern District of Michigan)
(Case No. 2:17-cv-12599) (Co-Lead Counsel)

Result:   Over $42 million settlement value

*Loftus v. Outside Integrated Media, LLC*
(United States District Court, Eastern District of Michigan)
(Case No. 2:21-cv-11809) (Co-Lead Counsel)

Result:   Approximately $1 million settlement

*Graham, et al. v. University of Michigan, et al.*,
(United States District Court, Eastern District of Michigan)
(Case No. 2:21-cv-11168) (Co-Lead Counsel)

Result:   Injunctive relief settlement mandating University reforms to address and prevent sexual misconduct

John Doe MC-1 v. University of Michigan, et. al.
(United States District Court, Eastern District of Michigan)
(Case No. 2:20-cv-10568) (Represented several victims of sexual
abuse in private, confidential settlement)

Result:  Confidential settlement

2021    *In re; National Prescription Opiate Litigation (Distributor and
        Manufacturer Janssen Pharmaceuticals Settlement)*
        (United States District Court, Northern District of Ohio, MDL Court)
        (Case No. 1:17-md-2804) (Represented several Michigan counties
        who were parties to and benefited from the global settlement.)

        Result:  $26 billion global settlement

        *Simmons, et al. v. Apple, Inc.*
        (Superior Court of the State of California, County of Santa Clara)
        (Case No. 17CV312251) (Co-Lead Counsel)

        Result:   $9.75 million settlement

        *Dougherty v Esperion Therapeutics, Inc., et. Al.*
        (United States District Court, Eastern District of Michigan)
        (Case No. 2:16-cv-10089) (Local Counsel)

        Result:  $18.25 million settlement

        *In re Broiler Chicken Antitrust Litigation*
        (United States District Court, Northern District of Illinois, Eastern
        Division) (Case No. 1:16-cv-08637)

        Result:  $93.5 million in settlements in 2021

2020    *In re Resistors Antitrust Litigation*
        (United States District Court, Northern District of California)
        (Case No. 3:15-cv-03820) (Informal member of Steering Committee)

        Result:  $33.4 million in settlements in 2020

        *In re Capacitors Antitrust Litigation*
        (United States District Court, Northern District of California)
        (Case No. 03:17-md-02801) (Informal member of Steering
        Committee)

        Result:  $30.95 million in settlements in 2020

2019      *Carl Palazzolo, et al. Fiat Chrysler Automobiles N.V., et al.*
(United States District Court, Eastern District of Michigan)
(Case No. 16-cv-12803) (Co-Lead Counsel)

Result: $14.75 million settlement

*Zimmerman v. Diplomat Pharmacy, Inc., et al.*
(United States District Court, Eastern District of Michigan)
(Case No. 2:16-cv-14005) (Liaison Counsel)

Result: $14.1 million settlement

2018      *In re Freight Forwarders Antitrust Litigation*
(United States District Court, Eastern District of New York)
(Case No. 08-cv-00042) (Counsel for Class Representative)

Result: $1 billion settlement

2017      *Foster v. L3 Communications, EO Tech*
(United States District Court, Western District of Missouri)
(Case No. 15-cv-03519) (Co-Lead Counsel)

Result: $51 million settlement (100% recovery)

2016      *In re Automotive Parts Antitrust Litigation*
(United States District Court, Eastern District of Michigan)
(Case No. 12-md-02311) (Liaison Counsel)

Result: Over $1 billion in settlements

*GM Securities Class Action/New York Teachers Retirement System v. General Motors Company*
(United States District Court, Eastern District of Michigan)
(Case No. 4:14-cv-11191) (Local Counsel)

Result: $300 million settlement

*ERISA Class Action/Davidson v. Henkel Corporation*
(United Sates District Court, Eastern District of Michigan)
(Case No. 12-cv-14103) (Lead Counsel)

Result: $3.35 million settlement (100% Recovery for 41 member class)

*Pat Cason-Merenda and Jeffrey A. Suhre v. VHS of Michigan, Inc., dba Detroit Medical Center (Antitrust)*
(United States District Court, Eastern District of Michigan)
(Case No. 2:06-cv-15601) (Special Trial Counsel)

Result:  $42 million settlement

2015    *In re AIG 2008 Securities Litigation*
        (United States District Court, Southern District of New York)
        (Case No. 08-cv-04772) (Co-Lead Counsel)

        Result:  $970.5 million settlement

2014    *City of Farmington Hills Employees Retirement System v. Wells
        Fargo Bank, N.A.*
        (United States District Court, District of Minnesota)
        (Case No. 10-cv-04372) (Co-Lead Counsel and Primary Trial Counsel)

        Result:  $62.5 million settlement

        *The Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*
        (United States District Court, Eastern District of Michigan)
        (Case No. 2:10-cv-14360) (Co-Lead Counsel)

        Result:  $30 million settlement

        *In re Refrigerant Compressors Antitrust Litigation*
        (United States District Court, Eastern District of Michigan)
        (Case No. 09-md-02042) (Co-Lead Counsel)

        Result:  $30 million settlement

2013    *The Board of Trustees of the City of Birmingham Employees et. al. v.
        Comerica Bank et. al.*
        (United States District Court, Eastern District of Michigan)
        (Case No. 2:09-13201) (Co-Lead Counsel)

        Result:  $11 million settlement

        *In Re Caraco Pharmaceutical Laboratories, Ltd. Securities Litigation*
        (United States District Court, Eastern District of Michigan)
        (Case No. 2:09-cv-12830) (Co-Lead Counsel)

        Result:  $2.975 million settlement

        *In Re TechTeam Global Inc. Shareholder Litigation*
        (Oakland County Circuit Court, State of Michigan)
        (Case No. 10-114863-CB)  (Liaison Counsel)

        Result:  $1.775 million settlement

*General Retirement System of the City of Detroit and Police and Fire Retirement System of the City of Detroit vs. UBS Securities, LLC (Structured Investment Vehicle)*
(United States District Court, Eastern District of Michigan)
(Case No. 2:10-cv-13920) (Lead Counsel)

Result:   Confidential settlement

2010   *Epstein, et al. v. Heartland Industrial Partners, L.P., et al.*
(United States District Court, Eastern District of Michigan)
(Case No. 2:06-CV-13555) (Substantial role)

Result:  $12.2 million settlement

*In Re Skilled Healthcare Group, Inc. Securities Litigation*
(United States District Court, Central District of California)
(Case No. 09-5416) (Substantial role)

Result:  $3 million settlement

2009   *In Re Proquest Company Securities Litigation*
(United States District Court, Eastern District of Michigan)
(Case No. 4:06-CV-11579) (Substantial role; argued Motion to Dismiss)

Result:  $20 million settlement

*In Re Collins & Aikman Corporation Securities Litigation*
(United States District Court, Eastern District Michigan)
(Case No. 03-CV-71173) (Substantial role)

Result:  $10.8 million settlement

*In re IT Group Securities Litigation*
(United States District Court, Western District of Pennsylvania)
(Civil Action No. 03-288) (Co-Lead Counsel)

Result:  $3.4 million settlement

2008   *In re Mercury Interactive Securities Litigation*
(United States District Court, Northern District of California)
(Civil Action No. 03:05-CV-3395-JF) (Substantial role)

Result:  $117 million settlement

*In Re General Motors Corporation Securities and Derivative Litigation*
(United States District Court, Eastern District of Michigan)
(Master Case No. 06-MD-1749) (Co-Lead Counsel)

Status: Obtained major corporate governance reforms to address accounting deficiencies

2007      *Wong v. T-Mobile USA, Inc.*
(United States District Court, Eastern District of Michigan)
(Case No. 05-CV-73922) (Co-Lead)

Result:  Settlement for 100% of damages

*In re CMS Energy Corporation Securities Litigation*
(United States District Court, Eastern District Michigan)
(Master File No. 2:02 CV 72004) (Substantial role)

Result:  $200 million settlement

2005      *In re Comerica Securities Fraud Litigation*
(United States District Court, Eastern District of Michigan)
(Case No. 2:02-CV-60233) (Substantial role)

Result:  $21 million in total settlements

*Street v. Siemens*
(Philadelphia State Court)
(Case No. 03-885) (Co-Lead Counsel)

Result:  $14.4 million (100% recovery)

*Redmer v. Tournament Players Club of Michigan*
(Wayne County Circuit Court) (Case No. 02-224481-CK) (Co-Lead)

Result:  $3.1 million settlement

2004      *Passucci v. Airtouch Communications, Inc.*
(Wayne County Circuit Court) (Case No. 01-131048-CP) (Co-Lead)

Result:  Estimated settlement value between $30.9 and $40.3 million

*Johnson v. National Western Life Insurance*
(Oakland County Circuit Court)
(Case No. 01-032012-CP) (Substantial role)

Result:  $10.7 million settlement

2003      *Felts v. Starlight*
(United States District Court, Eastern District Michigan)
(Case No. 01-71539) (Co-Lead)

Result: Starlight agrees to stop selling ephedrine as an ingredient in its weight loss dietary supplement product

*In re Lason Securities Litigation*
(United States District Court, Eastern District Michigan)
(Case No. 99-CV-76079) (Co-Lead)

Result: $12.68 million settlement

2001    *Mario Gasperoni, et al. v. Metabolife International, Inc.*
(United States District Court, Eastern District Michigan)
(Case No. 00-71255) (Co-Lead)

Result: Nationwide settlement approved mandating changes in advertising and labeling on millions of bottles of dietary supplement, plus approximately $8.5 million in benefits

1999    *Pop v. Art Van Furniture and Alexander Hamilton Insurance Company*
(Wayne County Circuit Court) (Case No. 97-722003-CP) (Co-Lead)

Result: Changes in sales practices and $9 million in merchandise.

*Schroff v. Bombardier*
(United States District Court, Eastern District Michigan)
(Case No. 99-70327) (Co-Lead)

Result:  Recall of more than 20,000 defective Seadoos throughout North America; repair of defect to reduce water ingestion problem; extended warranties; and approximately $4 million in merchandise.

*In re National Techteam Securities Litigation*
(United States District Court, Eastern District Michigan)
(Master File No.  97-74587) (Substantial role)

Result:  $11 million settlement

*In Re F&M Distributors, Inc., Securities Litigation*
(United States District Court, Eastern District Michigan)
(Case No. 95-CV-71778-DT) (Minor role)

Result:  $20 million settlement

1998    *In Re Michigan National Corporation Securities Litigation*
(United States District Court, Eastern District Michigan)
(Case No 95 CV 70647 DT) (Substantial role)

Result: $13.3 million settlement

1995     *In re Intel Pentium Processor Litigation*
(Superior Court, Santa Clara County, California) (Master File No. 745729)
(Substantial role)

Result: Intel agreed to replace millions of defective Pentium chips on demand without any cost to consumers