# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KSE SPORTSMAN MEDIA, INC., <br><br> Defendant. | Case No. 21-cv-11404-TLL-PTM <br><br> Hon. Thomas L. Ludington <br><br> Mag. Judge Patricia T. Morris |

## PLAINTIFFS' UNOPPOSED MOTION FOR
## <u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

The undersigned counsel certifies that Class Counsel communicated with Defendant's counsel, via email and telephonic conversation on October 16 and 17, 2023, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; Defendant does not oppose this motion, or the relief requested herein.

For the reasons set forth in Plaintiffs' Brief in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs respectfully request that the Court grant final approval to the Class Action Settlement[1] and enter final judgment.[2]

Dated: October 17, 2023

Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com

*Class Counsel*

Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor

---

[1] The Settlement Agreement and its exhibits are included with the accompanying Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement.

[2] A Proposed Final Judgment and Order of Dismissal With Prejudice is attached hereto as **Exhibit E**.

New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
aravindran@hedinhall.com

*Other Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

| | |
|---|---|
| RICHARD PRATT and LARRY JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KSE SPORTSMAN MEDIA, INC.,<br><br>Defendant. | Case No. 21-cv-11404-TLL-PTM<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.  Whether this Court should find that notice to the Settlement Class satisfies the requirements of Due Process and Federal Rule of Civil Procedure 23, when direct notice—detailing the terms of the Settlement Agreement and individual options for objecting, opting-out, or automatically receiving payment—was transmitted via postcard notice or e-mail and reached 98.7% of the Settlement Class Members?

> **Plaintiffs' Answer: Yes.**

2.  Whether this Court should grant final approval to the Settlement Agreement under Michigan's Preservation of Personal Privacy Act, M.C.L. §§ 445.1711-1715 ("PPPA"), finding it fair, reasonable, and adequate, when it delivers meaningful monetary and prospective relief to the Settlement Class?

> **Plaintiffs' Answer: Yes.**

3.  Whether the Settlement Class should be finally certified under Federal Rule of Civil Procedure 23(a) and 23(b)(3) where this Court has conditionally certified the Class for settlement purposes and nothing has changed to alter the propriety of this Court's certification?

> **Plaintiffs' Answer: Yes.**

## CONTROLLING AND MOST IMPORTANT AUTHORITY

Fed. R. Civ. P. 23

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*Leonhardt v. ArvinMeritor, Inc.*,
    581 F. Supp. 2d 818 (E.D. Mich. 2008)

*UAW v. Gen. Motors Corp.*,
    2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983)

*Fidel v. Farley*,
    534 F.3d 508 (6th Cir. 2008)

*Gascho v. Glob. Fitness Holdings, LLC*,
    822 F.3d 269 (6th Cir. 2016)

Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process
    Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED............. **Error! Bookmark not defined.**

CONTROLLING AND MOST IMPORTANT AUTHORITY ...**Error! Bookmark not defined.**

TABLE OF AUTHORITIES ................................. i**Error! Bookmark not defined.**

I. INTRODUCTION ............................................ **Error! Bookmark not defined.**

II. SUMMARY OF THE LITIGATION................ **Error! Bookmark not defined.**

   A. Michigan's Preservation of Personal Privacy Act ....... **Error! Bookmark not defined.**

   B. Plaintiff's Allegations.................................... **Error! Bookmark not defined.**

   C. Settlement Discussions.................................. **Error! Bookmark not defined.**

III. TERMS OF THE SETTLEMENT AGREEMENT ........ **Error! Bookmark not defined.**

   A. Class Definition ............................................ **Error! Bookmark not defined.**

   B. Monetary Relief............................................ **Error! Bookmark not defined.**

   C. Release......................................................... **Error! Bookmark not defined.**

   D. Notice and Administration Expenses ............ **Error! Bookmark not defined.**

   E. Service Award and Attorneys' Fees and Expenses...... **Error! Bookmark not defined.**

IV. THE NOTICE PLAN COMPORTS WITH DUE PROCESS**Error! Bookmark not defined.**

V. THE SETTLEMENT WARRANTS FINAL APPROVAL ...**Error! Bookmark not defined.**

   A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval .............**Error! Bookmark not defined.**

   B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval...**Error! Bookmark not defined.**

      1. There Is No Risk of Fraud or Collusion (*UAW* Factor 1) **Error! Bookmark not defined.**

      2. Litigation Through Trial Would Be Complex, Costly, and Long (UAW Factor 2) ...................................................... **Error! Bookmark not defined.**

      3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3) ............ **Error! Bookmark not defined.**

      4. Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4) **Error! Bookmark not defined.**

5. Class Counsel and the Class Representative Support the Settlement (*UAW* Factor 5) ..................................................... **Error! Bookmark not defined.**
6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6) ..................................................... **Error! Bookmark not defined.**
7. The Settlement Serves the Public Interest (*UAW* Factor 7) ............... **Error! Bookmark not defined.**

VI. THE SETTLEMENT CLASS SHOULD BE FINALLY CERTIFIED .... **Error! Bookmark not defined.**9

VII. CONCLUSION ............................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Bozung v. Christianbook, LLC,*
  2023 WL 2385004 (W.D. Mich. Mar. 6, 2023)...................................................14

*Coulter-Owens v. Rodale, Inc.,*
  No. 2:14-cv-12688 (E.D. Mich.)...........................................................................2

*Dick v. Sprint Commc'ns Co. L.P.,*
  297 F.R.D. 283 (W.D. Ky. 2014)..........................................................................8

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974)........................................................................................8, 18

*Fidel v. Farley,*
  534 F.3d 508 (6th Cir. 2008)..................................................................................8

*Gascho v. Glob. Fitness Holdings, LLC,*
  822 F.3d 269 (6th Cir. 2016)..................................................................................9

*Halliday v. Weltman, Weiner & Reis Co., L.P.A.,*
  2013 WL 692856 (E.D. Mich. Feb. 26, 2013)....................................................10

*Hanlon v. Chrysler,*
  150 F.3d 1011 (9th Cir. 1998)..............................................................................17

*Horton v. GameStop, Corp.,*
  380 F. Supp. 3d 679 (W.D. Mich. 2018) ..............................................................3

*In re Cardizem CD Antitrust Litig.,*
  218 F.R.D. 508 (E.D. Mich. 2003) ............................................................... 17, 18

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
  2009 WL 5184352 (W.D. Ky. Dec. 22, 2009)......................................................8

*Kain v. The Economist Newspaper NA, Inc.,*
  No. 4:21-cv-11807 (E.D. Mich.)...........................................................................2

*Kinder v. Meredith Corp.,*
  No. 1:14-cv-11284 (E.D. Mich.)....................................................................2, 12

*Leonhardt v. ArvinMeritor, Inc.,*
  581 F. Supp. 2d 818 (E.D. Mich. 2008)........................................................ 10, 13

*Massiah v. MetroPlus Health Plan, Inc.,*
  2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012)...................................................17

*Moeller v. American Media, Inc.,*
  No. 2:16-cv-11367 (E.D. Mich. Sept. 28, 2017).................................................12

*Nashel v. New York Times Co.,*
  2022 WL 6775657 (E.D. Mich. Oct. 11, 2022)..................................................14

*Olden v. Gardner,*
  294 F. App'x 210 (6th Cir. 2008) .......................................................................17

*Perlin v. Time, Inc.*,
    No. 2:16-cv-10635 (E.D. Mich.) .................................................................... 2, 12

*Sheick v. Auto. Component Carrier, LLC*,
    2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ................................................... 13

*UAW v. Gen. Motors Corp.*,
    2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ............................................... 8, 13

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007) ................................................................... passim

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) ........................................................................... 10

## Rules

Fed. R. Civ. P. 23 ............................................................................................ passim

Fed. R. Civ. P. 23(c)(2)(B) ...................................................................................... 8

Fed. R. Civ. P. 23(e) .............................................................................................. 10

Fed. R. Civ. P. 23(e)(2) ................................................................................... passim

## Statutes

M.C.L. § 445.1712 .................................................................................................. 3

M.C.L. § 445.1715 .................................................................................................. 3

## I.     INTRODUCTION

On August 25, 2023, this Court preliminarily approved the class action Settlement Agreement (or, "S.A.")[3] between Plaintiffs Richard Pratt and Larry Jones ("Plaintiffs") and Defendant KSE Sportsman Media, Inc. ("KSE" or "Defendant") and directed that notice be sent to every Settlement Class Member. *See* Order Granting Preliminary Approval, ECF No. 80. The settlement administrator has implemented the Court-approved notice plan and direct notice has reached 98.7% of the certified Settlement Class. The reaction from the class has been overwhelmingly positive, which is not surprising given the strength of the Settlement. Specifically, of the 14,503 Settlement Class Members, thus far, zero have objected and zero have requested to be excluded.

The strength of the Settlement – which was the product of an extensive mediative process overseen by three former federal judges, including former Chief Judge Gerald E. Rosen (Ret.) – speaks for itself: it creates a $9,500,000 non-reversionary common fund which equates to a per-Class Member aggregate recovery of approximately $655, from which every Settlement Class Member (except for those who submit requests for exclusion from the Settlement) will automatically receive (i.e., without having to file a claim form) a *pro rata* cash payment of

---

[3] Unless otherwise indicated, all capitalized terms herein have the same meaning as ascribed to them in the "Definitions" section of the Settlement Agreement (the "Agreement" or the "Settlement.").

approximately $420. On a monetary basis, the Settlement Agreement amount recovered for each class member outperforms every other PPPA settlement by a wide margin.[4] Also, unlike in other PPPA settlements where 80%–90% of the class did not receive payment, here every class member will receive payment. The Settlement also provides meaningful prospective relief by requiring Defendant to refrain, in perpetuity, from disclosing to any third party the subscription information of any of the Michigan-based subscribers to any of its publications. Simply put, the Settlement is the platinum standard for class action settlements.

For these reasons, and as explained further below, the Settlement is fair, reasonable, and adequate, warranting this Court's final approval.

## II.    SUMMARY OF THE LITIGATION

### A. Michigan's Preservation of Personal Privacy Act

The Michigan legislature passed the PPPA to protect personal "privacy with respect to the purchase, rental, or borrowing of certain materials," including written materials, sound recordings, and video recordings. *See* First Amended Class Action

---

[4]  *See Kain v. The Economist Newspaper NA, Inc.*, No. 4:21-cv-11807 (E.D. Mich.) (where settlement provided an aggregate recovery of roughly $412 per class member)—and previous aggregate recoveries in Michigan had been considerably lower: *see, e.g., Perlin v. Time, Inc.*, No. 2:16-cv-10635 PageID.778–89 (E.D. Mich.) (approving class action settlement that was expected to pay between $25 to $50 per claimant); *Coulter-Owens v. Rodale, Inc.*, No. 2:14-cv-12688 PageID.852–66 (E.D. Mich.) (approving class action settlement that paid approximately $42 per claimant; *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 PageID.2396–2436 (E.D. Mich.) (approving class action settlement that paid approximately $50 per claimant).

Complaint, ECF No. 9, PageID.550 ("FAC"), ¶ 16. The PPPA provides that:

> a person, or an employee or agent of the person, engaged in the business of selling at retail . . . books or other written materials . . . shall not disclose to any person, other than the customer, a record or information concerning the purchase . . . of those materials by a customer that indicates the identity of the customer.

M.C.L. § 445.1712.

To enforce the statute, the PPPA authorizes civil actions and provides for the recovery of statutory damages in the amount of $5,000, plus costs and reasonable attorney fees. *See* M.C.L. § 445.1715. Because the claims alleged herein accrued, and thus vested, prior to the July 31, 2016, the effective date of the amended version of the PPPA, the pre-amendment version of the PPPA applies in this case. *See Horton v. GameStop, Corp.*, 380 F. Supp. 3d 679, 683 (W.D. Mich. 2018).

**B. History of the Litigation and Settlement Negotiations**

On June 15, 2021, Plaintiffs filed the Class Action Complaint against Defendant. Compl., ECF No. 1. Plaintiffs allege that before July 30, 2016, Defendant disclosed information related to its customers' magazine subscription histories and personal reading habits without their consent in violation of the PPPA. *Id.* ¶¶ 1–2, 5–8, 42–49.

From the start, the Parties engaged in direct communication, and per Rule 26, discussed early resolution. *See* **Exhibit A** hereto, Declaration of E. Powell Miller in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action

3

Settlement ("Miller Decl.") ¶ 7. To that end, the Parties agreed to engage in mediative efforts.[5] *Id.* The Parties went through an extensive settlement process involving several mediations with different mediators. *Id.* Throughout the process, Defendant produced information to Plaintiffs' counsel concerning class size, Defendant's financial condition, and Defendant's ability to withstand a class-wide judgment. *Id.* ¶ 8. The Parties also engaged in written and document discovery, which included the production of thousands of pages of documents, numerous third-party subpoenas, and Plaintiffs' Motion to Compel (ECF No. 40). *Id.* The information obtained by Plaintiff was then subjected to a detailed analysis by a forensic accountant hired by Class Counsel. *Id.* Ultimately, the Parties, with the assistance of Judges Rosen and Holderman, reached agreement on a framework for a class-wide resolution of the case, which they memorialized into a term sheet on April 26, 2023. *Id.* ¶ 9. In the months following, the Parties negotiated and finalized the full-form Settlement Agreement (attached to the Miller Decl. as Ex. 1 thereto), conducted a competitive bidding process and selected a proposed Settlement Administrator, and worked together to finalize the Settlement Class List, which

---

[5] After an unsuccessful mediation, Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), arguing, *inter alia*, that Plaintiffs' claims were time-barred by a three-year statute of limitations and that Plaintiffs lack Article III standing to pursue their claims. ECF No. 17 (Nov. 24, 2021). On February 15, 2022, after full briefing, the Court denied Defendant's Motion to Dismiss in its entirety. ECF No. 24.

included the assistance of Plaintiffs' database management expert. *Id.* ¶ 10. On

August 25, 2023, the Court preliminary approved the Settlement Agreement. ECF

No. 80.

## III.   TERMS OF THE SETTLEMENT AGREEMENT

The terms of the Settlement Agreement are briefly summarized as follows:

### A. Class Definition

The "Settlement Class" is defined in ¶ 1.31 of the Agreement as:

> The 14,503 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing.[6]

These individuals are reflected on the Class List (attached to the Settlement

Agreement as Ex. A thereto).

### B. Monetary Relief

Defendant shall establish a $9,500,000 non-reversionary Settlement Fund

from which all Settlement Class Members who do not exclude themselves shall

automatically receive a *pro rata* cash payment of roughly $420 after payment of all

---

[6] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

Court-approved notice and administrative expenses to the Settlement Administrator, attorneys' fees to Class Counsel, and service awards to the Class Representatives. S.A. ¶¶ 1.33, 2.1. No portion of the Settlement Fund will revert back to Defendant. *Id.* ¶ 2.1(h).

## C. Release

In exchange for the $9,500,000 cash payment, Defendant (and all "Released Parties"—defined in S.A. ¶ 1.27) will receive a full release of all claims arising out of or related to Defendant's disclosure of its Michigan customers' magazine subscription information. *See* S.A. ¶¶ 1.26–1.28 for full release language.

## C. Notice and Administration Expenses

The Settlement Fund will be used to pay the cost of sending the Notice set forth in the Settlement Agreement and any other notice as required by the Court, as well as all costs of administration of the Settlement. S.A. ¶¶ 1.30, 1.33.

## D. Service Award and Attorneys' Fees and Expenses

On October 17, 2023, Plaintiffs filed their Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Award (ECF No. 81) ("Fee Petition") seeking service awards of $1,500 each (PageID.1855). Further, in the Fee Petition and consistent with the Settlement Agreement, Class Counsel requested that this Court "approve attorneys' fees, costs, and expenses in the amount of 35% of the [Settlement Fund], or $3,325,000" (PageID.1855); *see also* S.A. ¶ 8.1. The Fee

Petition containing the requested service award for the Class Representatives and award of attorneys' fees, costs, and expenses for Class Counsel is unopposed, and thus far there are no objections to it. Payment of attorneys' fees, costs, and expenses is due within 10 days after entry of Final Judgment. S.A. ¶ 8.2.

## IV. THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, Due Process and Rule 23 require that the notice provided to the class members is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated … to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007) (citation omitted)

Due Process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publications notice reached 81.8% of the class); *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016) (finding that notice and claims processes were appropriate where 90.8% of notices were successfully delivered to addresses associated with class members). The notice plan here readily meets these standards, as it provided direct notice via a postcard or email to 98.7% of the Settlement Class. *See* **Exhibit B** hereto, Declaration of Ryan Bahry Regarding Settlement Administration ("Bahry Decl.") ¶ 12.

At preliminary approval, the Court approved the Parties' proposed Notice Plan, finding it met the requirements of Rule 23 and Due Process. ECF No. 80, PageID.1816-1818. That plan has now been fully carried out by professional settlement administrator, JND Legal Administration ("JND"). Pursuant to the Settlement Agreement, Defendant provided JND with a list of 14,503 available names, addresses, and emails of Settlement Class Members. Bahry Decl. ¶ 6. JND successfully delivered the Court-Approved notice via postcard or e-mail (for

Settlement Class Members with a valid e-mail address whose Postcard Notice was returned to JND as undeliverable and for whom JND could not locate an alternative mailing address) to 195 Settlement Class Members. *Id.* ¶¶ 8–12. Accordingly, the Court-approved notice successfully reached 98.7% of the Settlement Class. Bahry Decl. ¶ 12; *see also* S.A. ¶¶ 4.1(b).[7]

Given the broad reach of the notice, and the comprehensive information provided, the requirements of due process and Rule 23 are met.

## V.   THE SETTLEMENT WARRANTS FINAL APPROVAL

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

---

[7] These notices also directed Settlement Class Members to the Settlement Website where they were able to submit change of address forms, access important court filings including the Fee Petition, see deadlines and answers to frequently asked questions. Agreement ¶ 4.1(c); Bahry Decl. ¶¶ 13–15. JND also notified the appropriate state and federal officials as per CAFA. Bahry Decl. ¶¶ 4–5.

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has overlaid its own factors. *See UAW*, 497 F.3d at 631. They are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Id.* As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

## A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval

This Settlement satisfies each of the Rule 23(e)(2) factors.

First, Plaintiffs and Class Counsel have adequately represented the class, securing the best-ever per-class member recovery. *See* Introduction, *supra*.

Second, the Settlement was negotiated at arm's-length through multiple former federal judges, including former Chief Judge Rosen, as mediator after exchanging information sufficient to assess the strengths and weaknesses. *See supra*.

 Third, the relief provided is clearly adequate when taking into account the factors listed in Rule 23. The SA provides for the receipt of cash payments of roughly $420 for SCMs without even filing a claim form as well as robust prospective relief. SA ¶¶ 2.1–2.2. The attorneys' fees and costs provided for by the Settlement are consistent with that of other PPPA settlements in this District. *See, e.g.*, *Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987 PageID.1900 (E.D. Mich. Oct. 11, 2023) (Ludington, J.) (awarding 35% of approximately $6.845 million settlement fund in PPPA action); *Moeller v. The Week Publications, Inc.*, No. 1:22-cv-10666 PageID.2338 (E.D. Mich. Oct. 11, 2023) (Ludington, J.) (awarding 35% of approximately $5 million settlement fund in PPPA action); *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 PageID.2396–2436 (E.D. Mich. May 18, 2016) (Ludington, J.) (awarding 35% of $7.5 million settlement fund in PPPA action); *Perlin v. Time Inc.*, No. 2:16-cv-10635 PageID.1087–1095 (E.D. Mich. Oct. 15, 2018) (Steeh, J.) (awarding 40% of $7.4 million settlement fund in PPPA action); *Moeller v. American Media, Inc.*, No. 2:16-cv-11367 PageID.891–899 (E.D. Mich.

11

Sept. 28, 2017) (Levy, J.) (awarding 35% of $7.6 million settlement fund in PPPA action).[8]

Fourth, the proposed Settlement treats Settlement Class Members equitably to each other as every Settlement Class Member will receive an identical *pro rata* cash payment under the Settlement. SA ¶ 2.1.

Finally, all terms affecting the Settlement Class are contained within the Settlement Agreement.

## B.   The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval

### 1.   There Is No Risk of Fraud or Collusion (*UAW* Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Where, as here, a settlement was reached through arm's-length negotiations through an experienced mediator, there is no fraud or collusion. *See, e.g.*, *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness,

---

[8]    *See also Thomsen v. Morley Cos., Inc.*, No. 1:22-cv-10271 PageID.2301 (Ludington, J.) (approving attorney's fee award and finding that using "[t]he "percentage-of-fund method is apt because it reflects counsel's specialization in data [privacy]" matters).

12

reasonableness, and adequacy.").

### 2. Litigation Through Trial Would Be Complex, Costly, and Long (UAW Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception.[9] Defendant has indicated that it would assert numerous defenses on the merits. More specifically, Plaintiffs are aware that Defendant would assert that the PPPA does not prohibit the disclosure of the subscription information at issue (because the third-party recipients of the disclosures are Defendant's agents), that Defendant also provided appropriate notice of its practices so as to make the alleged disclosures permissible under the PPPA, and that the PPPA is an impermissible special law. Plaintiffs and Class Counsel are also aware that Defendant would oppose class certification vigorously, and that Defendant would prepare a competent defense at trial. Looking beyond trial, Plaintiffs are also aware that Defendant could appeal the merits of any adverse decision, and that in light of the statutory damages in play, it

---

[9] As discussed, the Parties have engaged in dispositive motion practice, formal discovery, and private mediation. The next steps in the litigation would include depositions of the Parties and third parties, and contested motions for summary judgment and class certification, which would be costly and time-consuming for the Parties and the Court, and create risk that a litigation class would not be certified or that the Settlement Class would recover nothing at all. Miller Decl. ¶ 17.

would argue—in both the trial and appellate courts—that the award of any statutory damages is not warranted or for a reduction of damages based on due process concerns. *Id.*; *see also Rogers v. BNSF Railway Co.*, 2023 WL 4297654, at *13 (N.D. Ill. June 30, 2023) (vacating jury's statutory damages award in statutory privacy class action and ordering a new trial on damages); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1125 (9th Cir. 2022) (vacating and remanding district court's denial of post-trial motion challenging the constitutionality of statutory damages award in statutory privacy class action and ordering the district court to reassess the question with new appellate guidance).

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result will be accomplished years earlier than if the case proceeded to judgment through trial and/or appeals and provides certainty whereas litigation does not and could result in defeat. Consequently, this *UAW* factor weighs in favor of final approval of the Settlement Agreement.

### 3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)

The third *UAW* factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Prior to filing, Plaintiffs' counsel conducted a wide-ranging investigation into Defendant's practices, described *supra*, and obtained several key documents evidencing those practices. *See* Miller Decl. ¶ 5. Moreover, during formal

discovery and in settlement negotiations, Plaintiffs obtained wide-ranging discovery from Defendant and third parties on issues pertaining to class certification, the merits, and Defendant's ability to withstand a classwide judgment. *Id*. ¶¶ 7–9.

This information and material enabled Plaintiffs and their counsel to properly assess the strengths and weaknesses of the claims and defenses and to negotiate a Settlement that is fair, reasonable, and adequate. *Id.* ¶¶ 8–20. Class Counsel's experience in similar cases, and the efforts made by counsel on both sides, confirms that they are sufficiently well apprised of the facts here and the viability of their respective cases to make an intelligent analysis of the proposed settlement. Accordingly, the third factor weighs in favor of final approval.

### 4. Plaintiff Would Face Real Risks if the Case Proceeded (*UAW* Factor 4)

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497 F.3d at 631. Defendant has made clear that, absent a settlement, it will defend the case vigorously and move for summary judgment and contest class certification. *See supra* at § V.B.2. The risk of maintaining class status through trial is also present since the Court has not yet certified a litigation class. Defendant would likely argue, after lengthy discovery and exhaustive class certification briefing, that individual questions preclude class certification, and that a class action is not a superior method to resolve Plaintiffs' claims. Even if the Court did certify a litigation class, Defendant would likely move to decertify, forcing additional rounds of briefing. Risk, expense,

and delay permeate such a process and the proposed Settlement eliminates them. This *UAW* factor thus favors final approval.

### 5. Class Counsel and the Class Representatives Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *18. Here, both Class Counsel and the Class Representatives support the Settlement. *See* Miller Decl. ¶¶ 17, 24; Declaration of Richard Pratt (**Exhibit C** hereto) ¶¶ 8–9; Declaration of Larry Jones (**Exhibit D** hereto) ¶¶ 8-9. This *UAW* factor therefore favors final approval.

### 6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class action settlements, a small number of opt-outs and objections "are to be expected" and do not impact the Settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) (citations omitted); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected). But here, thus far, **<u>zero</u>** class members objected

16

and **zero** class members opted out. Bahry Decl. ¶¶ 19–20.[10] The lack of objections

or exclusions is even more impressive when considering that 98.7% of the

Settlement Class received direct notice of the Settlement. Bahry Decl. ¶ 12. This

*UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v.*

*Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming

majority of the class willingly approved the offer and stayed in the class presents at

least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus*

*Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact

that the vast majority of class members neither objected nor opted out is a strong

indication of fairness.").

### 7.  The Settlement Serves the Public Interest (*UAW* Factor 7)

The seventh and final *UAW* factor is "the public interest." *UAW*, 497 F.3d at

631. Settlements may serve the public interest by advancing a statute's goals or by

conserving judicial resources. *See In re Cardizem CD Antitrust Litigation*, 218

F.R.D. 508, 530 (E.D. Mich. 2003). The Settlement here accomplishes both.

First, "[t]here is a strong public interest in encouraging settlement of complex

litigation and class action suits because they are notoriously difficult and

unpredictable and settlement conserves judicial resources." *Id.* "Settling this

---

[10]  The deadline for Settlement Class Members to object or opt-out is November 17,
2023.  ECF No. 80, PageID.1820. Plaintiffs' Counsel will update the Court after that
date if any objections or requests for exclusion are received.

[14,503]-person class action would further the public interest by providing relief for the entire Class and conserving judicial resources." *Strano*, 2023 WL 119647, at *8.

Second, the "Settlement also serves the public interest by furthering the objectives of the Michigan legislature in enacting the PPPA." *Id.*

Thus, all of the *UAW* factors weigh in favor of approval. Because the settlement on its face is fair, reasonable, and adequate, and not a product of collusion, the Court should grant final approval.

## VI.   THE SETTLEMENT CLASS SHOULD BE FINALLY CERTIFIED

This Court's preliminary approval order conditionally certified a class, for settlement purposes, of: "the 14,503 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing." ECF No. 80, PageID.1819. This Court's preliminary approval order also appointed E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel and Plaintiffs Richard Pratt and Larry Jones as Class Representatives, both for settlement purposes only. *Id.*

In doing so, this Court set forth an extensive analysis of the propriety of certification under Rule 23(a) and Rule 23(b)(3), ECF No. 80, analyzing and approving of the argument discussed in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 79). This Court was correct in conditionally certifying the Class for settlement purposes pursuant to

Rules 23(a) and (b)(3), and nothing has changed to alter the propriety of this Court's certification. This Court should now grant final certification of the Settlement Class.

## VII.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant the Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith.

Dated: October 17, 2023

Respectfully submitted,

By: */s/ E. Powell Miller*
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com

*Class Counsel*

Joseph I. Marchese (P85862)
Philip L. Fraietta (P85228)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
aravindran@hedinhall.com

*Other Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, E. Powell Miller, an attorney, hereby certify that on October 17, 2023, I served the above and foregoing *Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement* on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

*/s/ E. Powell Miller*
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
