UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD PRATT and LARRY JONES,
individually and on behalf of all others
similarly situated,

        Plaintiff,               Case No. 1:21-cv-11404

v.                                     Honorable Thomas L. Ludington
                                       United States District Judge
KSE SPORTSMAN MEDIA, INC., d/b/a
OUTDOOR SPORTSMAN GROUP, INC.

        Defendant.
_____/

**OPINION AND ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES, COSTS, EXPENSES, AND SERVICE AWARDS; AND DISMISSING CASE WITH PREJUDICE**

In this class-action suit, Plaintiffs and Class Representatives Richard Pratt and Larry Jones allege Defendant KSE Sportsman Media, Inc. improperly disclosed personal identification and demographic customer information without consent or notice, in violation of the Michigan Preservation of Personal Privacy Act. After successful settlement negotiations and mediations, the Parties reached a settlement that was preliminarily approved, and the following Settlement Class was certified: "[t]he 14,503 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2015 and July 30, 2016, and thus that have standing." ECF Nos. 79 at PageID.1611–12; 79-2 at PageID.1658; *see also Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2023 WL 5500832, at *2 (E.D. Mich. Aug. 25, 2023).

A final-approval hearing was held on January 4, 2024. Despite notice reaching nearly 99% of the over 14,000 Class Members, *zero* Class members objected to the Settlement Agreement and

*zero* opted-out. As explained below, this Court finds the Settlement is fair, reasonable, and adequate. Accordingly, the Settlement Agreement will be approved, the proposed service awards and attorney's fees and costs will be awarded, final judgment will be entered, and the above-captioned case will be dismissed with prejudice.

**I.**

Defendant KSE Sportsman Media, Inc. is a Colorado corporation with its headquarters and principal place of business in New York, New York. ECF No.1 at PageID.7. Doing business as Outdoor Sportsman Group, Inc., Defendant publishes outdoorsy subscription magazines including *Guns & Ammo*, *Rifleshooter*, *Handguns*, *Firearm News*, *Shooting Times*, *Hunting*, *In-Fisherman*, and *Game & Fish*. *See id.* at PageID.7–8.

On June 15, 2021, Plaintiffs Richard Pratt and Larry Jones—both Michigan citizens and subscribers of Defendant's publications—filed a class-action Complaint against Defendant for alleged violations of the Michigan Preservation of Personal Privacy Act (PPPA).[1] ECF No. 1. In their Complaint, Plaintiffs defined the putative class as "all Michigan residents who, at any point during the relevant pre-July 30, 2016 time period, had their Private Reading Information disclosed to third parties by [Defendant] without consent." *Id.* at PageID.20.

Plaintiffs alleged Defendant violated the PPPA when it, without customer consent or notice, "rented, exchanged, and/or otherwise disclosed detailed information about [subscribers] to data aggregators, data appenders, data cooperatives, and list brokers" which, in turn "disclosed [customer] information to aggressive advertisers, political organizations, and non-profit

---

[1] Plaintiffs' Complaint refers to the statute as the "Michigan Video Rental Privacy Act (VRPA)." ECF No. 1 at PageID.22–25. But, as explained in this Court's February 2022 Order, "the Michigan Supreme Court has referred to [the law] as the Preservation of Personal Privacy Act (PPPA), which will be used herein." ECF No. 24 at PageID.647 n.1; *See also Deacon v. Pandora Media, Inc.*, 885 N.W.2d 628, 629 n.1 (Mich. 2016).

companies." *See id.* at PageID.1–2. Plaintiffs alleged Defendant disclosed both customers' "Private Reading Information"—defined as including full names, publication subscriptions, and home addresses—and demographic information such as age, gender, income, marital status, occupation, and hunting license status. ECF No. 1 at PageID.4, 18. Plaintiffs further alleged Defendant handsomely profited from its unauthorized data disclosure at the expense of customer safety and privacy. *See id.* at PageID.4. Plaintiffs claimed Defendant's disclosure was "dangerous because it allow[ed] for the targeting of particularly vulnerable members of society [and] for the identification of individuals who are likely to possess firearms and the addresses where they reside (and where their guns would be stored)." *Id.* at PageID.5.

In November 2021, Defendant filed a Motion to Dismiss, arguing Plaintiffs' claims were time-barred under a three-year statute of limitations and, alternatively, Plaintiffs lacked Article III standing. ECF No. 17. Three months later, this Court partially granted Defendant's Motion to Dismiss on timeliness grounds, holding that Plaintiff's claims "accruing on or before June 15, 2015" were barred by the applicable statute of limitations but that Plaintiffs had live claims between June 16, 2015 and July 30, 2016. ECF No. 24.

In September 2022, the Parties stipulated to stay the class action pending mediation. *See* ECF No. 59 at PageID.1542 (granting Parties' Stipulated Stay). Through mediation, the Parties agreed on a framework for class-wide resolution, which was memorialized in a term sheet on April 26, 2023. ECF No. 79 at PageID.1611. Since then, the Parties have selected a proposed Settlement Administrator, worked together to finalize the Settlement Class list, and negotiated and finalized a Settlement Agreement (the Agreement). ECF No. 79-2.

The Agreement provides for payments to the members of the Settlement Class (the Class), releases Defendant of claims, describes class-notice procedures in detail, outlines attorney's fees

and class representative service awards, and discusses the appointment of class counsel. *See generally id.* On August 25, 2022, this Court preliminarily approved the Agreement. *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2023 WL 5500832 (E.D. Mich. Aug. 25, 2023)

Class notice was sent as ordered, the time for objections passed, and a final-approval hearing was held on January 4, 2024 to determine whether the Agreement is "fair, reasonable, and adequate" under Civil Rule 23(e)(2). At the hearing, this Court considered the record of the case and the Parties' arguments and authorities regarding the Settlement. For the reasons stated on the record, all the factors found to weigh in favor of the Agreement's fairness at the preliminary approval stage were satisfied again. *See Pratt*, 2023 WL 5500832, at *7–9. Thus, the only remaining issue is whether the sixth settlement-fairness factor from *Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007) [hereinafter *UAW*]—analyzing the reaction of absent Class Members—favors final approval. For reasons explained below, it does.

## II.

The claims of "a class proposed to be certified for purposes of settlement[] may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23(e). After preliminary approval, notice, and time for objections, the proposed settlement may be finally approved "only after a hearing and only on finding that it is fair, reasonable, and adequate" based on the review of seven factors. FED. R. CIV. P. 23(e)(2). The Sixth Circuit provides seven factors relevant to whether a class settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the amount of discovery engaged in by the parties;
> (4) the likelihood of success on the merits;
> (5) the opinions of class counsel and class representatives;
> (6) the reaction of absent class members; and

(7) the public interest.

*UAW*, 497 F.3d at 631.

This Court has already determined that all but the sixth factor have been satisfied. *See Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-CV-11404, 2023 WL 5500832, at *7–10 (E.D. Mich. Aug. 25, 2023) (noting the sixth factor, at the preliminary approval stage, was "neutral because the proposed settlement [was] in the prenotice stage and, at [that] time, no absent class members exist[ed]."). Now that notice has been provided to the Class Members, this Court will address whether the reaction of absent Class Members warrants the final approval of the Agreement.

### III.

The sixth *UAW* factor favors approval. Commendably, no class member opted-out. ECF No. 82 at PageID.2063. This favors final approval. *See In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 997 (N.D. Ohio 2016) (favoring approval if only a small number of class members opt out); *Strano v. Kiplinger Washington Eds., Inc.*, No. 1:21-CV-12987, 2023 WL 6628013, at *2 (E.D. Mich. Oct. 11, 2023) (granting final approval of settlement when "[o]nly five Class Members opted out[.]"). And there were also no objections, which "indicates that the Settlement is fair, reasonable and adequate in a class of this size." *See Hainey v. Parrott*, 617 F. Supp. 2d 668, 675 (S.D. Ohio 2007); *Strano*, 2023 WL 6628013, at *2. In sum, the reaction of absent Class Members weighs in favor of final approval, so the Settlement Agreement and Class Notice satisfy all the relevant factors.

For those reasons, this Court will grant final approval of the Settlement Class, the Settlement Agreement, and the payment of attorney's fees, costs, and expenses of $3,325,000 and

a service award of $1,500 each to Class Representatives Richard Pratt and Larry Jones. *See* ECF Nos. 79 at PageID.1613; 81 at PageID.1822.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, ECF No. 82, is **GRANTED.**

Further, it is **ORDERED** that the Settlement Agreement, ECF Nos. 79-2 at PageID.1648–93, 82-2 at PageID.2097–142, is **APPROVED**.

Further, it is **ORDERED** that the Settlement Agreement, ECF Nos. 79-2 at PageID.1648–93, 82-2 at PageID.2097–142, is **INCORPORATED** into this Final Judgment in full and shall have the full force of an Order of this Court.

Further, it is **ORDERED** that Plaintiffs' Unopposed Motion for Attorney's Fees, Costs, Expenses, and Service Awards, ECF No. 81, is **GRANTED**.

Further, it is **ORDERED** that Plaintiffs and Class Representatives Richard Pratt and Larry Jones are each **AWARDED** $1,500 as a service award for their representation of the Class. Such payment shall be made according to the terms of the Settlement Agreement, ECF Nos. 79-2 at PageID.1648–93, 82-2 at PageID.2097–142.

Further, it is **ORDERED** that Plaintiffs' Counsel are **AWARDED** $3,325,000 in attorney's fees, costs, and expenses. Such payment shall be made according to the terms of the Settlement Agreement, ECF Nos. 79-2 at PageID.1648–93, 82-2 at PageID.2097–142.

Further, it is **ORDERED** that Final Judgment is **ENTERED**.

Further, it is **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

- 7 -

Further, it is **ORDERED** that this Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement. *See* ECF No. 82-6 at PageID.2264–65.

**This is a final order and closes the above-captioned case**.

Dated: January 10, 2024                                      s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                          United States District Judge